

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 AUG -7  PM  2 1

DEPUTY CLERK *aaa*



# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel, | § | |
| and | § | |
| LAWRENCE M. SMITH, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| DAMIEN LAMARC WALLACE | § | |
| A/K/A D. L. WALLACE , INDIVIDUALLY, | § | |
| | § | |
| and | § | **3-13CV3106-D** |
| DEION L. SANDERS, | § | |
| INDIVIDUALLY, | § | |
| and | § | |
| FREDRICK R. MAYS A/K/A F. R. MAYS, | § | |
| INDIVIDUALLY, | § | |
| and | § | |
| CHAZMA JONES A/K/A CHAZMA | § | |
| JONES BROWN, INDIVIDUALLY, | § | |
| and | § | |
| CARL GERALD DORVIL, | § | |
| INDIVIDUALLY, | § | |
| and | § | |
| T. CHRISTOPHER LEWIS, | § | |
| INDIVIDUALLY, | § | |
| and | § | |
| WILLIAM MCKINLEY JACKSON, | § | |
| INDIVIDUALLY, | § | |
| and | § | |
| ERICA WILSON, INDIVIDUALLY, | § | **JURY TRIAL DEMANDED** |
| and | § | |
| CLEVELAND STARR, INDIVIDUALLY | § | |
| and | § | |
| SEAN ALLEN, INDIVIDUALLY, | § | |
| and | § | |
| | § | |
| [Caption continued on following page] | § | |

## ORIGINAL COMPLAINT
## FILED UNDER SEAL

KEVIN JEFFERSON, INDIVIDUALLY,                 §
and                                            §
UPLIFT FORT WORTH, CDC,                         §
INDIVIDUALLY,                                   §
and                                            §
SPORT GROOVE, LLC, INDIVIDUALLY                 §
AND D/B/A PRIME TIME PLAYER                     §
and                                            §
CHARITY CHURCH, INDIVIDUALLY                    §
and                                            §
FULL GOSPEL HOLY TEMPLE,                        §
INDIVIDUALLY,                                   §
and                                            §
HERMAN MURRAY, INDIVIDUALLY,                    §
and                                            §
PINNANCLE COMMERCIAL                            §
PROPERTY GROUP,                                 §
INDIVIDUALLY                                    §
and                                            §
TEXAS EDUCATION AGENCY,                         §
INDIVIDUALLY                                    §
and                                            §
TEXAS STATE AUDITOR'S OFFICE,                   §
INDIVIDUALLY                                    §
and                                            §
ROBERT SCOTT, INDIVIDUALLY,                     §
and                                            §
MARY PERRY, INDIVIDUALLY,                       §
and                                            §
KAREN L. JOHNSON, INDIVIDUALLY,                 §
and                                            §
RICK SALVO, INDIVIDUALLY,                       §
and                                            §
KATHRYN JONES, INDIVIDUALLY,                    §
and                                            §
ARNOLDO ALANIZ, INDIVIDUALLY,                   §
and                                            §
DEBBIE RATCLIFFE, INDIVIDUALLY,                 §
and                                            §
SONYA ETHERIDGE, INDIVIDUALLY,                  §
and                                            §
                                               §
[Caption continued on following page]          §

## ORIGINAL COMPLAINT
## FILED UNDER SEAL

PAUL MORENO, INDIVIDUALLY,          §
and                                 §
TEXAS STATE BOARD OF EDUCATION,     §
INDIVIDUALLY                        §
and                                 §
MAVIS KNIGHT, INDIVIDUALLY,         §
and                                 §
DAVID BRADLEY, INDIVIDUALLY,        §
and                                 §
BARABRA CARGILL, INDIVIDUALLY,      §
and                                 §
CARLOS GARZA, INDIVIDUALLY,         §
and                                 §
STATE SENATOR ROYCE WEST,           §
INDIVIDUALLY,                       §
and                                 §
JANE AND JOHN DOE                   §

## ORIGINAL COMPLAINT
## FILED UNDER SEAL

Plaintiff, The United States of America, ex rel, and Plaintiff-Relator, Lawrence M. Smith, file this complaint under seal against: Damien Lamarc Wallace a/k/a D. L. Wallace , Deion L. Sanders, , Fredrick R. Mays, , Chazma Jones a/k/a Chazma Jones Brown, Carl Gerard Dorvil, T. Christopher Lewis,  William McKinley Jackson, Erica Wilson, Cleveland Starr, Sean Allen, Kevin Jefferson, Uplift Forth, CDC, Sport Groove, LLC, Individually and d/b/a Prime Time Player, Charity Church, Full Gospel Holy Temple, Herman Murray, Prime, Pinnacle Commercial Property Group, Texas Education Agency, Texas State Auditor's Office, Robert Scott, Mary Perry, Karen L. Johnson, Rick Salvo, Kathryn Jones, Arnoldo Alaniz, Debbie Ratcliffe, Sonya Etheridge, Paul Moreno, Texas State Board of Education, Mavis Knight, David Bradley, Barbara Cargill, Carlos Garza, Royce West, Jane and John Doe, hereinafter collectively referred to as "Defendants," and will respectfully show as follows:

## NATURE OF THE CASE

1.      This suit is brought on behalf of the United States of America, ex rel., and, Plaintiff-Relator, Lawrence M. Smith, to redress violations of the False Claims Act 31 U.S.C.  §§ 3729-3730, and to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-33, because Defendants, individually and collectively have:

(a)      knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval;

(b)      knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim; and/or

(c)      conspired to commit violations of subparagraphs: (a) and (b) above,

for the purpose of obtaining payment and approval under the federally funded No Child Left Behind, Public Charter School Start-Up Grant.

2.      Plaintiff-Relator, Lawrence M. Smith, discovered certain facts through previous contacts with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, relative to various business and investment ventures proposed by said defendants, that the representations made to induce Plaintiff-Relator, Lawrence M. Smith, and others to participate in such ventures were less than credible.  During his research relative to those matters, Plaintiff-Relator, Lawrence M. Smith, discovered that:

(a.)      Defendant, Damien Lamarc Wallace a/k/a D.L. Wallace; Defendant, Uplift Fort Worth, CDC; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, had knowingly presented, conspired to present, or caused to be presented, false or fraudulent claims for payment

or approval of applications, and/or knowingly made, conspired to make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim under Title V, Part B of the No Child Left Behind Act, Section 5202, to obtain a Public Charter School Start-Up Grant, as more fully disclosed below at numbered paragraph 46.

(b.)    Defendant, Damien Lamarc Wallace a/k/a, D. L. Wallace, Defendant, Uplift Fort Worth, CDC, Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, had knowingly presented, conspired to present, or caused to be presented, false or fraudulent claims for payment or approval of applications, and/or knowingly made, conspired to make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim to obtain federal funds through a "Start Up Grant under the federally funded No Child Left Behind Act, and received large sums of money through the Texas Education Agency which administered the No Child Left Behind program in Texas, which are more specifically disclosed below in numbered paragraphs: 46. Plaintiff-Relator, Lawrence M. Smith, discovered false or fraudulent statements submitted by both Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, made to induce the Defendant, Texas Education Agency and Defendant, State Board of Education to approve and fund them as a Charter School in the DFW Metroplex area for the year 2011. Also, it is clear that the Texas Education Agency failed to reasonably investigate the credibility of Defendant1 and the respective non-profit organization, and in fact approved the applications of said defendants and funded $600,000.00 to Defendant, Uplift Fort Worth, CDC, for it's start-up

expenses.  Plaintiff-Relator, Lawrence M.  Smith, has discovered that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, leasing agreement and the sales and marketing agreement with Defendant, Pinnacle Commercial Property Group, LLC, and Defendant, Sport Groove, LLC, Individually and d/b/a Prime Time Player, were in fact at the time his own companies.  This information was submitted and signed by Defendant, Fredrick R. Mays a/k/a F.R. Mays, and Defendant, Kevin Jefferson in Sixteen Generation Application as fact.  Further; Defendant, Fredrick R. Mays a/k/a F. R. Mays, was named as the CEO of Defendant, Pinnacle Commercial Property Group, LLC and Defendant, Kevin Jefferson was stated as the CEO of Prime Time Player.

## JURISDICTION AND VENUE

3.     This is a civil action arising under the laws of the United States to redress violations of 31 U.S.C.  §§3729-3730.  This court has jurisdiction over the subject matter of this action: (i) pursuant to 31 U.S.C.  §3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C.  §§3729 and 3730; (ii) pursuant to 28 U.S.C.  §1331, which confers federal subject matter jurisdiction; and (iii) pursuant to 28 U.S.C.  §1345, because the United States is a plaintiff.

4.     This suit is not based upon prior public disclosures of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation or in a Government Accounting Office or Auditor General's report, hearing, audit, or investigation, or from the news media.

To the extent that there has been a public disclosure unknown to Plaintiff-Relator, Lawrence M. Smith, he is an original source pursuant to 31 U.S.C. §3730 (e)( 4). Plaintiff-Relator, Lawrence M. Smith, has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the government before filing a qui tam action based on the information.

5.     Plaintiff-Relator, Lawrence M. Smith, is providing a statement summarizing known material evidence and information related to this Complaint to the Attorney General of the United States and to the United States Attorney for the Northern District of Texas, in accordance with the provisions of 31 US.C. §3730(b)(2). This disclosure statement is supported by material evidence.

6.     This Court has jurisdiction over Defendants under 31 U.S.C. §3732(a) because each entity can be found in, is authorized to transact business in, and is now transacting business in this Judicial District. In addition, acts proscribed by 31 U.S.C. §3729 have occurred in this Judicial District.

7.     Venue is proper in the Northern District of Texas because Defendants conduct business in this Judicial District and, upon information and belief, acts giving rise to this action occurred within this Judicial District.

## PARTIES

8.     The United States of America is the Plaintiff, for whom recovery is sought for false and fraudulent statements, records, and claims submitted by Defendants relative to federally funded government programs, including the No Child Left Behind Act. The Plaintiff-Relator, Lawrence

M. Smith, on behalf of the United States of America, brings this action on behalf of the United States Department of Education.

9.      Plaintiff-Relator, Lawrence M. Smith, is a citizen and resident of the State of Texas, who currently resides at. 2329 Cromwell Drive Arlington, Texas 76018. Plaintiff-Relator, Lawrence M. Smith, brings this action on his own behalf and on behalf of the United States of America pursuant to 31 U.S.C. §3730(b)(1).

10.     Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, who is a resident of Texas, is the President/CEO of both Defendant, Pinnacle Commercial Property Group, LLC and Defendant, Uplift Fort Worth, CDC, and Defendant, Sports Groove, LLC a/k/a Prime Time Player, all of whom have participated in the wrongful conduct which forms a basis for the suit. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , purports to have offices at: 330 East Ann Arbor, Dallas, Texas 75216, and at Uplift Fort Worth, P. O Box 535426, Grand Prairie, Texas 75053, and at 4400 Panola Ave. Fort Worth, Texas 76103, and to reside at 13241 Blue Jean Drive, Haslet, TX 76052.

11.     Defendant, Deion L. Sanders is the Partner/Director of Prime Time Association, which is alleged to be a non-profit organization, and the "business partner" of Defendant, Damian Lamarc Wallace. Defendant, Deion L. Sanders, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Deion L. Sanders, may be served with Summons where he resides at 1280 North Preston Road, Dallas, Texas 75078, or wherever he may be found.

12.     Defendant, Fredrick R. Mays, a/k/a F. R. Mays, is the Pastor at Defendant, Charity Church, located at 4400 Panola Avenue Fort Worth, Texas 76103. Defendant, Fredrick R. Mays, a/k/a F. R. Mays, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and other persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Fredrick R. Mays a/k/a F. R. Mays, a/k/a F. R. Mays, may be served with Summons where he resides at 2019 Molton Court Cedar Hill, Texas 75104, or wherever he may be found.

13.     Defendant, Chazma Jones a/k/a Chazma Jones Brown, was, at times relevant to this suit, a Board Member and Treasurer of Defendant, Uplift Fort Worth, CDC, and Personal Assistant to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace . Defendant, Chazma Jones a/k/a Chazma Jones Brown, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Chazma Jones a/k/a Chazma Jones Brown, may be served with Summons where she resides at 485 Everest Cedar Hill, Texas 75146, or wherever she may be found.

14.     Defendant, Carl Gerald Dorvil, at times relevant to this suit served as a Board Member, Chief Operations Officer and Chairman of Defendant, Uplift Fort Worth, CDC, who participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons associated with Defendant, Uplift Fort Worth, CDC to commit the wrongful conduct which forms the basis of this suit. Defendant, Carl Gerald Dorvil, may be served with Summons where he resides at 3015 Fontana Blvd, Rockwall, Texas 75032, or wherever he may be found.

15.     Defendant, T. Christopher Lewis, at times relevant to this suit served as Chairman of Defendant, Uplift Fort Worth, CDC, who participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons associated with Defendant, Uplift Fort Worth, CDC to commit the wrongful conduct which forms the basis of this suit.  Defendant, T. Christopher Lewis, may be served with Summons where he resides at 6707 Brentwood Stair Road, Suite 630 Fort Worth, Texas 76112 or wherever he may be found.

16.     Defendant, William Jackson McKinley, at times relevant to this suit, was a Board Member and Director of Defendant, Uplift Fort Worth, CDC. Defendant, William Jackson McKinley, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit.  Defendant, William Jackson McKinley, may be served with Summons where he resides at 5500 Canyon Road, Benbrook, Texas 76126-1698, or wherever he may be found.

17.     Defendant, Erica Wilson, at times relevant to this suit, was a Board Member, Director, and Secretary of Defendant, Uplift Fort Worth, CDC.  Defendant, Erica Wilson, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit.  Defendant, Erica Wilson, may be served with Summons where she resides at 2716 Thannish Ave Fort Worth, Texas 76105, or wherever she may be found.

18.     Defendant, Cleveland Starr, at times relevant to this suit, was the Interim Athletic Director for Defendant, Prime Prep Academy.  Defendant, Cleveland Starr, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, Defendant, Deion L. Sanders, and

persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Cleveland Starr, may be served with Summons where he is employed at Prime Prep Academy, 330 E. Ann Arbor Dallas, Texas 75216.

19.   Defendant, Sean Allen, is the Vice-Principal for Prime Prep Academy. Defendant, Sean Allen, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, and persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Sean Allen, may be served with Summons at, 330 E. Ann Arbor Dallas, Texas 75216.

20.   Defendant, Kevin Jefferson, was allegedly the CEO of Defendant, Prime Time Player. Defendant, Kevin Jefferson, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, and persons associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Kevin Jefferson, may be served with Summons at, 330 E. Ann Arbor Dallas, Texas 75216.

21.   Defendant, Uplift Fort Worth, CDC, is a non-profit community development corporation under Section 501 (c). (3), Internal Revenue Code, and a charter school sponsoring agent with Texas Education Agency as to Prime Prep Academy. Defendant, Uplift Fort Worth, CDC, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons and entities to commit the wrongful conduct, which forms the basis of this suit. Defendant, Uplift Fort Worth, CDC, may be served with Summons by serving its Executive Director, Damien L. Wallace, at Prime Prep Academy, 330 Ann Arbor, Dallas, Texas 75216, or Prime Prep Academy, 4400 Panola Ave., Fort Worth, Texas 76103, or by Certified Mail, Return Receipt Requested at

P. O Box 535426 Grand Prairie, Texas 75053, or where he resides at 13241 Blue Jean Drive, Haslet, TX 76052, or wherever he may be found.

22.     Defendant, Sport Groove, LLC, and D/B/A Prime Time Player is a Limited Liability Company based in Texas. Defendant, Sport Groove, LLC, and D/B/A Prime Time Player participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and other persons associated with Defendant, Uplift Fort Worth, CDC to commit the wrongful conduct which forms the basis of this suit. Defendant, Sport Groove, LLC, and D/B/A Prime Time Player may be served with Summons by serving a Manager of said company, Damien Lamarc Wallace a/k/a D. L. Wallace, at either Prime Prep Academy, 330 Ann Arbor, Dallas, Texas 75216, or Prime Prep Academy, 4400 Panola Ave., Fort Worth, Texas 76103, or by Certified Mail, Return Receipt Requested at P. O Box 535426 Grand Prairie, Texas 75053, or where he resides at 13241 Blue Jean Drive, Haslet, TX 76052, or wherever he may be found.

23.     Defendant, Charity Church, owns the church facility where Prime Prep Academy, grades Kindergarten through 5th grade, is located at 4400 Panola Ave., Fort Worth, Texas 76103. Defendant, Charity Church, as a functioning non-profit organization has participated with other persons and entities including Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, to commit the wrongful conduct which forms the basis of this suit. Defendant, Charity Church, can be served with Summons by serving its Pastor; Defendant Fredrick R. Mays, a/k/a F. R. Mays, at Charity Church, at 4400 Panola Ave, Fort Worth, Texas 76103, or at his residence located at 2019 Molton Court Cedar Hill, Texas 75104, or wherever he may be found.

24.    Defendant, Full Gospel Holy Temple, owns the church facility where Prime Prep Academy, Junior High School 6th through 8th grades and High School 9th through 12th grade, is located at 330 East Ann Arbor, Dallas, Texas 75216.  Defendant, Full Gospel Holy Temple, as a functioning non-profit organization has participated with other persons and entities including Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit.  Defendant, Full Gospel Holy Temple, can be served with Summons by serving Defendant, Herman Murray, at 39727 LBJ Freeway I-20 W, Dallas, TX 75237 or wherever he may be found.

25.    Defendant, Herman Murray, serve as the Bishop for Defendant, Full Gospel Holy Temple Church.  Defendant, Herman Murray, participated with Defendant, Damian Lamarc Wallace; Defendant, Deion L. Sanders and Defendant, Uplift Fort Worth, to commit the wrongful conduct which forms the basis of this suit.  Defendant, Herman Murray, can be served with Summons, at 39727 LBJ Freeway I-20 W, Dallas, TX 75237 or wherever he may be found.

26.    Defendant, Pinnacle Commercial Property Group LLC, previously d/b/a Pinnacle Commercial Property Group, is a Limited Liability Company based in Texas.  Defendant, Pinnacle Commercial Property Group LLC and d/b/a Pinnacle Commercial Property Group, as a functioning legal entity participated with Defendant, Damian Lamarc Wallace; Defendant, Fredrick R. Mays, and other persons and entities associated with Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit.  Defendant, Pinnacle Commercial Property Group LLC and d/b/a Pinnacle Commercial Property Group, may be served with process by serving a Manager of said company, Damien Lamarc Wallace a/k/a D. L. Wallace, at either Prime Prep Academy, 330 Ann Arbor, Dallas, Texas 75216, or Prime Prep

Academy, 4400 Panola Ave., Fort Worth, Texas 76103, or by Certified Mail, Return Receipt Requested at P. O. Box 535426 Grand Prairie, Texas 75053, or where he resides at 13241 Blue Jean Drive, Haslet, TX 76052, or wherever he may be found.

27.     Defendant, Texas Education Agency is an agency of the State of Texas.  Defendant, Texas Education Agency, participated with Defendant, Damian Lamarc Wallace; Defendant, Deion L. Sanders, and Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit.  Defendant, Texas Education Agency can be served with Summons by serving its Commissioner, Michael L. Williams, at his office at The Texas Education Agency, 1701 N. Congress, Austin, Texas 78701.

28.     Defendant, Texas State Auditor's Office is an agency of the State of Texas.  Defendant, Texas Education Agency, participated with Defendant, Texas Education Agency; Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Texas State Auditor's Office can be served with Summons by serving its State Auditor, John Keel, at his office at The Texas Education Agency, 1501 N.  Congress, Austin, Texas 78701.

29.     Defendant, Robert Scott, is the former Commissioner for Defendant, Texas Education Agency.   Defendant, Robert Scott, participated with Defendant, Damian Lamarc Wallace; Defendant, Deion L. Sanders; Defendant, Mary Perry; Defendant, Karen L. Johnson, and other persons and entities to commit the wrongful conduct which forms the basis of this suit. Defendant, Robert Scott, can be served with Summons at his present employment at law firm of Beatty Bangle and Strama, 400 West 15th Street, Suite 1450, Austin, Texas 78701.

30.     Defendant, Mary Perry, is the former Director of Charter School Administration for Defendant, Texas Education Agency.  Defendant, Mary Perry, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Chazma Jones ak/a Chazma Jones Brown; Defendant, Former Commissioner, Robert Scott; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Paul Moreno; Defendant, Sonya Etheridge and Defendant, Texas Education Agency, and others persons to commit the wrongful conduct which forms the basis of this suit.  Defendant, Mary Perry, can be served with Summons at the Arkansas Department of Education, Four Capitol Mall Room 304B, Little Rock, Arkansas 72201.

31.     Defendant, Karen L. Johnson, is the Assistant Legal Counsel for Defendant, Texas Education Agency.  Defendant, Karen L. Johnson participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Mary Perry; Defendant, Robert Scott, and Defendant, Texas Education Agency and others to commit the wrongful conduct which forms the basis of this suit.  Defendant, Karen L. Johnson, can be served with Summons at the Texas Education Agency, 1701 N. Congress, Austin, Texas 78701

32.     Defendant, Rick Salvo, works in the Division of Charter School Administration for Defendant, Texas Education Agency.  Defendant, Rick Salvo participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Karen L. Johnson; Defendant, Mary Perry; Defendant, Robert Scott, and Defendant, Texas Education Agency and others to commit the wrongful conduct which forms the basis of this suit. Defendant, Rick Salvo, can be served with Summons at the Texas Education Agency, 1701 N. Congress, Austin, Texas 78701.

33.     Defendant, Kathryn Jones, is a Program Specialist in the Division of Charter School Administration for Defendant, Texas Education Agency.  Defendant, Kathryn Jones, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Karen L. Johnson; Defendant, Mary Perry; Defendant, Robert Scott, and Defendant, Texas Education Agency and others to commit the wrongful conduct which forms the basis of this suit.  Defendant, Kathryn Jones, can be served with Summons at the Texas Education Agency, 1701 N.  Congress Austin, Texas 78701

34.     Defendant, Arnoldo Alaniz, is the Assistant Director in the Division Charter School Administration for Defendant, Texas Education Agency.   Defendant, Arnoldo Alaniz, participated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Karen L. Johnson; Defendant, Mary Perry; Defendant, Robert Scott, and Defendant, Texas Education Agency, and others to commit the wrongful conduct which forms the basis of this suit.  Defendant, Arnoldo Alaniz, can be served with Summons at the Texas Education Agency, 1701 N.  Congress, Austin, Texas 78701

35.     Defendant, Debbie Ratcliffe, is a Spokeswoman for, Texas Education Agency.  Defendant, Debbie Ratcliffe, participated with Defendant, Texas Education Agency and others to commit the wrongful conduct which forms the basis of this suit.  Defendant, Debbie Ratcliffe, can be served with Summons at the Texas Education Agency, 1701 N.  Congress, Austin, Texas 78701

36.     Defendant, Sonya Etheridge, is the former Director for the Division of Financial Audit now the Division of Financial Compliance for Defendant, Texas Education Agency.  Defendant, Sonya Etheridge, participated with Defendant, Texas Education Agency and others to commit the wrongful conduct which forms the basis of this suit.  Defendant, Sonya Etheridge, can be

served with Summons at the Department of Veterans Affairs, 7600 Metropolis Drive, Austin, Texas 78744.

37.    Defendant, Paul Moreno, is an Auditor with the Division of Financial Audit, now the Division of Financial Compliance for Defendant, Texas Education Agency. Defendant, Paul Moreno, participated with Defendant, Texas Education Agency, and others to commit the wrongful conduct which forms the basis of this suit. Defendant, Paul Moreno, can be served with Summons at the Texas Education Agency, 1701 N. Congress, Austin, Texas 78701

38.    Defendant, Texas State Board of Education is an elected 15 member board, along with the Commissioner of Education that oversees the public education system of Texas in accordance with the Texas Education Code. Defendant, Texas State Board of Education, participated with Defendant, Damian Lamarc Wallace; Defendant, Deion L. Sanders, and Defendant, Uplift Fort Worth, CDC, to commit the wrongful conduct which forms the basis of this suit. Defendant, Texas State Board of Education can be served with Summons by serving its, Chairwoman; Defendant, Barbara Cargill at his office at The Texas Education Agency, 1701 N. Congress, Austin, Texas 78701.

39.    Defendant, Mavis Knight, is the Texas State Board of Education Member for District 13. Defendant, Mavis Knight, participated with Defendant, Damien L. Wallace; Defendant, Deion L. Sanders, and others to commit the wrongful conduct which forms the basis of this suit. Defendant, Mavis Knight can be served with a Summons where she resides at 6108 Red Bird Court Dallas, Texas 75232.

40.    Defendant, David Bradley, is a Texas State Board of Education Member for District 7. Defendant, David Bradley participated with Defendant, Damien L. Wallace; Defendant, Deion L. Sanders, and others to commit the wrongful conduct which forms the basis of this suit.

Defendant, David Bradley can be served with a Summons where he resides at 2165 North Street, Beaumont, Texas 77701.

41.     Defendant, Barbara Cargill, is a Chairwoman for the Texas State Board of Education Member for District 8. Defendant, Barbara Cargill participated with Defendant, Damien L. Wallace; Defendant, Deion L. Sanders, to commit the wrongful conduct which forms the basis of this suit. Defendant, Barbara Cargill, can be served with Summons at the Texas Education Agency, 1701 N. Congress, Austin, Texas 78701

42.     Defendant, Carlos Garza, is a former member with the Texas State Board of Education Member for District 1 and currently the Principle at Prime Prep Academy. Defendant, Carlos Garza participated with Defendant, Damien L. Wallace; Defendant, Deion L. Sanders, to commit the wrongful conduct which forms the basis of this suit. Defendant, Carlos Garza, can be served with Summons at Prime Prep Academy, 330 Ann Arbor, Dallas, Texas 75216, or Prime Prep Academy, 4400 Panola Ave., Fort Worth, Texas 76103

43.     Defendant, Royce West, is a State Senator for the State of Texas. Defendant, Royce West, participated with Defendant, Damian Lamarc Wallace; Defendant, Deion L. Sanders; Defendant, Robert Scott, and other persons and entities to commit the wrongful conduct which forms the basis of this suit. Defendant, Royce West, can be served with Summons at his Dallas, Texas offices at 5787 S. Hampton Road, Suite 385 Dallas, TX 75232 or at 2612 Main Street Suite 100, Dallas, TX 75226 or Texas State Capitol Office at 1100 Congress Ave, Austin, Texas 78701.

44.     Defendants, Jane Doe and John Doe are persons or entities whose identities are unknown to Plaintiffs at this time who were associated other Defendants relative to the federally funded No Child Lift Behind Act administered by the Texas Education Agency, and who were involved



in the false, misleading, and fraudulent claims, statements, records and documents which form the basis of this suit.

## THE FALSE CLAIMS ACT

45.     The False Claims Act, 31 U.S.C.  §§ 3729 to 3733, provides, in pertinent part, that: Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; or (7) knowingly makes, uses or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to payer transmit money or property to the Government, is liable to the United State Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person ...  (b) For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.  31 U.S.C.§ 3729.

## COUNT 1
## NO CHILD LEFT BEHIND

46.     The No Child Left Behind Act is federally mandated and funded pursuant to PL 107-100, Title V, Part B, Subpart 1, NCLB, and state mandated and funded pursuant of Title 2, Chapter 12, Section 12.106, Texas Education Code.  NCLB supports standards-based education reform on the premise that setting high standards and establishing measurable goals can improve

individual outcomes in education. The Act requires states to develop assessments in basic skills. States must give these assessments to all students at select grade levels in order to receive federal school funding. The Act does not assert a national achievement standard; standards are set by each individual state. The No Child Left Behind Act expanded the federal role in public education through annual testing, annual academic progress, report cards, teacher qualifications, and funding changes.

**FALSE AND FRAUDULENT RECORDS AND STATEMENTS MADE BY DEFENDANT UPLIFT FORT WORTH, CDC; DEFENDANT, DAMIEN LAMARC WALLACE; DEFENDANT, DEION L. SANDERS; DEFENDANT, FEDERICK R. MAYS; DEFENDANT, CHAZMA JONES; AND DEFENEANT,KEVIN JEFFERSON, RELATIVE TO THE 2011 TEXAS EDUCATION AGENCY 16 GENERATION "NO CHILD LEFT BEHIND" CHARTER SCHOOL APPLICATION**

47.    Plaintiff-Relator will show that on or about January 18, 2011; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Fredrick R. Mays; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Carl Gerard Dorvil; Defendant, T. Christopher Lewis; Defendant, William McKinley Jackson; Defendant, Erica Wilson; Defendant, Cleveland Starr; Defendant, Kevin Jefferson; Defendant; Defendant, Sean Allen, Uplift Forth, CDC; Defendant, Sport Groove, LLC, Individually and d/b/a Prime Time Player; Defendant, Charity Church; Defendant, Full Gospel Holy Temple; Defendant, Herman Murray,; Defendant, Pinnacle Commercial Property Group; Defendant, Texas Education Agency; Defendant, Texas State Auditor's Office; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant, Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno; Defendant, Texas State Board of Education; Defendant, Mavis Knight; Defendant, David Bradley; Defendant, Barbara Cargill; Defendant, Carlos Garza; Defendant, Royce West have jointly and severally committed acts and omissions that contributed to and

resulted in the making of false and fraudulent statements and claims to obtain federal grant funds through the Defendant, Texas Education Agency, by applying for said funding through Defendant, Uplift Fort Worth, CDC, which are falsely represented to be a nonprofit entity. The false and fraudulent statements and claims that were ultimately documented and made by said defendants through Defendant, Uplift Fort Worth, CDC, during the time period beginning on or about January 18, 2011, through January 11, 2012 The said false and fraudulent statements and claims were made by said defendants for the purpose of obtaining federal grant funds. Said false and fraudulent statements and claims include, but are not limited to, the following:

## PRIME PREP ACADEMY CHARTER SCHOOL APPLICATION
### Sixteenth Generation Charter School

48. Page 1. The Application Coversheet: Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Chazma Jones a\k\a Chazma Jones Brown list P.O Box 535426, Grand Prairie TX 76052 and 4400 Panola Ave Forth Worth, Texas 76103 as the addresses for Defendant, Uplift Fort Worth, CDC and Defendant, Charity Church. In fact, the records filed with Texas Secretary of State indicate that the address of Defendant, Uplift Fort Worth, CDC is 4000 Berry Street, Fort Worth, Texas 76105-4952, which is actually the address of Samaria Baptist Church. The, P.O Box 535426, Grand Prairie TX 76052 and 4400 Panola Ave Forth Worth, Texas 76103, are addresses previously used in other for-profit schemes and endeavors to the detriment of private investors, as well as federal, state, and municipal governments. In its Sixteenth Generation Charter School Application; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, listed 4400 Panola Ave., Fort Worth, TX 76103 as the address of the only campus

proposed for Prime Prep Academy. During the interview process on August 30, 2011, in response to contingency questions posed by Defendant, Texas Education Agency, a second proposed campus for Prime Prep Academy, located at 330 East Ann Arbor, Dallas, Texas 75216, was approved by Defendant, Texas Education Agency. Charity Church has participated in charity giveaways in the past. Defendant, Fredrick R. Mays a/k/a F. R. Mays, refers to himself as Bishop F.R. Mays, and serves as the leader of the Church, but is not regularly on site. Such schemes and endeavors include:

a.  PrimeTimePlayer Pages, which was a high school athlete "exposure" marketing scheme primarily developed and instigated by Defendant, Damian Lamarc Wallace; Defendant, Deion L. Sanders, and Defendant, Kevin Jefferson, in which said defendants failed to perform as provided to the detriment of numerous high school athletes and their families as well as numerous private investors in the venture.

b.  A "Revenue Sharing" investment scheme developed and proposed by Defendant, Damian Lamarc Wallace a/k/a D. L. Wallace ,; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Pinnacle Commercial Property Group, promising a seven (7) fold return on the investment in three (3) years, to be derived from the sharing of funds expected to be received relative to a previous Charter School endeavor attempted through the University of North Texas in concert with Defendant, Royce West, and Defendant, Robert Scott.

c.  The Summer Food Service Program, funded by the United States Department of Agriculture, and administered by the Texas Department of Agriculture, in which Defendant, Uplift Fort Worth, CDC and Defendant, Damian Lamarc Wallace; Defendant, Deion L. Sanders; Defendant, Fredrick R. Mays a/k/a F. R. Mays; and Defendant, Chazma Jones a/k/a Chazma Jones Brown, conspired to present, and did make and submit, false statements and claims for

payment of federal and state funds. Defendant, Deion L. Sanders has also promoted further endeavors relative to the Summer Food Service Program in Texas through one of his web sites, www.feedmeprimeraffle.com, prior to January 15, 2013, which is the date Summer Food Service Program applications become available for the 2013 Summer Food Service Program.

      d.     The Weed and Seed Program, which is a federally mandated and funded program, administered through the United States Department of Justice, Office of Justice Programs. Defendant, Damian Lamarc Wallace a/k/a D. L. Wallace; Defendant, Fredrick R. Mays a/k/a F. R. Mays; and Defendant, Chazma Jones a/k/a Chazma Jones Brown, conspired to present, and did make and submit, false statements and claims for payment of federal and municipal funds.

49.     The address, 4400 Panola Avenue, Fort Worth, Texas 76103, is the location of property owned by Defendant, Charity Church. Defendant, Charity Church, does not hold regular services, does not have a telephone or fax on the property, but still holds itself out to the public as an active church. Defendant, Charity Church, has participated in charitable giveaways in the past, in conjunction with promotions relating to for-profit schemes and endeavors of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown, and Defendant, Deion L. Sanders. Defendant, Fredrick R. Mays a/k/a F. R. Mays, refers to himself as Bishop F.R. Mays, and serves as the lender of the Charity Church, but is not regularly on site.

50.     Plaintiff-Relator sent numerous informative emails and documentation regarding his concerns about the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to Defendant, Karen L. Johnson; Defendant,

Mary Perry; and Defendant, Robert Scott, specifically highlighting the various false statements made by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, advising and alerting Defendant, Texas Education Agency, of the facts stated in numbered paragraphs: 51(b), 69, 90, 103, 104, 116, 139, 141, 143, 162.  More specifically, Plaintiff-Relator sent emails and/or documentations to several defendants and other persons on dates as follows:

| Date: | Email Recipient | Documentation |
|---|---|---|
| September 2, 2011 | Jay Oman joman@ssb.state.tx.us | N/A |
| October 5, 2011 | Patrick saosiu@sao.state.tx.us | N/A |
| October 12, 2011 | Lawrence Smith Smithkingl@yahoo.com | N/A |
| October 13, 2011 | Lawrence Smith Smithking1@yahoo.co | Commissioner/Designee or Attendance Request Form.  Email from Paula Myers with the Texas Education Agency |
| October 18, 2011 | Paula Myers paula.myers@tea.state.tx.us | Completed Commissioner/Designee or Attendance Request Form |
| October 20, 2011 | Lawrence Smith Smithking1@yahoo.com | Letter from Texas Education Agency Assistant Counsel Karen L. Johnson |
| October 20, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us | Uplift Fort Worth Webpage Info |
| October 22, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us  Jay Oman joman@ssb.state.tx.us  Commissioner Robert Scott | Pictures of Uplift Fort Worth Dallas Location. Pictures of Universal Church supposed location in Newark, New Jersey. |

| Date: | Email Recipient | Documentation |
|---|---|---|
| | commissioner@tea.state.tx.us | |
| October 26, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us | Uplift Fort Worth website info, Return mail from Damien Lamarc Wallace resident and postal address, Preferred Stock Agreement, Prime Time Player Pages, Letters from supposedly sponsors, Prime Time Player website info, Estimated Revenue/Investment Returns chart from Damien Lamarc Wallace a/k/a D. L. Wallace , Email from Chazma Jones with Revenue Sharing deposit agreement, Prime Time Study Hall web info, |
| October 27, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us | Damien Lamarc Wallace website Bio, Assumed Name Info |
| October 28, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us Commissioner Robert Scott commissioner@tea.state.tx.us | N/A |

| Date: | Email Recipient | Documentation |
|-------|-----------------|---------------|
| November 2, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | Fredrick R. Mays property and pictures Info, Processor Info, Universal Church pictures in Newark, New Jersey |
| November 4, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | Texas State Auditor's Office Fraud Complaint |
| November 7, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | Pictures of Processor serving Fredrick R. Mays property |
| November 9, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | N/A |

| Date: | Email Recipient | Documentation |
|---|---|---|
| November 11, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | N/A |
| November 12, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | DFTWBC, LLC Investors info, Assumed name info |
| November 14, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | DFTWBC, LLC Investors info |
| November 17, 2011 | Assistant Counsel Karen L. Johnson<br>tealegal@tea.state.tx.us<br><br>Mary Perry<br>Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott<br>commissioner@tea.state.tx.us | Complaint letter from Texas Attorney General Office. |

| Date: | Email Recipient | Documentation |
|---|---|---|
| November 20, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us | N/A |
| November 21, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us | N/A |
| November 23, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us | N/A |
| December 7, 2011 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us | N/A |

| Date: | Email Recipient | Documentation |
|---|---|---|
| January 25, 2012 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us<br><br>sboesupport@tea.state.tx.us | Civil Petition info, U.S. Postal Inspection Service Mail Fraud Report |
| February 7, 2012 | Assistant Counsel Karen L. Johnson tealegal@tea.state.tx.us<br><br>Mary Perry Mary.perry@tea.state.tx.us<br><br>Commissioner Robert Scott commissioner@tea.state.tx.us<br><br>sboesupport@tea.state.tx.us<br><br>Brent Wilson Brent.wilson@lifeschool.net | 330 E. Ann Arbor Dallas, Texas Appraisal District Info, Uplift Fort Worth website info, Prime Prep Academy website info, Prime Prep Academy contingency info |
| January 27, 2012 | SBOE Board Member District 13 Mavis Knight mavbknight@aol.com | N/A |
| January 29, 2012 | Lawrence Smith smithking1@yahoo.com | N/A |
| January 29, 2012 | SBOE Board Member District 13 Mavis Knight mavbknight@aol.com | N/A |
| March 12, 2012 | Lawrence Smith smithkingl@yahoo.com | N/A |
| March 13, 2012 | SBOE Board Member District 13 Mavis Knight mavbknight@aol.com | N/A |

| Date: | Email Recipient | Documentation |
|---|---|---|
| March 13, 2012- | Lawrence Smith smithking1@yahoo.com | N/A |
| March 14, 2012 | SBOE Board Member District 13 Mavis Knight mavbknight@aol.com | N/A |
| March 14, 2012 | Lawrence Smith Smithking1@yahoo.com | N/A |

51.    Notwithstanding the above information; Defendant, Texas Education Agency, failed to properly and reasonably vet the information provided by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, regarding the Prime Prep Academy location at 330 East Ann Arbor, Dallas, Texas 75216, and ultimately approved Defendant, Uplift Forth Worth, CDC's, application to establish Prime Prep Academy on or about December 8, 2011, was stamped "APPROVED DURING CONTINGENCY PROCESS," without reasonable investigation.   Prior to approval; Defendant, Texas Education Agency, did impose certain contingency requirements and questions, relative to Page 1 - The Application Cover Sheet, completed by Defendant, Uplift Fort Worth, CDC, and its representatives, including Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Chazma Jones a/k/a Chazma Jones Brown, by requiring said defendants to answer questions, which resulted in amendments to the application coversheet, which were ultimately merged into the Sixteenth Generation Charter School Application by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity

Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, as exhibits and extra pages which contained false statements and claims as follows:

Texas Education Agency's Contingency Question:

"Explain the relationship to Life School Oak Cliff, as this currently active charter is located at 330 E. Ann Arbor, Dallas, 75216, the same address provided for the Dallas Prime Prep Academy location."

Defendants' Answer (page entitled "Number of Sites)

"Prime Prep Academy/Uplift Fort Worth has no relationship with Life School, Life School is currently renting the property at 330 E. Ann Arbor, the lease is up at the end of the school year. Life School has decided not renews the lease."

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; and Defendant, Chazma Jones a/k/a Chazma Jones Brown's, false statements and deception relative to this question were as follows:

(a)     Contrary to his answer quoted above, on page 84 of the 16 Generation Application, Question 9 Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, acknowledges and asserts that he did, in fact, have a relationship with Life School as a charter school consultant.

(b)     Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, failed to acknowledge and disclose that his company Defendant, Pinnacle Commercial Property Group LLC, was leasing the property at 330 East Ann Arbor, Dallas, Texas to Life School of Dallas as the agent of Defendant, Full Gospel Holy Temple, and he and his company; Defendant, Pinnacle Commercial Property Group LLC, therefore, had a landlord/tenant relationship at the time with Life School of Dallas.   During the period from August 1, 2010 through June 12, 2012,

Defendant, Texas Education Agency, knew about such activities at the time of approval of the Sixteenth Generation Charter School Application because Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, was unsuccessfully attempting to use the same scheme, involving Defendant, Pinnacle Commercial Property Group, LLC, relative to the Prime Prep Academy Fort Worth location.   Also, on October 26, 2011, Plaintiff-Relator had notified Defendant, Texas Education Agency, through email forwarded to Defendant, Karen L. Johnson; Defendant, Mary Perry; Defendant, Commissioner Robert Scott, of the false statements, deception, and conflicts of interest and "Leasing Agreement" scheme conceived and perpetrated by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; and Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Fredrick R. Mays a/k/a F. R. Mays; and Defendant, Pinnacle Commercial Property Group LLC.   Defendant, Damien Lamarc Wallace a/k/a knew this was an unacceptable scheme because on February 22, 2011, seven (7) months prior to his submission of his Sixteen Generation Charter School Application to Defendant, Texas Education Agency; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace , in the representative capacity of "Project Manager" for Defendant, Pinnacle Commercial Property Group, LLC (Landlord) and Defendant, Full Gospel Holy Temple (owner) signed a leasing agreement with Life School of Dallas (Sublessor) to utilize the facility located at 330 E. Ann Arbor Ave. Dallas, Texas 75236.   Defendant, Texas Education Agency eventually disallowed the "Leasing Agreement" scheme, but took no apparent notice of the lack of integrity of Defendant, Damian Lamarc Wallace a/k/a D. L. Wallace , and approved the application. Further; Defendant, Damian Lamarc Wallace a/k/a D. L. Wallace , was publicly and officially known as the representative of Defendant, Pinnacle Commercial Property Group, beginning on September 17 , 2009, when he registered that assumed name in Tarrant County, Texas, and

continuing on and after September 30, 2009, when he created Pinnacle Commercial Property Group, LLC in the State of Delaware, and on and after November 30, 2009, when he registered Pinnacle Commercial Property Grup, LLC to do business in the State of Texas. Only when his conflicts of interest were discovered, did he attempt to conceal his interest in Pinnacle commercial Property Group LLC, by removing his name as "Governing Person" in the public records. However, he remains the Chief Executive Officer of Defendant, Pinnacle Commercial Property Group LLC. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, began soliciting Plaintiff-Relator as an investor in a proposed "Revenue Sharing Agreement" with Pinnacle Commercial Property Group on August 31, 2009, which was prior to either the assumed name registration or the formation of Pinnacle Commercial Property Group, LLC, as further described in numbered paragraphs: 65 and 143 below.

(c)     Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Deion L. Sanders; and Defendant, Full Gospel Holy Temple, represented, to Defendant, Texas Education Agency, to Defendant, Mavis Knight, to the United States Department of Education, and to the public, that Defendant, Deion L. Sanders, and Defendant, Uplift Forth Worth, CDC, CDC, owned the real property located at 330 East Ann Arbor, Dallas, Texas 75216, and the property located at 4400 Panola, Fort Worth, Texas 76103. In fact, neither Defendant, Deion L. Sanders, nor Defendant, Uplift Fort Worth, CDC, have ever owned the property located at 4400 Panola, Fort Worth, Texas 76103, as is explained in more detail in number paragraph 51(c). According to the Dallas County Deed Records; Defendant, Uplift Fort Worth, CDC, held record title the property located at 330 East Ann Arbor, Dallas, Texas 75216 from February 10, 2011, when it was purportedly conveyed to Defendant, Uplift Fort Worth, CDC, from Defendant, Full Gospel Holy

Temple, until July 20, 2011, when it was conveyed back to Defendant, Full Gospel Holy Temple, by Defendant, Uplift Forth Worth, CDC. The General Warranty Deed dated February 10, 2011, was actually signed by Defendant, Full Gospel Holy Temple, on February 27, 2011, and by Defendant, Uplift Fort Worth, CDC on March 3, 2011, which is the same date it was filed of record. The consideration recited in that deed was "TEN AND NO/00 DOLLARS ($10.00)." Three weeks later, on March 24, 2011; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; and Defendant, Full Gospel Holy Temple, filed a General Warranty Deed with Vendor's Lien Correction to Dallas County Instrument No. 20-1100057334, which was signed by Defendant, Full Gospel Holy Temple only, with a promissory Note, dated in the document February 10, 2011, and signed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, on behalf of Defendant, Uplift Fort Worth, CDC, and Defendant, Full Gospel Holy Temple, without dates of signature. The General Warranty Deed dated July 20, 2011, conveying the property back to Defendant, Full Gospel Holy Temple, was actually signed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, on behalf of Defendant, Uplift Fort Worth, CDC, and Defendant, Full Gospel Holy Temple, on August 4, 2011, and filed in the Dallas County Deed Records on August 5, 2011. On August 1, 2011; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , on behalf of Defendant, Uplift Fort Worth, CDC, and Defendant, Full Gospel Holy Temple, and Defendant, Pinnacle Commercial Property Group, LLC, were fraudulent in inducing Life School to enter into a leasing agreement regarding the premises located at 330 East Ann Arbor, Dallas, Texas, by misrepresenting that the said real property was owned by Defendant, Full Gospel Holy Temple, at that time., because at that time the subject real property was owned by Defendant, Uplift Forth CDC, and was not conveyed back to Defendant, Full Gospel Holy Temple, until August 4, 2011. Defendant, Damien Lamarc

Wallace (Project Manager) acting on the behalf of Defendant, Pinnacle Commercial Property Group, LLC (Landlord) and Defendant, Full Gospel Holy Temple (owner) signed a leasing agreement with Life School of Dallas (Sublessor) to utilize the facility located at 330 E. Ann Arbor Ave. Dallas, Texas 75236. In fact, on August 1, 2011, the property located at 330 Ann Arbor Avenue, Dallas, Texas was owned by Defendant, Uplift Fort Worth and not Defendant, Full Gospel Holy Temple. These transfers were part of a scheme perpetrated by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , on behalf of Defendant, Uplift Fort Worth, CDC, and Defendant, Full Gospel Holy Temple, to deceive Defendant, Texas Education Agency; Defendant, Texas State Board of Education; Defendant, Mavis Knight, and the United States Department of Education, and the public,. The first General Warranty Deed, was dated February 10, 2011, just 12 days prior to the date of the Sixteenth Generation Charter School Application, signed on February 22, 2011, by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; and Defendant, Chazma Jones a/k/a Chazma Jones Brown. The General Warranty Deeds mentioned herein were drafted by Defendant, T. Christopher Lewis, who was the attorney of record for Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and others, in prior litigation filed by Plaintiff-Plaintiff-Relator and other plaintiffs. On July 26, 2011; Defendant, T. Christopher Lewis, was removed as attorney of record for Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Deion L. Sanders, under threats of legal malpractice be voiced by new defense counseL. Now, Defendant, T. Christopher Lewis, is the Chairman of Prime Prep Academy. On or about August 30, 2011, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Carl Gerald Dorvil, and other representatives of Defendant, Uplift Fort Worth, CDC: Dinah Marks, Courtney Barksdale Perez (an attorney). Appeared before Defendant, Texas State

Board of Education, to participate in "Generation 16 Charter Interviews. On that occasion, various members of the Defendant, Texas State Board of Education, questioned said representatives of Defendant, Uplift Fort Worth, CDC, about questionable information in the application, including but not limited to: a. Discrepancies in the assets and liabilities included in the application, to which the representative responded that the "oversights have been corrected;" b. the lack of disclosure of the teacher's salaries, to which the representative responded that the salaries would be comparable to Dallas ISD salaries: c. , clarifications of the "Organizational Chart," to which the representative responded that the "the errors will be corrected;" d. about the "$100,000,00 loan from Defendant, Pinnacle Commercial Property Group, LLC," to which the representative falsely stated the questioned loan "was now a grant and that since the time the budget was submitted, the sponsoring entity now owns the building" and that the church which had occupied the building "...will be moving, and the school will be the sole occupant." The answers provided by the representatives of Defendant, Uplift Fort Worth, CDC, were either vague and non-informative or false; however, there were essentially no follow-up questions propounded by Defendant, Texas State Board of Education. On or about September 15, 2011, in a "one on one" meeting with Defendant, Mavis Knight, who is a Texas State Board of Education Board Member for District 13; Defendant, Deion L. Sanders; Defendant, Uplift Fort Worth, CDC Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Fredrick R. Mays a/k/a, and Defendant, Chazma Jones a/k/a Chazma Jones Brown, intentionally mislead and deceived Defendant, Texas Education Agency; Defendant, Texas State Board of Education: Defendant, Mavis Knight, the United States Department of Education, and the public, by falsely alleging that Defendant, Deion L. Sanders, owned both the property located at 330 Ann Arbor, Dallas, Texas 75216, and the property located at 4400 Panola, Fort Worth, Texas 76103, when

they knew that none of the said defendants owned either of the properties at the time the representation of ownership was made. The property located at 330 Ann Arbor, Dallas, Texas 75216, had been conveyed back to Defendant, Full Gospel Holy Temple on August 4, 2011. On September 16, 2011, specifically relying on the representations made by said Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,; Defendant, Mavis Knight, voted to approve the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, and Defendant, Chazma Jones a/k/a Chazma Jones Brown. The Prime Prep Academy location at 330 Ann Arbor, Dallas, Texas 76216 is in District 13, and Defendant, Mavis Knight's, statements prior to the vote of the Commission on School Initiative acknowledging the falsely represented and perceived "generosity" of Defendant, Deion L. Sanders, in making the two facilities available was a substantial basis of her decision to vote for approval of the application, and a strong motivator for the other votes of approval.

52.     The historical time line regarding the leasing and ownership of both the Prime Prep Academy Campus at 4400 Panola Avenue, Fort Worth, Texas, and the Prime Prep Academy campus at 330 East Ann Arbor Avenue, Dallas, Texas of is as follows:

(a)     On August 1, 2010, Life School of Dallas signed a one (1) year lease of the property located at 330 East Ann Arbor, Dallas, Texas, with or through Defendant, Pinnacle Commercial Property Group, LLC.

(b)     On August 1, 2011, Life School of Dallas renewed and signed a one (1) year lease of the property located at 330 East Ann Arbor, Dallas, Texas, with or through Defendant, Pinnacle Commercial Property Group, LLC.

(c)     On March 3, 2011, the real property located at 330 East Ann Arbor, Dallas, Texas, was conveyed to Uplift Fort Worth, CDC from Defendant, Full Gospel Holy Temple.

(d)     On August 4, 2011, the real property located at 330 East Ann Arbor, Dallas, Texas, was conveyed back to Defendant, Full Gospel Holy Temple from Defendant, Uplift Fort Worth, CDC.

53.     On September 16, 2011; Defendant, Uplift Fort Worth, CDC's Sixteenth Generation Charter School Application for the creation of Prime Prep Academy Charter was approved by Defendant, Texas State Board of Education.

54.     On October 28, 2011, Brent Wilson, Executive Director of Life School, informed Plaintiff-Relator that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , had told him that he or Defendant, Pinnacle Commercial Property Group owned the property located at 330 East Ann Arbor, Dallas, Texas, and that the rent was going to increase.  Further, to renew the lease, Life School of Dallas would be required to make extensive repairs and improvements to the property.  Brent Wilson also informed Plaintiff-Relator that acrimony had developed between himself and Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and that he received harassing and threatening phone calls and emails from Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Chazma Jones a/k/a Chazma Jones Brown, including being threatened with the "3 T's," the last "T" being "Terminate."

55.    On June 12, 2012, Life School of Dallas's one (1) year lease with or through Defendant, Pinnacle Commercial Property Group, LLC of the real property located at 330 East Ann Arbor, Dallas, Texas ended.

56.    On July 23,2012; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, filed an application for Special Use Permit, with the City of Dallas, to use the property as the Dallas campus of Prime Prep Academy, alleged that it had a "lease with option to purchase" the property located at 330 East Ann Arbor, Dallas, Texas.

On August 27, 2012, Prime Prep Academy started its 2012 school year at its campuses in Fort Worth, Texas and Dallas, Texas.

57.    On October, 2012, in response to a Public Information Request from WFAA-TV, Prime Prep Academy alleged "There is no lease agreement for the property at 330 East Ann Arbor Avenue, Dallas, TX or 4400 Panola Ave., Fort Worth, TX.  The facilities are being provided by the owners at no cost to our charter school." In fact, there are lease agreements with the owners of both the 330 Ann Arbor Avenue, Dallas, Texas and 4400 Panola Avenue, Fort Worth, Texas, as explained in numbered paragraphs: 51(c) and 90.

58.    On January 11, 2013, in response to a Public Information Request submitted by Plaintiff-Relator on December 18, 2012, to Defendant, Texas Education Agency, requesting documents relative to lease agreements between Defendant, Full Gospel Holy Temple, and Defendant, Uplift Fort Worth, CDC and/or Prime Prep Academy; Defendant, Texas Education Agency, informed Plaintiff-Relator that "no responsive documents were found." This response is contrary

to Defendant, Uplift Fort Worth, CDC's, assertion that it had a "lease with option to purchase" as described in numbered paragraph 56.

59.     On February 21, 2013, in response to a Public Information Request from Plaintiff-Relator to Defendant, Texas Education Agency, to provide copies of all documents relative to lease agreements between Defendant, Uplift Fort Worth, CDC and/or Prime Prep Academy with Tarrant Resource Education Center, Inc., submitted by Plaintiff-Relator submitted February 13, 2013; Defendant, Texas Education Agency, said that "no responsive documents were found". In fact, however, on February 28, 2013, a lease agreement was signed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and Tarrant Educational Resource Center, Inc. for part of the real property located at 4400 Panola Avenue, Fort Worth, Texas, and a copy of such lease agreement was provided to Plaintiff-Relator, under the alias "Malik Jones" by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, although such lease agreement was not provided by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to Defendant, Texas Education Agency.

60.     On April 8, 2013, in response to a Public Information Request submitted March 25, 2013, Plaintiff-Relator (under the alias, "Malik Jones"), to Prime Prep Academy, requesting copies of lease agreements between Prime Prep Academy and any person or entity relative to the real

property located at 330 East Ann Arbor, Dallas, Texas. Prime Prep Academy informed Plaintiff-Relator Plaintiff that "There are no records responsive to your request." Such response is contrary to the statement by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, described in numbered paragraph 56.

61.     Defendant, Deion L. Sanders, persisted in his intentional misrepresentations of ownership of the property at 330 Ann Arbor, Dallas, Texas 75216, in a Town Hall Meeting on February 23, 2012, where he stated "We own this building. Life School is renting from us. Their lease is up because we're assuming the building now. We don't need to rent it out, because now we have a school, so that's how it goes." Defendant, Deion L. Sanders's, false statements carried such impact that on August 30, 2012, following the presentation interview before the Texas State Board of Education, Board Member, David L. Bradley, in referring to Defendant, Deion L. Sanders, stated "He assembled a first class management team and their presentation was flawless. It was reported that Defendant, David L. Bradley expected "…the board to approve Sanders' application to be approved in two weeks." Defendant, David L. Bradley, in referring to his conversation with Defendant, Deion L. Sanders, stated, "I asked if he had first reached out to the local (independent school district) regarding concerns with the local performance and he said once the picture-taking was over, his pleas were ignored." Defendant, David L. Bradley, further stated to the public through the news media, "Like Fort Worth ISD's, we also got a picture but listened and took action." Defendant, David L. Bradley's statements to the news media, as a Texas State Board of Education Board Member, referring to the Prime Prep Academy Charter School application as being Defendant, Deion L. Sanders', effort to open a Texas-based charter

school were false, and, his statements regarding the action of the Texas State Board of Education in the past tense, ie "we took action," very well could have influenced the ultimate vote by the Texas Board of Education, by misleading the public, which in turn could influence the various Texas Board of Education members. Defendant, Deion L. Sanders, did not submit an application for a charter school. Plaintiff-Relator could find no positive comments to the public, through the media or otherwise, by Defendant, David Bradley, or any other Texas State Board of Education regarding any other Sixteenth Generation Charter School Applications or applicants. Defendant, Deion L. Sanders, has his own non-profit organization, that being Prime Time Association, which applied for and received federal funds in the amount of $94,082.74 during the period beginning June 11, 2012 through July 31, 2012 for participation in the 2012 Summer Feeding Service Program, administered through the Texas Department of Agriculture, notwithstanding the fact that Prime Time Association was revoked by the Internal Revenue Service on May 15, 2012, for failure to pay taxes for the preceding three (3) years. The Prime Prep Academy application was filed by defendants1, not by Defendant, Deion L. Sanders. The Prime Prep Academy Charter was approved by the State Board of Education on September 16, 2011. On January 13, 2012, Plaintiff-Relator, requested public records from Defendant, Texas Education Agency, relative to Prime Prep Academy's (Defendant, Uplift Forth Worth, CDC), response to the foregoing contingency question. This public information request was communicated to Defendant, Texas Education Agency, through Defendant, Arnoldo Alaniz, who is the acting Assistant Director of the Division of Charter School Administration of the Texas Education Agency, and the Open Records Coordinator. On January 24, 2012; Defendant, Arnoldo Alaniz, provided contingency questions regarding the subject matter about which Plaintiff-Relator had inquired; but did not provide Defendant, Uplift Forth Worth, CDC's, responses to the

contingency requirements and questions. On February 7, 2012, at 3:08 p.m., Plaintiff-Relator spoke with Defendant, Arnoldo Alaniz, by telephone, and requested the documents submitted by Defendant, Uplift Forth Worth, CDC, in response to the Contingency requirements and questions. Defendant, Arnoldo Alaniz, advised Plaintiff-Relator that the requested documents should be available within approximately three (3) to four (4) weeks, after they were merged with the Charter School Application, that he would check on it, and for Plaintiff-Relator to call him back the next day (February 8, 2012). On February 8, 2012, at 9:56 a.m., Plaintiff-Relator placed a telephone call to Defendant, Arnoldo Alaniz, as instructed, and left a detailed voice message only because Defendant, Arnoldo Alaniz, did not answer his telephone. Plaintiff-Relator did not receive a return call from Defendant, Arnoldo Alaniz, so Plaintiff-Relator placed a second telephone call to Defendant, Arnoldo Alaniz, on February 13, 2012 at 3:41 p.m. and left a second detailed voice message, to which he received no response. On February 15, 2012; Defendant, Arnoldo Alaniz, at 9:25 a.m., advised Plaintiff-Relator, by email, that he did not know when the merging process would be complete, and also provided copies of that email to Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones, and "Accreditation." On February 15, 2012, at 9:02 p.m., Plaintiff-Relator sent an email to Defendant, Arnoldo Alaniz, inquiring as to why his email of February 15, 2012, was also sent to the other defendants listed above and the Accreditation Department, why Defendant, Robert Scott, was not copied with the email, and again requested that he be provided the requested documents as soon as they are available. Plaintiff-Relator, did not receive a response to his email of February 15, 2012 from Defendant, Arnoldo Alaniz, and heard nothing from Defendant, Arnoldo Alaniz, or any other person with Defendant, Texas Education Agency, for almost ten (10) months. Therefore, on December 12, 2012, at 3:45 p.m., Plaintiff-Relator sent an

email to Defendant, Arnoldo Alaniz, again requesting the documents previously requested by Plaintiff-Relator on January 13, 2012. On December 12, 2012, at 3:58 p.m. Defendant, Arnoldo Alaniz, advised Plaintiff-Relator by email that the requested items were available at http://www.tea.state.tx.us/index4wide.aspx?=2147507674, and again provided a copy of that email to each of the above listed Defendants, the Accreditation Department, and Sally Partridge, who serve as the Director for the Title I, Part A, Section 1116 School Improvement Program, which is described as being applicable to low performing schools. Plaintiff-Relator, finally determined that the documents originally requested on January 13, 2012, actually came into the possession of Defendant, Texas Education Agency, on or about December 8, 2011, which was 36 days prior to Plaintiff-Relator's public information request of January 13, 2012, eight (8) days longer than the two (2) to four (4) weeks estimated by Defendant, Arnoldo Alaniz, to be the time needed to merge the Contingency response into the Charter School Application. The Sixteenth Generation Charter School Application, merged with the contingency requirements and questions and the applicant's responses and answers, had to be approved by Defendant, Texas State Auditor's Office, and Defendant, Texas Education Agency, prior to January 11, 2012, when Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Chazma Jones a/k/a Chazma Jones Brown, filed an application for 2012-2014 Public Charter School Start-Up Grant with Defendant, Texas Education Agency, to be submitted to the United States Department of Education. As a result of the above acts and omissions of Defendant, Uplift Forth Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Texas State Auditor's Office, and Defendant, Texas Education Agency; Defendant, Arnoldo Alaniz; Defendant, Sonya Etheridge; Defendant, Paul Moreno; Defendant, Mary Perry; Defendant, Karen L. Johnson;

Defendant, Rick Salvo; Defendant, Kathryn Jones; and Defendant, Robert Scott, the United States of America funded the following federal grants to Defendant, Uplift Forth Worth, CDC:

    (a)    A federal Start-Up Grant in the amount of $600,000.00 for the school year 2012;

    (b)    a Title I, Part A Improving Basic Programs Grant in the amount of $285,491.00;

    (c)    a Title II, Part A – Teacher & Principal Training & Recruiting Grant in the amount of $41,256.00;

    (d)    an IDEA-B Formula Grant in the amount of $88, 362.00; and

    (e)    an ODEA-B Preschool Grant in the amount of $276.00.

The above listed grants total $1,015,385.00, in federal funds paid to Defendant, Uplift Fort Worth, CDC, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Deion L. Sanders; Defendant, and Fredrick R. Mays a/k/a F. R Mays.

62.    Statement of Need, Page 4:

Texas Education Agency's Contingency Question:

"Explain what group is "the sponsoring entity of the sponsoring entity of Prime Prep Academy."

Defendants' answer - Exhibit B:

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, clarified "that there not a sponsoring entity of the sponsoring entity, Uplift Fort Worth is the sponsoring entity of Prime Prep Academy." However; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown;

Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, go further in an apparent attempt to bolster its statement of need and makes false claim as follows:

63.    While it is true that Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, participated in "Summer Feeding Initiatives, apparently referring to the Texas Summer Food Service Program.  Such involvement was questionable and the results of an independent audit of the 2012 program revealed that little or no records were maintained, that essentially all alleged payments to vendors and employees were made in cash, and that it could not be determined who the vendors or contractors were or if vendors and contractors actually existed It was also questionable as to the number of meals alleged to have been served, and the Texas Department of Agriculture demanded the return of a considerable amount of money paid to Uplift Fort Worth, CDC, be returned.

64.    Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, also claim partnering with some of its non-profit affiliates to provide needy children with winter coats, hats, and gloves and Annual Back to School giveaways.  Actually; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, only associated with other non-profit affiliates, such as Defendant, Charity Church, to gain publicize for-profit endeavors in which they were involved.

65.    Texas Education Agency's Contingency Question "Exhibit C" to Statement of Need P. 4:

"Explain the "Truth educational / athletic development program."

Defendants1 answer to Contingency Question – "Exhibit C":

In the Statement of Need section of the Sixteenth Generation Charter School Application

filed by Defendant; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace

a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Chazma Jones a/k/a Chazma

Jones Brown, Defendant, and Fredrick R. Mays a/k/a F. R Mays, and said defendant's answers

to contingency questions propounded during the vetting process by Defendants, Texas Education

Agency; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson;

Defendant, Rick Salvo; Defendant, Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant,

Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno, it was represented by

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders, that a

partnership was established in 2009 between Defendant, Uplift Fort Worth, CDC, which was

created by Defendant, Damien Lamarc Wallace a/k/a D. L Wallace and Prime Time

Association, ( revoked as described above in numbered paragraphs: 61 ), which was created by

Defendant, Deion L. Sanders and his estranged wife, Pilar Sanders, relative to the TRUTH

Camp. Defendant; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion

L. Sanders failed to disclose that the TRUTH Camp is actually a for-profit endeavor, and that

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders,

personally split the profits.   This fact was directly communicated to thePlaintiff-Relator,

Lawrence L. Smith, by Defendant, Damien Lamarc Wallace a/k/a D. L Wallace, when Plaintiff-

Relator was volunteering his services to the TRUTH Camp in 2009.   Defendant, Deion L.

Sanders alleges that the children attending the TRUTH Camp receive three (3) meal per day.

Such was also advertised by Defendant, Deion L. Sanders, as an enticement for children to enroll in the for-profit TRUTH Camp, and the meals were provided relative to non-profit organization, Prime Time Association's, participation in the Texas Summer Food Services Program. TRUTH Camp also advertised an online Prime Time Study Hall, for which it charged a fee, which is addressed further below in numbered paragraph 66. Further, in its Sixteenth Generation Charter School application, , page 5, Statement of Need; Defendant; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Chazma Jones a/ka Chazma Jones Brown alleges "In addition to the overwhelming parent and community support for the proposed charter school, many corporate entities have pledged commitment to the initial and ongoing operations of the same." As related above in numbered paragraph 83(a.3), Plaintiff-Relator has determined that there were no authentic corporate pledges committed at the time of the filing and consideration of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Chazma Jones a/ka Chazma Jones Brown; Defendant, Fredrick R. Mays a/k/a F.R. Mays; and Defendant, Uplift Fort Worth, CDC's, Sixteenth Generation Charter School application for the establishment of Prime Prep Academy. The only pledge found by Plaintiff-Relator was from Defendant, Pinnacle Commercial Property Group, LLC, which was created by Defendant, Damien Lamarc Wallace a/k/a D. L.Wallace, on September 30, 2009, in the State of Delaware. On August 30, 2009, Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , individually and through Defendant, Sports Groove, LLC, d/b/a Prime Time Player, and Defendant, Pinnacle Commercial Property Group, LLC, made fraudulent and deceptive misrepresentations by email to induce Plaintiff-Relator into investing money in a Charter School venture in conjunction with the University of North Texas (UNT), whereby rents paid by UNT to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , for the rental of a 97,000 square foot

facility located at 4400 Panola Avenue, Fort Worth, Texas 76103, which was fraudulently and deceptively misrepresented to be owned by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace ,. It was represented that investors would be permitted to enter into a "Revenue Sharing Agreement" which would allow investors to receive $174,600.00 over a three year period in exchange for an investment of $25,000.00, and larger investments would yield larger payouts. More specifically, it was represented to Plaintiff-Relator that UNT would pay $1.00 per square foot as rent for the 97000 square foot facility purportedly owned by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace. In fact, according to Tarrant County Property Records, the subject property is comprised of only 58,000 square feet and, at that time and all times relevant to this suit, the property was actually owned by Defendant, Charity Church. The remaining 49,000 square foot of property, which contained substantial structures, was owned by Texas Resource Education Center, until it was allegedly also conveyed to Charity Church on or about September 7, 2006. The 97,000 square foot "facility," falsely alleged by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is actually the area of the entire tracts of land on which the physical facilities are constructed, and not the area of the physical facilities. Relying on Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, claimed expertise, his misrepresentations and his false and deceptive acts, on October 10, 2009, Plaintiff-Relator invested $2,500.00 in the proposed "Revenue Sharing Agreement." Plaintiff-Relator later discovered through the Assistant Director of Enforcement, with the Dallas Office of The Texas State Securities Board, that the Revenue Sharing Agreement in which he had invested is an illegal act. Plaintiff-Relator has not received any return on his $2,500.00 investment, and the Charter School planned with University of North Texas never came into existence. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, has failed and refused to return the $2,500.00 investment to Plaintiff-Relator. In fact;

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, began soliciting Plaintiff-Relator to invest in the revenue sharing scheme through Defendant, Pinnacle Commercial Property Group, before ultimately obtaining an Assumed Name Certificate, for the assumed name "Pinnacle Commercial Property Group," acting as Vice President of Operations of Defendant, Sports Groove, LLC a/k/a Prime Time Player.  On September 30 2009; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , formed Defendant, Pinnacle Commercial Property Group, LLC, in the State of Delaware, and listed himself as "Governing Member." On November 30, 2009; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, registered Defendant, Pinnacle Commercial Property Group, LLC, as a foreign limited liability company doing business in the State of Texas.  As a result of Plaintiff-Relator's previous litigation against Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and others relative to said defendants' deceptive trade practices and fraud in 2010, the media began publishing investigative reports about the Pinnacle Commercial Property Group "revenue sharing scheme," On December 26, 2011; Defendant, Chazma Jones a/k/a Chazma Jones Brown, and Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , filed amendments to the Pinnacle Commercial Property Group, LLC documents, removing Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, as a listed person in any capacity, and naming Defendant, Kevin Jefferson, as the new "governing person." Defendant, Kevin Jefferson, was also listed as the Chief Executive Officer of Prime Time Player, which was instrumental in the "Marketing Agreement" scheme described herein in numbered paragraphs: 90, 103, 115, 151(d).  Defendant, Fredrick R. Mays a/k/a F. R. Mays, has always been listed as the Chief Financial Officer of Defendant, Pinnacle Commercial Property Group, LLC.   In Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant,

Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, Sixteenth Generation Charter School Application Defendant, Fredrick R. Mays a/k/a F. R. Mays, is listed as the "Chief Executive Officer" of Defendant, Pinnacle Commercial Property Group, LLC, which allegedly pledged $100,000.00 to Defendant, Uplift Fort Worth, CDC. The "pledge" was actually more in the nature of a loan, as Uplift Fort Worth, CDC was required to repay the "pledge" to Defendant, Pinnacle Commercial Property Group, LLC. Other pledges were alleged to have been made, but none of such alleged pledges could be confirmed to Plaintiff-Relator, and were in fact denied by each of the alleged pledging entities. Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Pinnacle commercial Property Group, LLC, were also instrumental in the "leasing agreement" scheme described herein in numbered paragraphs: 90, 112, 151(c). Plaintiff-Relator and others had previously filed suit against Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and others relative to various causes of action, including but not limited to fraud, breach of contract, and deceptive trade practices. That lawsuit was later non-suited by plaintiffs due to lack of funds. On September 1, 2011, a Fort Worth Star Telegram newspaper article was written stating that Deion L. Sanders and his business partner, D. L. Wallace, were seeking approval for a new Charter School. On November 16, 2010, Plaintiff-Relator filed a complaint with the Texas State Securities Board, regarding Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, and Defendant, Deion L. Sanders', fraud and deception relative to illegal stock transactions and the "Revenue Sharing Agreement" relative to the University Charter School, previously proposed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a

Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in conjunction with the University of North Texas, described in numbered paragraphs: 48(b), 65, 77, 97, 143. Upon discovering that Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, was now applying to create an open enrollment Sixteenth Generation Charter School, Plaintiff-Relator, by email on September 1, 2011, notified Mr. Jay Oman, with the Texas State Securities Board, of that fact. On September 2, 2011, Mr. Jay Oman responded by email as follows: "I have concerns about this. I will attempt to notify the proper authorities. If you hear of any attempt by Mr. Sanders and Wallace to sell stock in this enterprise, please let me know." Plaintiff-Relator heard nothing further from Mr. Jay Oman or anyone else from the Texas State Securities Board. However, that lawsuit was noticed by Fort Worth Star reporter, Eva-Marie Ayala, who investigated the Plaintiff-Relator's allegations and published a news story on September 8, 2011, outlining the allegations in that lawsuit. Eva-Marie Ayala's investigation included an interview with EdEtta Culberton, a spokeswoman with Defendant, Texas Education Agency, and specifically addressed the issues in Plaintiff-Relator's lawsuit, which directly impacted the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, including but not limited to the "Revenue Sharing Agreement" described in numbered paragraphs: 48b, 65, 77, 97, 143. Therefore; Defendant, Texas Education Agency, and its members, as well as Defendant, Texas State Board of Education, had notice of these issues prior

to voting on and approving the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on September 16, 2011. Neither Defendant, Texas Education Agency, or any of its members, nor Defendant, Texas State Board of Education, or any of its members contacted Plaintiff-Relator to investigate his allegations prior to their approval of the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. On October 5, 2011, Plaintiff-Relator initiated telephone contact with Defendant, Texas State Audit Board, and spoke with Mr. Patrick Anthony, in the Special Investigation Department, to discuss his complaints concerning fraud on the part of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and formalized his complaint of such fraud in writing in an informative email to Mr. Patrick Anthony on that same date. On October 12, 2011, Patrick Anthony notified Plaintiff-Relator that his complaint was being reviewed in the Charter School Program Area at that time, and that Plaintiff-Relator could contact Ms. Johnson at Texas Education Agency Complaints, at 512-463-9342. Also, on October 12, 2011, Plaintiff-Relator contacted Ms. Johnson with Defendant, Texas Education Agency, to discuss the fraud complaint. In that conversation, Plaintiff-Relator expressed his desire to meet with Defendant, Robert Scott, the Texas Education Agency Commissioner at the time. Ms. Johnson referred Plaintiff-Relator

to Ms. Paula Myers, with the Office of the Commissioner, Texas Education Agency, who Plaintiff-Relator contacted, also on October 12, 2011, and requested a meeting with Commissioner, Robert Scott.  On October 13, 2011, Ms. Paula Myers provided Plaintiff-Relator with a form entitled "Commissioner/Designee Meeting or Attendance Request," which Plaintiff-Relator completed and returned to Ms. Paula Myers on October 18, 2011.  On October 20, 2011, Plaintiff-Relator received an email from Defendant, Karen L. Johnson, Assistant Legal Counsel with the Texas Education Agency, advising Plaintiff-Relator that Commissioner, Robert Scott had turned Plaintiff-Relator's complaint over to her for response.  Defendant, Karen L. Johnson, further advised Plaintiff-Relator, by letter attached to email on October 20, 2011, that Commissioner, Robert Scott, could not meet with Plaintiff-Relator, "because he is required by law to serve as the ultimate decision maker in many educational controversies," "he is the only person who may modify, place on probation, revoke or deny the renewal of a charter," and "Because of this responsibility placed on him by law, He remain an impartial decision maker." Plaintiff-Relator will show that on February 8, 2009; Defendant, Robert Scott, as the then Texas Commissioner of Education, met with Defendant, Royce West; Defendant, Deion L. Sanders; and Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , all of whom Defendant, Robert Scott, had picked up at the airport and drove them to a public restaurant in Austin, Texas where they discussed the university charter then being proposed by Defendant, Deion L. Sanders; and Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and ate dinner.  On February 10, 2009, the same defendants met with the University of Texas Board Of Regents at the Texas State Capitol in Austin, Texas.  Plaintiff-Relator will show that such actions constitute favoritism and favorable bias on the part of Defendant, Robert Scott, which is contrary to the standards and legal requirements expressed to Plaintiff-Relator by Defendant, Karen L. Johnson letter attached

to email of Plaintiff-Relator on October 20, 2011.  On February 8, 2013, Plaintiff-Relator had made a public information requests for documents relating to said defendants meeting on February 10, 2009, but on February 12, 2013; Defendant, Texas Education Agency, informed Plaintiff-Relator they has not been able to locate information responsive to my request.  Plaintiff-Relator also made a public information request on February 13, 2013 for documents relating to the daily activity schedule for Defendant, Robert Scott, and Defendant, Royce West, but on February 20, 2013; Defendant, Texas Education Agency, informed Plaintiff-Relator that "no documents were found."

66.    Page 10, Vision Statement b.):

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, alleged, it its "vision statement on page 10 of its Sixteenth Generation Charter School Application, that Prime Prep Academy's IT team developed "a fully integrated online software that has been tested and proven to increase proficiency on standardize tests, improve study habits and enhance the learning process." On September 16, 2011; Defendant, Mavis Knight, State Board of Education member for District 13, made positive reference to such tutorial software just prior to the final vote approving the Sixteenth Generation Application for a Charter School filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to establish Prime Prep Academy.  No such IT team or functional software existed.  The alleged software that did exist was found to be inaccessible by Plaintiff-Relator associates, and even Michael Soto, a Board Member on the

Texas State Board of Education, as he stated on September 16, 2011, in the meeting for the Committee on School Initiative just prior to the final vote approving the Sixteenth Generation Application for a Charter School filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to establish Prime Prep Academy.. More specifically, as stated in other litigation by Plaintiff-Relator; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, did put in place an online tutoring site, but it was not funded by Uplifted Fort Worth. The alleged tutoring site was actually a "for-profit" venture. When a student attempted to enter the alleged study hall site located at www.primestudyhall.com, the student was automatically linked into www.ptpcp.com, which is Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, for profit venture, "Prime Time Player College Prep" announced over its website, www.ptpcp.com, that Primetime Players presents "Prime College Prep" Prior to the subject Charter School venture; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Deion L. Sanders, and Defendant, Sports Groove, LLC, individually and d/b/a Primetime Player, had installed the same "study hall" as part of a fraudulent scheme called PTP RED and PTP PAGES which defrauded investors, children, and families. The blatancy of that scheme in demonstrated by the false contact information listed on the web sites: Prime College Prep Store, 123 Test Drive, Fort Worth, Texas, 75075, 212-555-1212. The street address "123 Test Drive" does not exist in Fort Worth, Texas, or Plano, Texas, which is the city for zip code 75075. The telephone number "212-555-1212" is the telephone number for New York, New York. A fee of $19.95 per month was charged to participate in the study hall. All of this information was provided, with documentation, to the Texas Education Agency, when Defendant, Damien Lamarc Wallace a/k/a

D. L. Wallace, and Defendant, Deion L. Sanders, were making application for a Charter School, Prime Prep Academy, but it had no effect. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders, removed the web site after Plaintiff-Relator provided the information and documentation to the Texas Education Agency, and Plaintiff-Relator still possesses the documentation provided.

67.     Texas Education Agency's Contingency Question – Exhibit "H"

        "Explain how students and parents who cannot afford technology in their homes will be privy to the information that will be provided through PTP Study Hall."

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's  answer, "The online technology will be introduced in the classroom as opposed to at home assignments. Computer labs will be available at both campuses to be utilized before and after school. There will also be access to the labs on the weekends. In addition, handouts can also be used in situations where internet connectivity is unavailable."

68.     Plaintiff-Relator will show that Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's answers to Defendant, Texas Education Agency's Contingency questions in Exhibits "E" and "H" are false and fraudulent statements, because the entire educational concept proposed for the Prime Prep Academy was the extensive use of CSCOPE.  Said Defendants state that net-book computers would be offered to "the majority of its students." That would leave possibly a very large percentage of the students without the technology to participate in the

curriculum. As explained in numbered paragraph 66 above, the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on February 22, 2011, on page 10 b), speak of their development "fully integrated online software that has been tested and proven to increase proficiency on standardized tests, improve study habits and enhance the learning process." When questioned about the inaccessibility of the PTP Study Hall, which was still inaccessible on December 27, 2011, some ten (10) months after the filing of the Sixteenth Generation Charter School Application and more than three (3) months after the Sixteenth Generation Charter School Application was approved; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, still advised Defendant, Texas Education Agency, that "The launching of Prime Study Hall has been deferred until after the P:rime Prep Academy development team can create a plan for the site that will be a helpful tool for students, parents and teachers." Prime Prep Academy opened as a Sixteenth Generation Charter School with Dallas and Fort Worth campuses on August 27, 2012. As of INSERT DATE JUST BEFORE FILING the stated website for Prime Study Hall, http://primestudyhall.com/ has no content and only the following statement is displayed:

"It works!

"This is the default web page for this server.

"The web server software is running but no content has been added, yet."

69.     Plaintiff-Relator made several efforts to access Prime Study Hall at the listed site, and several other websites which were linked or otherwise associated with http://primestudyhall.com, but could never achieve entry into any actual study hall content.  Such information was made known to Defendant, Texas Education Agency, through Defendant, Karen L: Johnson; Defendant, Robert Scott, and Defendant, Mary Perry, through numerous emails, listed in the chart contained numbered paragraph 50 above, including but not limited to an email to said defendants on October 26, 2011, to which Plaintiff-Relator received no response.

70.     Page 11 - 3.  Community support (Subheading b.)

In the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, it is asserted "As a fundamental strategy for ensuring diversity of perspective, the Uplift Fort Worth Board of Directors included community groups in the planning process.  By consulting diverse groups, the charter school has ensured that issues in planning the school were considered from multiple perspectives and that question, challenging, constructive feeder, monitoring, and authentically useful comments were an integral part of the planning process." These assertions were false statements, and were questioned by Defendant, Texas Education Agency, during the contingency process.  The contingency question was (Exhibit J, merged into the Charter School Application) as "State the specific community groups that were involved with the planning process of the Prime Prep Academy." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "Prime Prep Academy

worked with PTA Sports Association, Charity Center of Fort Worth, the Family and Youth Committee of Charity Church, Samaria Baptist Church Youth Outreach Group, Vision Regeneration, Group Excellence and the Gentlemen's Society." Most, if not all, of the listed "community groups" are controlled by persons or entities with ties to Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, or various other entities associated with for-profit endeavors and fraudulent schemes conducted by such persons and entities, including but not limited to:

71.     PTA Sports Association, refers to Prime Time Association which is the alleged non-profit organization controlled by Defendant, Deion L. Sanders;

72.     Plaintiff-Relator has researched Charity Center of Fort Worth, and could not confirm the existence of such an entity.

73.     The Family and Youth Committee of Charity Church, if such exists, would be controlled by Defendant, Fredrick R. Mays a/k/a F. R. Mays,who is the leader of Defendant, Charity Church, and the Chief Executive Officer, of Pinnacle Commercial Property Group, LLC, which created by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and which was used to sell illegal securities and stocks, as discussed in number paragraphs: 65, 102, 104, 143.

74.     Samaria Baptist Church Youth Outreach Group, if such exists, would be controlled by the head Pastor; Defendant, William McKinley Jackson, who is on the Uplift Fort Worth, Board of Directors, the Prime Prep Academy Board of Directors, and was part of a Summer Food Service Program scheme conducted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant,

Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, which is the subject of other litigation.

75.    Group Excellence is an organization created or controlled by Carl Dorvil, who was a Board Chairman of Defendant, Uplift Fort Worth, CDC, and was involved with Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in a Summer Food Service Program scheme conducted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, which is the subject of other litigation.

Page 12 (Subheading b. cont.) lists prominent leaders in Dallas Fort Worth who supposedly supported the establishment of Prime Prep Academy. One of these leaders was Mr. LeRoi Phillips. The information discovered by Plaintiff-Relator was being followed by various news media. Following a meeting with Plaintiff-Relator in his home on or about April 26, 2012, a reporter, Leslie Minora, wrote in an article in the Dallas Observer dated May 3, 2012, explaining that LeRoi Phillips said, in essence, that he did not know how his name was included in the application, that he had never even met any of the Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace ,a/k/a D. L. Wallace , or Defendant, Deion L. Sanders, that he had refused a request that he serve on Prime Prep Academy's Board, and, in referring to the Prime Prep Academy, said "I have no take on it, one way or the other." In addition, Mr. Phillips is the Assistant Athletic Director at Dallas County Community College, not the Athletic Director at Dallas County Community College as Defendant, Uplift Fort Worth, CDC; Defendant, Damien


Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, have stated in the application.

76.     Page 12 (Subheading b.  cont.) lists Tom Wilson, Superintendent of Life Schools as a supporter of Prime Prep Academy.  The article in the Dallas Observer dated May 3, 2012 described in the foregoing subparagraph, also reported that "a Life School spokeswoman said that Mr.  Wilson supports Prime Prep only in that he supports the charter school movement".  The Life School spokeswoman made it clear that Life School has "no opinion" of Mr. Wallace's "ability to operate a charter school."

77.     Page 12 (Subheading b.  cont.) also lists Senator Royce West as a prominent leader who supports Prime Prep Academy.  As otherwise described in numbered paragraph 65; Defendant, Senator Royce West, is the individual who arranged and attended the meeting with Defendant, Former Commissioner Robert Scott; Defendant, Deion L. Sanders, and D. L. Wallace at a restaurant in Austin, Texas, on February 8, 2009.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, a/k/a D. L. Wallace, informed Plaintiff-Relator in person that said defendant's desire to start a Charter School was the topic of discussion.  At that time, the state of Texas had a moratorium on public funded charter schools, but that he could apply for a university sponsored charter school at that time.  A second meeting was arranged with the University of North Texas Board of Regents on February 10, 2009, at the State Capitol with the four individuals listed above also attending.  At that meeting on February 10, 2009; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace , was given an informational package outlining requirements for a charter school to be sponsored by the University of North Texas, which he permitted Plaintiff-Relator to review briefly at that time.  After the meeting on January 10, 2009;

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace ,; Defendant, Deion L. Sanders, and Plaintiff-Relator went to lunch at Hoover's Cooking at 2002 Manor Road, Austin, Texas 78722, where Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace , further informed Plaintiff-Relator that the representative of the University of North Texas Board of Regents had told Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace , that he was not doing this for Deion Sander, but that he was doing it because of the 20 year relationship with Defendant, Senator Royce West. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, a/k/a D. L. Wallace, had previously stated to Plaintiff-Relator, "It's not what you know, it's who you know". However, the University of North Texas Chancellor, Mr. Lee Jackson was reported to have said that he remembered the potential partnership well, that the idea had been brought to him by someone he trusted to understand education issues, and that "I plant a lot of seeds, and they don't always sprout." Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace , had been appointed as a member of the University of North Texas Educational Developmental Board, but as of this present, is no longer serve as a Board Member. The Dean of University of North Texas School of Education, Mr. Jerry Thomas, revealed that the proposed school was to be a "laboratory school" where the University of North Texas students would perform student teaching, and after negotiating with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, a/k/a D. L. Wallace, for about a year, the proposed arrangement fell apart because the proposed campuses in Dallas and Fort worth were too far from the University of North Texas campus. It is significant by omission that neither, University of North Texas Chancellor, Lee Jackson, nor Dean, Jerry Thomas, were listed in Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R.

Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's Sixteenth Generation Charter School Application as persons who support the establishment of Prime Prep Academy.

78.     Page 12, paragraph d), instructs the applicant "Provide the number of community members, not 'afflicted' in any way with the sponsoring entity or proposed charter school, who attended the public hearing." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, answered "The documentation indicates that 11 attended the public hearing; among those in attendance 0 were not afflicted with the charter school." It is clear that the word "afflicted" was a typographical error, and that the word should have been printed as "affiliated," as revealed in Defendant, Texas Education Agency's, follow-up question discussed below.  In essence, the answer tendered by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, indicated that all of the attendees at the public hearing were affiliated with Defendant, Uplift Fort Worth, CDC, and none were not affiliated with Defendant, Uplift Fort Worth, CDC.  Defendant, Texas Education Agency, attempted to clarify the response tendered by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, by asking the contingency question "Confirm that only community members affiliated with the sponsoring entity and/or the proposed charter school attended public meeting held on February 2011." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace;

Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded that "Only community members of the sponsoring entity and/or the proposed charter school attended the meeting on February 2, 2011.", again affirming that all of the attendees at the public meeting (public hearing) were affiliated with the sponsoring entity; Defendant, Uplift Fort Worth. Plaintiff-Relator made a Public Information Request to Defendant, Texas Education Agency for the complete Sixteenth Generation Charter School Application completed and submitted by Defendant, Uplift Fort Worth, CDC. The requested application was provided; however, it did not contain any Attachment A or Attachment B, as Defenants1 represented on Page 12 c) and e).to have been provided with the application submitted.

79.     Page 32, g), of the Sixteenth Generation Charter School Application completed and submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on February 22, 2011 inquires: "Describe the purpose for which the sponsoring entity was incorporated or established." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded "Uplift Fort Worth was organized exclusively to finance, develop, operate, and manage Prime Prep Academy." This response was a false statement when made because at the time of formation of Uplift Fort Worth, CDC on March 3, 2008, the purpose stated in Article 5 of the Certificate of Formation was: "Said corporation is organized exclusively for charitable, religious, educational, testing for public safety, literary and scientific purposes, including, for such

purposes, the making of distributions of organizations that qualify as exempt organizations under section 501 © (3) of the Internal Revenue Code, or corresponding section of any future federal code." Not until August 30, 2011, which was the date of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,'s presentation to Defendant, Texas State Board of Education, and the date that Defendant, David Bradley, a State Board of Education Board Member, made statements to the public, through the news media, predicting that the State Board of Education would approve "Sanders' application" in two weeks, and "Like Fort Worth ISD, we also got a picture but listened and took action" as discussed above in numbered paragraphs: 65. The falsity of the statements about the purpose of Uplift Fort Worth, CDC, is manifested by the fact that Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, had already prepared an amendment to Article 5 of the Uplift Fort Worth, CDC, Certificate of Formation, which essentially coincided with their above stated response as to the purpose of Defendant, Uplift Fort Worth, CDC, but did not file it until August 30 2011, which was six (6) months and eight (8) days after Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, filed their Sixteenth Generation Charter School Application, and forty-one (41) months and twenty-eight (28) days after the original Certificate of Formation for Defendant, Uplift Fort Worth, CDC was filed, and after Defendant, David Bradley's, public comments through the news media.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,'s intention to make the false statement about the purpose of Defendant, Uplift Fort Worth, CDC, is further manifested by the fact that on March 10, 2011; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, prepared an application to become a contracting entity to participate in the Summer Food Service Program, funded by the United States Government, Department of Agriculture and implemented through the Texas Department of Agriculture.  1, which would be inconsistent with the exclusive purpose stated in the amendment to Article 5 of Defendant, Uplift Fort Worth, CDC's, Certificate of Formation, which was another scheme perpetrated by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, as discussed in number paragraphs: 79 and 81.

80.     Page 32, h), of the Sixteenth Generation Charter School Application completed and submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on February 22, 2011 inquires: "Describe the activities in which the sponsoring entity has been engaged in the past and in which it is currently engaged." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones

Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, falsely responded that "Uplift Fort Worth was established for the sole purpose of financing, developing, operating, and managing prime prep Academy. Therefore, the sponsoring entity has not engaged in the past, and is not currently engaged in any other activities." The facts stated by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in their response were false as documented as follows:

a.    The Sixteenth Generation Charter School Application completed and submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on February 22, 2011, at "Attachment J," titled "Audit Report," pages 000138 through 000145, specifically twice claims the same expenses, on page 000142 and page 000144, relative to Defendant, Uplift Fort Worth, CDC's, participation in a Back to School Giveaway that took place during August, 2010, and a Christmas Giveaway, which took place during December, 2010. The "Audit Report" was for the period from January 1, 2010, through December 31, 2010. These expenses, mostly described in whole numbers, with no specific descriptions given for the individual items of expense, total an alleged $22,847.32, and income of $1,261.00. Further, the said "Audit Report" is not supported by an "independent auditor's opinion," as required by Schedule 1, Part 2, 3 c, on page 2 of 79 of the Texas Education Agency 2012-2014 Public Charter School start-Up Grant Application.

b.    During the same time period, the same Back to School Giveaway and the Christmas Giveaway, were described by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in their Texas Summer Food Service Program Application, filed on March 10, 2011, but prepared during January 2011, in the online Texas Unified Nutritional System, relative to their desire to participate in the Texas Summer Food Service Program, which is administered by the Texas Department of Agriculture and funded by the United States Department of Agriculture.  In Section III – Financial Viability, of their application, it is claimed that an expense of $12,000.00 was paid for "Back to School Giveaway Supplies," as opposed to the $6,025.00 twice claimed as the same expenses in the Sixteenth Generation Charter School Application completed and submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on February 22, 2011.  Likewise; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, claimed that an expense of $20,000.00 was paid for "Christmas Giveaway Items," in the Summer Food Service Program Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, as opposed to the $18,162.32 twice claimed as expensive for the same "Christmas Giveaway in 2010.  While these

stated facts show the falsity of the expenses specifically stated, such stated facts and documents created by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, clearly establish the falsity of their statement that Defendant, Uplift Fort Worth, CDC had never participated in any other activities other than the financing, developing, operating, and managing prime prep Academy. In fact Defendant, Uplift Fort Worth, CDC, advertises, solicits, and promotes its participation in the Texas Summer Food Service Program. Defendant, Uplift Fort Worth, CDC's, website, \fs24*www.upliftfortworth.org, publishes on a yearly basis "This past summer, Uplift Fort Worth, CDC served more than 100,000 meals to underprivileged children in DFW area. If you would like to be part of our Summer Food Program, please fill out the form below.

81.    Page 32, j.) of the Sixteenth Generation Charter School Application, by directive, inquires: "Disclose whether the sponsoring entity is a religious for faith-based organization or engages in any activities with religious purpose." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded: "Uplift Fort worth is not a religious or faith-based organization and does not engage in any activities with a religious purpose." This responsive statement is false because on the date it was made and filed, February 22, 2011; Defendant, Uplift Fort Worth, CDC was still operating under the terms of its Certificate of formation dated March 3, 2008, in which Article 5, Purpose provides "Said corporation is organized exclusively for charitable, religious (emphasis added), educational, testing for public

safety, literary and scientific purposes, including, for such purposed, the making of distributions of organizations that qualify as exempt organizations under section 501 (c) (3) of the Internal Revenue Code, or corresponding section o any future federal code." This wording was not changed until August 30, 2011, as explained above in numbered paragraph 79.

82.     Page 32 k.) of the Sixteenth Generation Charter School Application, by directive, inquires: "Discuss any litigation in the sponsoring entity has been involved." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded: "Uplift Fort Worth has not been involved in any litigation." While it may be technically true that, at the time Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, drafted their response; Defendant, Uplift Fort Worth, CDC, itself had not been involved in litigation, it was effectively false because Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, who control Defendant, Uplift Fort Worth, CDC, were involved in litigation with Plaintiff-Relator and others as discussed above in numbered paragraphs: 65 and 139.  Further; Defendant, Uplift Fort Worth, CDC, was added as a defendant in the same litigation discussed above in numbered paragraph 65 as of January 9, 2012, which was 2 days before Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and

Defendant, Deion L. Sanders, filed their application for the 2012-2014 Public Charter School Start-Up Grant. Such false and misleading statement was never corrected by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, even though they knew that such information was considered to be material to the consideration of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's Sixteenth Generation Charter School Application and their application for the 2012-2014 Public Charter School Start-Up Grant. Such falsity and deception committed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, was never corrected by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and continued without correction until the preliminary approval on or about April 17, 2012, and the final approval on or about May 1, 2012, for the grant period from, May 1, 2012 through July 31, 2014, and was instrumental in Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's ability to obtain $600,000.00 in "start-up" funding from the United States Treasury through the United States Department of Education.

83.    Page 45, Heading 11.   Business Plan, Subheading: Financial History of Sponsoring Entity, of the Sixteenth Generation Charter School Application, by directive, inquires:

a)    "Discuss the sources of funding used by the sponsoring entity to start up its operations." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded with false statements as follows:

(1.)    Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded that "Uplift Fort Worth was incorporated in October 2008 for the sole purpose of financing, developing and managing the Prime Prep Academy." This response is a false statement because the purpose stated in the original Certificate of Formation relative to Uplift Fort Worth, CDC did not mention "Prime Prep Academy, and the name, Prime Prep Academy was not conceived or used by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, until they prepared and submitted their Sixteenth Generation Charter School Application on February 22, 2011, as further explained in numbered paragraph 79 above.

(2.)    Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, failed to respond to Defendant, Texas Education Agency's, inquiry relative to the start-up budget of



Defendant, Uplift Fort Worth, CDC, which is the "Sponsoring Entity." Such failure to properly respond was not addressed by Defendant, Texas Education Agency, during its review during the "Contingency" process. Relying on its first false statement stated in (1.) above; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, further responded "Therefore the source of funding for start-up of the Prime Prep Academy will be the same as projected in the start-up budget. The total projected amount of the start-up funding is $250,000." This response is a false statement in that it refers to the falsely alleged start-up budget for Prime Prep Academy, and it alleges the start-up budget to be $250,000.00 rather than the $600,000.00 stated in the 2012-2014 Public Charter School Start-Up Grant application, as more fully discussed in numbered paragraphs: 84 (a2).

(3.)    Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, further false state: "Prime Prep Academy has secured relationships with corporate sponsors, local business leaders, and other public figures to secure estimated and/or actual start-up monies required to operate the charter school. This includes a $100,000 pledge from Pinnacle Commercial Property Group, a recognized commercial real estate company in Fort Worth, Texas, in addition to several corporate pledges that range in amounts of $5,000 to $25,000." This false statement does not specify the identities of the alleged corporate sponsors; however the corporate sponsors listed in their Sixteenth Generation Charter School Application were discovered to be false statements, as Plaintiff-Relator was informed by such entities that no such

pledges were made, which was further investigated and reported in The Texas Observer on May 3, 2012, as further described in numbered paragraph 84(i). Plaintiff-Relator made these false statements known to Defendant, Texas Education Agency on November 9, 2011, by email to Defendant, Karen L. Johnson, with copies to Defendant, Commissioner, Robert Scott, and Defendant, Mary Perry. Stemming from Plaintiff-Relator's notice of such false statements to Defendant, Texas Education Agency, by email to Defendant, Karen L. Johnson, with copies to Defendant, Commissioner, Robert Scott, and Defendant, Mary Perry, the same issues of false statements were further investigated, confirmed and reported on December 5, 2011, by Patrick Michels, who was a reporter for The Texas Observer at that time, and on May 3, 2012 by Leslie Minora, who was a reporter for the Dallas Observer at that time. Notwithstanding such private and public notices, no response, and no investigation of such false statements is evidenced by the "contingency" questions propounded by Defendant, Texas Education Agency, during its consideration of the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. Further, it was publically reported that Defendant, Debbie Ratcliffe, a spokeswoman for Defendant, Texas Education Agency, stated that Prime Prep Academy's list of pledges doesn't matter much to their application. "Even if a charter applicant says they have pledges for land or services from various corporations or entities, we don't let them count that as revenue unless they have a signed letter from the donor." This exemplifies the failure to reasonably investigate Plaintiff-Relator's information, and complicity of Defendant, Texas Education Agency; Defendant, Arnoldo Alaniz; Defendant, Sonya Etheridge; Defendant, Paul Moreno; Defendant, Mary Perry; Defendant, Karen L.

Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones; and Defendant, Robert Scott, with

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace;

Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant,

Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in defrauding the United

States of America and its agencies to receive funding for Defendant, Uplift Fort Worth, CDC;

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a

Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R.

Mays, and Defendant, Deion L. Sanders, to establish Prime Prep Academy. The importance of

"complete and accurate" information is clearly manifested by the wording in the certification

paragraph at the bottom of the Applications Coversheet of the Sixteenth Generation Charter

School Application signed and submitted by Defendant, Uplift Fort Worth, CDC; Defendant,

Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones

Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and

Defendant, Deion L. Sanders,(add Sports Groove, LLC ?) which states: "I certify that I have the

authority to submit this application and that all information contained herein is complete and

accurate, realizing that any misrepresentations could result in disqualification from the

application process or revocation after award. In accordance with TEC § 12.120, I further certify

that no members of the governing body of the sponsoring entity or of the proposed charter school

nor any officers or employees of the proposed school have been convicted of a misdemeanor

involving moral turpitude or of any felony. I understand that incomplete applications will not be

considered." The obvious falsity of such statements by Defendant, Uplift Fort Worth, CDC;

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a

Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R.

Mays, and Defendant, Deion L. Sanders, was ignored by Defendant, Texas Education Agency;

Defendant, Arnoldo Alaniz; Defendant, Sonya Etheridge; Defendant, Paul Moreno; Defendant,

Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones;

and Defendant, Robert Scott.

        (4.)     Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace

a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity

Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,

further falsely stated that the pledges "includes a $100,000 pledge from Pinnacle Commercial

Property Group" Pinnacle Commercial Property Group, LLC is an entity created by Defendant,

Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace to perpetrate a scheme

involving "revenue sharing," as explained in numbered paragraphs: 65, 84 (h), 85, 87 (k), 136.

        b.)     "Discuss the current assets of the sponsoring entity."

        After again falsely stating the "sole purpose" of Defendant, Uplift Worth, CDC,

and the "start-up revenue" as explained in subparagraph a) above; Defendant, Uplift Fort Worth,

CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a

Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R.

Mays, and Defendant, Deion L. Sanders, responded further as follows: "Uplift Fort Worth has no

current assets." To the contrary, after signing the Sixteenth Generation Charter School

Application on February 22, 2011, under penalty of perjury Defendant, Damien Lamarc Wallace

a/k/a D. L. Wallace , as the authorized representative of Defendant, Uplift Fort Worth, CDC,

singed a certification of Uplift Fort Worth, CDC's Summer Food Service Program Application,

which was stamped "Received" by the Texas Department of Agriculture on filing it on March

23, 2011, which listed the assets, totaling $40,000.00, of Uplift Fort Worth, CDC as follows:

| Name of Asset | Funding Source | Current Value |
|---|---|---|
| Computers | Uplift Fort Worth | $5,000.00 |
| Office Equipment | Uplift Fort Worth | $5,000.00 |
| Company Buses | Uplift Fort Worth | $30,000.00 |

c)  "Discuss the current liabilities of the sponsoring entity."

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, again restated their false statements regarding the "sole purpose" of Uplift Fort Worth, CDC and "start-up revenue" explained in subparagraph a) above.

d)  "Disclose any liens, litigation history, and/or any sanctions from any local, state, and/or federal regulatory agency against the sponsoring entity."

Defendant falsely responded that Uplift Fort Worth … "has not been involved in any litigation …" as explained above in numbered paragraph 65.

e)  "If non-charter programs are currently operated by sponsoring entity, describe how, or if these non-profit charter programs will relate to the charter school"

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded "Uplift Fort Worth does not currently operate any non-charter programs." This is a false statement, by deception and conspiracy, in that Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, did not disclose that Defendant, Uplift Fort Worth, CDC had already started the planning and preparation for application to become a "contracting entity"

under the Texas Summer Food Service Program, administered through the Texas Department of Agriculture, for the year 2011. The 246 page Texas Food Service Program Application, which became available approximately mid January 2011, was completed and signed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , as the authorized representative of Defendant, Uplift Fort Worth, CDC, on March 10, 2011, and ultimately stamped "Received" by Defendant, Texas Department of Agriculture on March 23, 2011. This was just 16 days after the signing of the Sixteenth Generation Charter School Application. After Defendant, Texas Education Agency, approved the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, said defendants submitted their application for a Public Charter School Start-Up Grant, in which it relies on Defendant, Uplift Fort Worth, CDC's, participation to establish Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, qualifications as the "Grant Project Manager." Such application also described the extensive involvement of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, in planning and conducting the "Summer Food Service Initiative," which demonstrates the alleged considerable preparation that would be required before and during the application process relative to the completion and filing of the Summer Food Service Program Application

f)     "If there are plans to begin operating any non-charter programs4 within the next two years, describe whether these non-charter programs will relate to the charter school." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "Uplift Fort

Worth has no plans to begin operating any non-charter program within the next two years." This response is a false statement for the same reasons stated in the preceding paragraph e) above, and said defendants do not answer the remainder of the question.

g) "If there are plans to begin operating any non-charter programs4 within the next two years, discuss the physical location of the programs. Describe how the charter school will maintain separate administrative, business, financial, payroll, personnel and other records." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "The Prime Prep Academy has no plans to begin operating any non-charter program within the next two years." This response is a false statement for the same reasons stated in the preceding paragraph e) above, and, by so answering; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, did not answer the contingency question.

84. Start -Up Charter School Operations

h) "Provide a statement describing the projected amounts of start-up funding. The statement must identify the amount of each source of funds and the specific source of funding." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "The projected amount of start-u funding for Prime Prep Academy comes from the start-up funding. The Prime Prep Academy has secured relationships with corporate sponsors' local business leaders, and

other public figures to secure estimated and/or actual start-up monies required to operator the charter school. Thin includes a $100,000 pledge from Pinnacle Commercial Property Group, a, recognized commercial real estate company in Fort Worth, Texas in addition to several corporate pledges that rage in amounts of $5000 to $25,000. Therefore, the total projected amount of start-up funding from $100,000 - $250,000." The statements contained in Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's response are false, as is explained in detail in numbered paragraphs: 65, 84 (h), 85, 87 (k), 136.

i)      "Submit, as Attachment, documentation (i.e. letters of credit, letters from donors, loan agreements, notice of grant awards, etc.) verifying all nongovernmental sources of funding, Letters of support for proposed school should not be included in Attachment M."

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded with Attachment M, which contained claims of various pledges and donations from specific entities. Such statements were false. Plaintiff-Relator had obtained a copy of the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and after discovering these false statements by his review of the said application, alerted Defendant, Texas Education Agency, regarding such false statements by email on November 9, 2011, to Defendant, Commissioner, Robert Scott;

Defendant, Karen L. Johnson; and Defendant, Mary Perry. Plaintiff-Relator received no response from any of the recipients of his email. On or about November 23, 2011, Plaintiff-Relator was contacted by Mr. Patrick Michael, a reporter with The Texas Observer, who had obtained a copy of the above mentioned email from Plaintiff-Relator to the above listed Defendants, and questioned Plaintiff-Relator about the issue of falsely alleged pledges, and other matters concerning the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and other litigation that was pending at that time between Plaintiff-Relator and other Plaintiffs against Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and other defendants. On December 1, 2011; Defendant, Chazma Jones a/k/a Chazma Jones Brown, wrote a letter To Whom it May Concern" admitting the falsity of the above described statements, but claiming that such false statements were the result of mistake and oversight. Add info about donors On December 5, 2011, Mr. Patrick Michael published an article in The Texas Observer about the same issues described in this paragraph. It was necessary for Defendant, Chazma Jones-Brown a/k/a Chazam Jones Brown, to write her "disclaimer" letter on December 1, 2011, to lessen the effect of the email written by Plaintiff-Relator and the article written by Mr. Patrick Michael. It is clear that Defendant, Texas Education Agency; Defendant, Commissioner, Robert Scott; Defendant, Karen L. Johnson, and/or Defendant, Mary Perry, had conspired and collaborated with Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant,

Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R.

Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, because the wording of the letter from

Defendant, Chazma Jones-Brown, and the quotes of Defendant, Damien Lamarc Wallace a/k/a

D. L. Wallace , in The Texas Observer article were essentially the same.   Therefore the letter

from Defendant, Chazma Jones a/k/a Chazma Jones-Brown, had to have been composed by

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and her prior to the article interview.

The complicity of Defendant, Texas Education Agency; Defendant, Commissioner, Robert Scott;

Defendant, Karen L. Johnson, and/or Defendant, Mary Perry, and Defendant, Uplift Fort Worth,

CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a

Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R.

Mays, and Defendant, Deion L. Sanders, is further evidenced by the following facts: First, the

number stamped page 000157 was removed from the original version of the application.   This

page contained the "Corporate Sponsor Pledge Sheet," which listed the alleged corporate pledges

referred to in Plaintiff-Relator's, email of November 9, 2011.   Second, pages 000159 through

000169 of the original application were removed from the version of the application which was

considered at the time of voting.   These pages originally contained the proposed start-up budget

proposed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D.

L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church;

Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, including the

alleged $100,000.00 "pledge"/"donation," which was actually a loan, as explained in number

paragraph 65.   Two (2) new unnumbered pages were inserted in the version of the application to

change or modify the financial data to be considered at the time of voting.   These two (2) pages

represent a modified Start-up Budget which contains drastically different financial data.   Such


alteration and supplementation is contrary to the Application Guidelines – Part 3: Schedule Instructions.

85.    Determination of Suitability or Funding, page 12 of 71, which provides:

"The Division of Financial audits will consider the financial data provided in the application and determine whether the applicant provided sufficient information.  Applications submitted with insufficient financial data at the time of original submission will be rejected. Applicants submitting insufficient financial data will not be permitted to submit additional financial data at a later date in order to qualify the application for consideration.

"For applications that have sufficient financial data, the Division of Financial Audits will use that data to determine whether the applicant is financially stable based upon a deficiency of net assets, a deficiency of net unrestricted assets, the ratio of current assets to current liabilities, deficiencies in cash flow, qualifications to the opinions of a independent auditor on the applicant's financial statements, and any other financial data submitted with the application that indicates that the applicant is financially unstable.

"A competitive grant will not be awarded to an entity that is not financially stable as determined by the Division of Financial Audits at the initial time the determination is made, regardless of the final score or ranking of the application.  The determination will be made based upon the financial and other information disclosed in the audit or compilation report submitted with the original grant application."

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, falsely stated that it had pledges totaling $186,000.00.  The listed pledges were nonexistent and were removed

from the application. Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, were allowed to modify and supplement their financial data in violation of the above quoted guidelines. The additional financial data which Defendant, Texas Education Agency; Defendant, Commissioner, Robert Scott; Defendant, Karen L. Johnson, and/or Defendant, Mary Perry, wrongfully allowed Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to submit shows only "Start-up Budget Campus I," and no assets of any kind or cash flow information or data is provided. The application, as submitted for vote on September 16, 2011, contained no financial data or information relative to any temporarily restricted assets, permanently restricted assets, unrestricted assets, or cash flow. In Attachment M to the Sixteenth Generation Charter School Application; Defendant, Texas Education Agency, twice propounded the contingency question: "On page 156 of the charter school application it states a pledge of $100,000.00 from Pinnacle Commercial Property Group (PCPG) to Uplift Fort Worth is to be repaid in year three of the charter school operation. Have these funds now been donated? Or will a repayment be required? Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, twice responded: "The funds on page 156 have been donated; no repayment is due." This response is a false statement because the letter agreement dated January 24, 2011, between Defendant, Uplift Fort Worth, CDC, by and through Defendant, Damien L. Wallace, and

Defendant, Pinnacle Commercial Property Group, LLC by and through Defendant, F. R. Mays, clearly provides that the "donation" of $100,000.00 is subject to repayment in "year three," with "The terms will be discussed for repayment 180 days prior to repayment date." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's was also deceptive, in that they responded "...no repayment is due" to the question "...will a repayment be required?", which does not answer the question. Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant, Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno removed all of the falsely alleged pledges and donations from the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, which left no assets or cash flow to support a finding of financial stability of Defendant, Uplift Fort Worth.

86. j) Submit, as Attachment N, a start-up Budget.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded: "The start-up budget for the proposed school is submitted as Attachment N. It has been prepared using the template required for the application." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones

Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, did attach a start-up budget; however, it was rejected by Defendant, Texas Education Agency, and Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, was wrongfully allowed to amend its Start-up Budget. Notwithstanding the fact that Defendant, Uplift Fort Worth, had no assets or income as described in numbered paragraphs: 83 (b) above.  Defendant, Texas Education Agency; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant, Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno forwarded the 2012–2014 Public Charter School Start-up Grant application, approved the amended Start-up Budget for Campus 1 only, showing projected total start-up expenses for Campus 1 of $447,798.00, which is $152,202.50 less than the $600,000.00 projected start-up expenses contained in the 2012 -2914 Public Charter School Start-Up Grant application, filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and approved by Defendant, Texas Education Agency; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant, Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno.  No Start-up Budget was submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma

Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, relative to Campus 2.

87.     k)     Submit, as Attachment O, a budget for the first year of operations.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "Budgets for the first, second and third year of operations are offered as Attachment O. Second and third year budgets were prepared because the school will escalate enrollment, starting with sixth grade in year one, sixth and seventh grade in year two, and sixth, seventh and eighth grade in year three. They have been prepared using the template required for the application." Actually; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, only submitted a projected "Budget for Year One Operations," showing total projected expenses of $1,823,385.00, which was amended during the contingency process to $2,727,393.00 for Campus 1 only, which was "APPROVED DURING THE CONTINGENCY PROCESS." This approval of projected year one budget, increased by $904,008.00, after removing the falsely alleged pledges and falsely alleged $100,000.00 "donation," during the contingency process constitutes conspiracy on the part of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and Defendant, Texas Education Agency; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant,

Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant, Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno.  Neither a Start-up Budget nor a Year One Budget were submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, relative to Campus 2.  Such failure to properly document the financial stability and projected budgets was not considered by Defendant, Texas Education Agency; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant, Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno in finding that Defendant, Uplift Fort Worth, CDC, was financially stable.  The federal start-up grant funds are being used by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, for the operation of both Campus 1 and Campus 2.  If the Start-up Budgets and Year One Budgets for both campuses had been considered, it would have been extremely clear that, with no assets, no pledges, and no cash flow going into the opening of a charter school with 2 campuses; Defendant, Uplift Fort Worth, CDC, was not financially stable, as the private charter school would be totally dependent on state and federal funding for its existence.  No mention of donations or contributions from Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , or Defendant, Deion L. Sanders, were mentioned in either the Sixteenth Generation Charter School Application or the application for 2012-2014 Public Charter School Start-up Grant, submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones

Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,.   However, after the alleged $100,000.00 "donation" from Pinnacle Commercials Property Group was stricken from the Sixteenth Generation Charter School Application, as discussed above; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, attempted to replace the value of such stricken "donation." Plaintiff-Relator discovered by Public Information Request to Defendant, Texas Education Agency, on April 21, 2013, that Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, had, by email written and sent by Defendant, Chazma Jones a/k/a Chazma Jones Brown, placed a document in the hands of Defendant, Paul Moreno, with the Division of Financial Audit within Defendant, Texas Education Agency, alleging that both Defendant, D. L. Wallace  and Defendant, Deion L. Sanders, each "pledged to secure" the minimum amount of $50,000.00 each, and further that Defendant, Deion L. Sanders, "is covering" the costs of all media to promote the school, school uniforms, athletic uniforms, and other school related equipment," and still further that Defendant, D. L. Wallace , and Defendant, Deion L. Sanders, "…will also ensure that all administrative, facility, staff and other operational costs are covered in the start-up phase of the charter school." The original version of this document was neither addressed to any person or entity, nor was it dated.   Defendant, Texas Education Agency; Defendant, Rick Salvo; Defendant, Mary Perry; Defendant, Paul Moreno; and Defendant, Sonya Etheridge, all employed by Defendant, Texas Education Agency, and Defendant, Uplift Fort

Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, communicated at length about their perceived dilemma concerning the fact that the "Start Up Funding" document submitted by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Deion L. Sanders, was undated, and their concern as to how "the staff in the Division of Financial Audits can, when called upon answer questions by the SBOE, the press, and the general public?" Defendant, Texas Education Agency; Defendant, Rick Salvo; Defendant, Mary Perry; Defendant, Paul Moreno; Defendant, Sonya Etheridge; and Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, conspired among themselves to back-date the second version of the Start Up Funding document to January 2, 2012, (a federal holiday) even though the document was actually filed on March 6, 2012, which was almost three (3) months after the Prime Prep Academy Sixteenth Generation Charter School Application "cleared contingencies." on January 17, 2012.  In the Application Guidelines – Part 3: Schedule Instructions, Determination of Suitability or Funding, page 12 of 88. provides that "Applicants submitting insufficient financial data will not be permitted to submit additional financial data at a later date in order to qualify the application for consideration." as discussed in numbered paragraphs: 85, 151 (e).  The second version of the document was also edited to remove the third (3rd) paragraph, which referred to " the start-up grant of $500,000 from TEA", and replaced it with the false statement, "Wallace and Sanders will also ensure that all administrative, facility, staff and other operational cost are covered in the start-up phase of the charter school." This wording claimed additional financial

assistance, which was not claimed in the first version of the said document.  The said Start Up

Funding document does not appear in the records of the Defendant, Texas Education Agency,

records until March 6, 2012, long after the approval of the application by Defendant, State Board

of Education, on September 16, 2011, and it is neither a part of either the Sixteenth Generation

Charter School Application, including the contingency process, nor the application for 2012-

2014 Public Charter School Start-up Grant, which was required to be filed by January 12, 2012.

On June 14, 2013; Defendant, Arnoldo Alaniz, informed Plaintiff-Relator that he had confirmed

with Defendant, Rick Salvo, that the Sixteenth Generation Charter School Application, filed by

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace;

Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant,

Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, did not clear all

contingencies until January 17, 2012.   However, the 2012-2014 Grant application filed by

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace;

Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant,

Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, was filed on January 11,

2012, and it did not contain the required independent auditor's opinion, as described above in

numbered paragraph 80 (a).  More specifically, on March 6, 2012, Yolanda Rodriquez, with the

Accreditation School Improvement Department of Defendant, Texas Education Agency, advised

Laura Taylor, the Associate Commissioner of Accreditation for Defendant, Texas Education

Agency, by email, that the "Division of Financial Audits communicated to Charters that the

documentation submitted for review of charter financial information was insufficient." The false

statement contained in both the first and second version of the said "Start Up Funding"

document, is confirmed by the "Income Statement" dated October 4, 2012, which discloses only

"gifts and Requests" in the amount of $60,000.00 and "Start Up Grant in the amount of $600,000.00 as income, does not document any donations of $50,000 or other income from Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, or Defendant. Deion L. Sanders. The dilemma described above was a problem of first impression within Defendant, Texas Education Agency, as evidenced by an email from Defendant, Sonya Etheridge, to Defendant, Mary Perry, on March 7, 2012, wherein she discusses a new procedure and states, "Using Prime Prep as an example and starting point for this new process, we are going to prepare a draft report of the findings. We will include an assessment of what the applicant provided and whether or not the information provided sufficiently addresses the findings." In fact, neither documents relative to the said report nor documents relative to the said assessment have been provided by Defendant, Texas Education Agency, in response to Plaintiff-Relator's Public Information Request, and the nonexistence of said documents was confirmed by telephone with Defendant, Kathryn Jones, and Defendant, Arnoldo Alaniz. Defendant, Sonya Etheridge, was employed by Defendant, Texas Education Agency, during the period beginning November 14, 2011, and ending September 19, 2012, and her plan of action described above was never implemented by her or otherwise. The following is a time line of the events relative to the above described conspiracy between Defendant, Texas Education Agency; Defendant, Paul Moreno; Defendant, Sonya Etheridge; Defendant, Rick Salvo; Defendant, Mary Perry; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to obtain the federally funded Start Up Grant:

On March 6, 2012 at 9:47 a.m.; Defendant, Chazma Jones a/k/a Chazma Jones Brown, sent an email to Defendant, Paul Moreno, with the Division of Financial Audit within Defendant,

Texas Education Agency, with a copy to Defendant, Rick Salvo, a Program Specialist in the Division of Charter School Administration, within Defendant, Texas Education Agency, with an undated attachment entitled "Start Up Funding," as described above.

On March 6, 2012 at 11:59 a.m.; Defendant, Paul Moreno, sent an email response to Defendant, Chazma Jones a/k/a Chazma Jones Brown, with a copy going to Defendant, Rick Salvo, asking for a dated document.

On March 6, 2012 at 12:15 p.m.; Defendant, Rick Salvo, sent an email to Defendant, Paul Moreno, expressing his and Defendant, Mary Perry's concern about the vagueness, and late date of approval of the document entitled "Start Up Funded" which was provided by Defendant, Chazma Jones a/k/a Chazma Jones Brown, and whether the Start Up Budget Campus 1 and Year One Budget Campus 1 can be defended, justified, or explained, when asked why they were accepted and approved.

On March 6, 2012 at 12:29 p.m.; Defendant, Paul Moreno, sent the above described email stream, to his superior, Defendant, Sonya Etheridge, who was the Director of the Division of Financial Audit, for review.

On March 6, 2012 at 12:41:33 p.m.; Defendant, Chazma Jones a/k/a Chazma Jones Brown Jones, sent an email to Defendant, Paul Moreno, with a second version of the document entitled Start Up Funding, with edits, including the addition of the date of January 2, 2012 (a federal holiday), and the removal of the original third paragraph and replacement of such paragraph with no reference to the "start up grant."

On March 6, 2012 at 4:57 p.m., Yolanda Rodriguez, with the Accreditation School Improvement Department of Defendant, Texas Education Agency, sent an email to Laura Taylor, with the Accreditation School Improvement Department of Defendant, Texas Education Agency,

informing her that the documentation submitted by Prime Prep Academy for review was insufficient.

On March 7, 2012 at 9:07 a.m.; Defendant, Sonya Etheridge, sent an email to Defendant, Rick Salvo, and Defendant, Mary Perry, with copies to several other persons within Defendant, Texas Education Agency, which announced that "Using Primp Prep as an example" a "new process" would be developed to document the Division of Financial Audits review of Charter Applications.

All of the above described acts and omissions were in violation of Defendant, Texas Education Agency's, own directives contained in Schedule 1, Part 2, List of Required Fiscal-Related Attachments and Assurances, which specifically provides that applicants will not be permitted to submit attachments or revisions to required attachments after the initial submission. Each and every Sixteenth Generation Charter School Application that was approved, other than the application relating to Prime Prep Academy, was supported by the required documentation of adequate start-up funding. All of the Charter School Applications what were not approved, were questioned extensively about their respective start-up funding issues. Only, Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, was provided special treatment and consideration by Defendant, Texas Eduction Agency:

89.    1)      Provide Physical Address of the facility to be used by the proposed charter school and describe the facility.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D.

L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church;

Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded:

"Prime Prep Academy will be located at 4400 Panola Ave.  Fort Worth, TX

76103.

**Facility Features:**
97,000 Square Feet (57,000sq feet in building, 4700 square ft.  in building 2)
Over 50 Classrooms that comfortably seat 25 students each in Building 1
8,000 sq ft.  Indoor activity room with 50 foot ceiling
6,000 sq foot cafeteria – meeting hall
Over 500 Parking Spaces
Over 7 acres of land available for expansion and development
Within one block of bus line
Over 25 Boys/Girls Restrooms
Media Room (Full Recording Studio)
Over 100 total rooms in Building 1
Over 120 Rooms in Building 2
Handicap Accessible
Large Rooms for Science, math and Reading Labs
Full Service Kitchen Are
Administrative Offices
Two Conference Rooms
Two Performance Stages (Complete with Theatre Lighting)
Over Two Dozen Storage Rooms
Private Executive Office (Upstairs Bldg 1)
Three Outside Signage Areas
Outdoor Playground Area
Commercial Carpet and Tile Throughout
Teacher's Lounge (Upstairs and Downstairs)
Over 15 Total Water Fountains (Bldg 1 and 2)"

90.    Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L.

Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church;

Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, first claimed,

in the Lease/purchase Agreement contained in their Sixteenth Generation Charter School

Application that Defendant, Pinnacle Commercial Property Group, LLC, owned the real property

located at 4400 Panola Avenue, Fort Worth, Texas 76103. In fact; Defendant, Pinnacle Commercial Property Group, LLC, never owned any part of the real property referred to generally as "4400 Panola." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, referred to such property as a 97,000 square foot facility which was the intended site for Prime Prep Academy. The real property generally referred to as 4400 Panola Avenue, Fort Worth, Texas 76103 is actually comprised of multiple tracts of land which do not share the address, 4400 Panola. Part of the various tracts of land included in what is described as 4400 Panola Avenue, Fort Worth, Texas 76103, is actually owned by Defendant, Charity Church. This fact was admitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, by replacing their first Lease/Purchase Agreement, which claimed that Pinnacle Commercial Property Group, LLC was the owner, with the Prime Prep Academy Lease, showing Charity Church as the owner. On September 15, 2011, the day before the Defendant, State Board of Education, vote; Defendant, Karen L. Johnson, documented in an email to Defendant, Mary Perry; Defendant, Rick Salvo, and Laura Taylor, the Associate Commissioner of Accreditation for Defendant, Texas Education Agency, that she was advised by "...Courtney Perez, Legal Counsel, for Prime Time. She indicated that contingent upon their receiving a charter; the Charity Church will transfer ownership of the property at 4400 Panola Street to the charter for establishment of their school at that location." Such transfer of ownership did not occur. In fact, the lease agreement between Charity Church and Defendant, Uplift Fort Worth,

only gives the lease the right to use and occupy the premises at 4400 Panola from 6:00 a.m. until

6:00 p.m. The false statement of gifting the 4400 Panola property to Uplift Fort Worth, CDC by

Defendant, Charity Church, was again published in a news article, published November 4, 2011,

in the Austin Statesman by reporting that Defendant, Damien Lamarc Wallace a/k/a D. L.

Wallace , and Defendant, Debbie Ratcliffe had both confirmed the "gift" false statement.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace;

Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant,

Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and Defendant, Fredrick

R. Mays a/k/a F. R. Mays, compounded the blatancy of the "Gift" false statement when he

advised to Leslie Minoria, a reporter with the Dallas Observer who had learned about the Prime

Prep scheme from Plaintiff-Relator, Lawrence M. Smith, that nothing is being used for free.

And said "They are leasing the church from us. There's no donation. Nobody's donating this

church." Defendant, Fredrick R. Mays a/k/a F. R. Mays, falsely stated to Leslie Minoria that he

had not been in touch with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , or

Defendant, Deion L. Sanders. Defendant, Fredrick R. Mays a/k/a F. R. Mays, further falsely

stated that he had not negotiated with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace ,

and by his acts and omissions falsely stated and represented that he " wouldn't even know the

first thing about that. Two separate entities all together, separation between church and state,

believe me. And I don't know the people, I know the board." "I can tell you everything about

Charity. I can tell you nothing about Prime Prep Academy. I can't tell you nothing about Deion

L. Sanders. I can tell you nothing about anybody else, 'cause I don't know them personally."

Defendant, Fredric R. Mays a/k/a F. R. Mays, denied knowing anything about Defendant,

Pinnacle Commercial Property Group, LLC; however, he is listed on the registration documents

filed with the State of Texas, Secretary of State, as the Chief Financial Officer (CFO), and as the Chief Executive Officer (CEO) in the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. The Chief Executive Officer of Defendant, Pinnacle Commercial Property was, and remains to be; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, who was also listed as the "Governing Person" for Defendant, Pinnacle Commercial Property Group, LLC, until December 26, 2011, when he removed himself as the Governing Person, and named Defendant, Kevin Jefferson, as the Governing Person. Although no formal change to the registration documents filed with the State of Texas, Secretary of State indicate a removal of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, as Chief Executive Officer of Defendant, Pinnacle Commercial Property Group, LLC, his name has been removed from the most recent documents on file with the State of Texas, Secretary of State, and no person is listed as the Chief Executive Officer (CEO). Such changes were made during the "Contingency" phase of the Sixteenth Generation Charter School Application, after Plaintiff-Relator alerted Defendant, Texas Education Agency; Defendant, Robert Scott; Defendant, Mary Perry; and Defendant, Karen L. Johnson, of the schemes being perpetrated by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is still the person having a controlling interest in, and is listed as an employee of Defendant, Pinnacle Commercial Property Group, LLC, which is in violation of Section 12.120, Texas Education Code Similarly, with no official change being

filed with the State of Texas, Secretary of State removing Defendant, Chazma D. Jones a/k/a

Chazma Jones Brown, from the office of Chief Operations Officer, Defendant, Kevin Jefferson,

is now listed as the Chief Operations Officer, for Defendant, Pinnacle Commercial Property

Group, LLC. At all times relevant to this suit; Defendant, Fredrick R. Mays a/k/a F. R. Mays,

held the office of Chief Financial Officer with Defendant, Pinnacle Commercial Property Group,

LLC, and he continues to be the Chief Financial Officer. The remainder of the subject real

property is actually owned by Tarrant Resource Education Center, Inc. Tarrant County, Texas

Deed Records document that various tracts of the subject land were transferred back and forth

between Defendant, Charity Church, and Tarrant Resource Education Center, Inc. Those

conveyances were executed by Defendant, Fredrick R. Mays a/k/a F. R. Mays, on as President

for Defendant, Charity Church. Defendant, Uplift Fort Worth, CDC; Defendant, Damien

Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown;

Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant,

Deion L. Sanders's claim of a "97,000 Square Feet (57,00 sq feet in building, 47,000 square ft.

in building 2)" described by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc

Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant,

Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L.

Sanders, in their Sixteenth Generation Charter School Application, is a false statement. The

Tarrant Appraisal District lists the property located at 4400 Panola Avenue, Fort Worth, as being

owned by Charity Church and containing only 58,850 square feet including the land. Defendant,

Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant,

Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R.

Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, falsely represented that Charity

Church owned the "97,000" square foot tract(s) of real property. Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, made false statements by not disclosing the fact that Prime Prep Academy had a second lease agreement, entitled "Commercial Lease," with Tarrant Resource Education Center, Inc. The Prime Prep Academy Lease, between Defendant, Uplift Fort Worth, d/b/a Prime Prep Academy and Defendant, Charity Church, does not specifically describe the extent or location of the land and structures being leased. The Commercial Lease between the owner, Tarrant Resource Educational Center, and Prime Prep Academy does identify the property as 613 Griggs Avenue @Vinson St., Fort Worth, Texas. The Commercial Lease between, Tarrant Resource Educational Center, Inc and Prime Prep Academy was neither tendered nor mentioned by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in either their initial filing of their Sixteenth Generation Charter School Application, or their various amendments and supplementation during the "Contingency Process." Plaintiff-Relator received the Commercial Lease between, Tarrant Resource Educational Center and Prime Prep Academy, through a Public Information Request to Prime Prep Academy. However; Defendant, Texas Education Agency, responded that such document was not in its possession in response to Plaintiff-Relator's Public Information Request for the same information and documents. The address, 4400 Panola Avenue, Fort Worth, Texas 76103, has been used as the address of several fraudulent and deceptive schemes perpetrated by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma

Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, including DFW Training Center and PrimeTimePlayer, which were created and perpetrated by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown: Defendant, Fredrick R. Mays a/k/a F. R. Mays,; Defendant, Sports Groove LLC a/k/a PrimeTimePlayer, as described above in numbered paragraph 49 above. In matters directly relative to the establishment of Prime Prep Academy, the address of 4400 Panola Avenue, Fort Worth, Texas 76103, was used by Defendant, Uplift Fort Worth, CDC (an alleged not for profit entity); Defendant, Pinnacle Commercial Property Group, LLC (a for profit entity); Defendant, Charity Church (an alleged not for profit entity); and Defendant, PrimeTimePlayer, (a for profit entity).

In the original Sixteenth Generation Charter School Application Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, represented that Defendant, Pinnacle Commercial Property Group, LLC, claimed to be "a recognized commercial real estate company in Fort Worth, Texas", was the "sole owner" of the real property referred to as 4400 Panola Avenue, Fort Worth, Texas 76103. In fact; Defendant, Pinnacle Commercial Property Group, LLC, has never owned the real property located at referred to as 4400 Panola Avenue, Fort Worth, Texas 76013, notwithstanding its claim to be the "sole owner" of the real property in the proposed "Lease/purchase Agreement, signed by Defendant, F. R. Mays, as the President of Pinnacle Commercial Property Group, and by Defendant, D. L. Wallace , as CEO of Defendant, Uplift Fort Worth, CDC., which was contained in the Sixteenth Generation Charter School

Application file by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. In its Application for Registration of a Foreign Limited Liability Company, filed by Defendant, Pinnacle Commercial Property Group, LLC, with the Texas Secretary of State, on November 30, 2009; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , was listed as the "Governing Person, and the address was listed as 4400 Panola Avenue, Fort Worth 76103. The entity, Pinnacle Commercial Property Group, LLC, was formed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, in the State of Delaware on September 30, 2009. As of June 1, 2012, the Delaware Department of State: Division of Corporations records reflect that Defendant, Pinnacle Commercial Property Group, LLC, "ceased good standing," due to failure to pay assessed taxes in the amount of $774.25. As of August 7, 2013; Defendant, Pinnacle Commercial Property Group, LLC, had not regained "good standing." Notwithstanding, the said lack of good standing; Defendant, Pinnacle Commercial Property Group, LLC, has continued to conduct business in the State of Texas as a Foreign Limited Liability Company. The only office held by Defendant, Fredrick R. Mays a/k/a F. R. Mays, in the records of the State of Texas is the office of Chief Financial Officer, and no "President" is identified. Defendant, Fredrick R. Mays a/k/a F. R. Mays, who first signed the Lease/Purchase Agreement, as the "President" of Pinnacle Commercial Property Group, LLC, is the known "Bishop" of Defendant, Charity Church, which entered into the new "Prime Prep Academy Lease, through "Senior Pastor," Mitch Felder. After Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, learned that Defendant,

Texas Education Agency, was disallowing the Commercial Lease/Purchase Agreement signed by Defendant, F. R. Mays, as President of Defendant, Pinnacle Commercial Property Group, LLC; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, advised Defendant, Texas Education Agency, during the contingency process, that the Commercial Lease/Purchase Agreement was being removed from the Sixteenth Generation Charter School Application, and replaced it with "Prime Prep Academy Lease" between Defendant, Uplift Fort Worth, CDC and Defendant, Charity Church. Defendant, Texas Education Agency, allowed the "Prime Prep Academy Lease" between Defendant, Uplift Fort Worth, CDC, and Defendant, Charity Church; Defendant, Charity Church is actually controlled by Defendant, Fredrick R. Mays a/k/a F. R. Mays. Notwithstanding Plaintiff-Relator's prior multiple warnings as describe above in numbered paragraph 50 Defendant, Texas Education Agency, approved the "Prime Prep Academy Lease." This was a scheme perpetrated by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to misrepresent the persons and entities involved in the leasing of the property which would be the site of the Fort Worth campus of Prime Prep Academy. The purpose of the scheme was to make it appear that Defendant, Charity Church, was not affiliated with Defendant, Fredrick R. Mays a/k/a F. R. Mays, because Defendant, Fredrick R. Mays a/k/a F. R. Mays, had already become known to be affiliated with Defendant, Pinnacle Commercial Property Group, LLC, relative to the first proposed "Commercial Lease/Purchase Agreement" between Defendant, Uplift Fort Worth, CDC, and Defendant,

Pinnacle Commercial Property Group, LLC. Such "Commercial Lease/Purchase Agreement" and "Sales/Marketing Agreement" had been was disallowed by Defendant, Texas Education Agency, after notice from Plaintiff-Relator, by his email dated October 26, 2011, and subsequent pressure from Eric Dexheimer, an education reporter for The Austin Statesman on November 4, 2011, after being advised by someone within Defendant, Texas Education Agency, of the issues made known by Plaintiff-Relator's email to Defendant, Commissioner Robert Scott; Defendant, Mary Perry; and Defendant, Karen L. Johnson, on October 26, 2011. The deception of this scheme is further manifested in an undated "Commitment Letter from Charity Church to Uplift Fort Worth d/b/a Prime Prep Academy," signed by Ronkesha Richardson, Charity Church Financial Secretary, and Mitchele Felder, Senior Pastor. Ronkesha Robinson is actually Defendant Ronkesha Evett Mays a/k/a Ronkesha Richardson, who is the daughter of Defendant, Fredrick R. Mays a/k/a F. R. Mays. In signing the "Commitment Letter From Charity Church To Uplift Fort Worth d/b/a Prime Prep Academy," Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, used the name "Ronkesha Richardson" to prevent the association of herself with Defendant, Fredrick R. Mays a/k/a F. R. Mays, who was already known as being associated with Defendant, Pinnacle Commercial Property Group, LLC, and the disallowed "Commercial Lease/Purchase Agreement." Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, had used the name "Ronkesha Mays" in every other instance of involvement with the entities at issue in this suit. The name "Ronkesha Mays" is used in the documents relative to Defendant, Charity Church, where she is listed as the "Director." The name "Ronkesha Mays" is used when being listed as an employee of Prime Prep Academy as a "Grant Writer; notwithstanding the fact that neither of the two (2) grants obtained for Prime Prep Academy were written by her, as further described in numbered paragraph 112.

91.     m)     Describe how the facility is currently being used or how it was used in the past.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "Building 1 is used for church services and special events.  Building 2 is used for educational events.  (seminars, leadership conferences, and volunteer tutoring)." In the past, this facility was used for fraudulent schemes by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, as explained above in numbered paragraphs: 48 and 49.  Presently, the facility is being used by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, as the Fort Worth Campus of Prime Prep Academy, only during the hours of 6:00 a.m.  until 6:00 p.m. as further explained above in numbered paragraph 90.

92.     n)     Explain why the site will be a suitable facility for the proposed charter school.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "The physical address of the facility is 4400 Panola Ave.  Fort Worth, Texas 76103.  The facility is equipped for a charter school and is in an excellent location.  The facility is clean, safe, and recently renovated.  The building is 97,000 sq ft. with over 100 classrooms, and over 7 acres of land available for expansion and development." Actually, the facility at the address of 4400 Panola

Ave, Fort Texas 76103 is only part of the premises misrepresented to be at that address. There is a lease agreement between Defendant, Uplift Fort Worth, CDC, dba Prime Prep Academy and Defendant, Charity Church relative to the part of the premises actually located at 4400 Panola Ave, Fort Worth, Texas 76103, and a separate lease between Prime Prep Academy and Tarrant Resource Education Center relative to the part of the premises, located at 613Griggs Avenue @ Vinson Street, Fort Worth, Texas 76103, where Prime Prep Academy is also located, as further explained above at numbered paragraph 59. There was no reference or information relative to the Dallas campus of Prime Prep Academy until a request was made to approve the Dallas campus "during the interview." The same "contingency questions" propounded to Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, relative to the Fort Worth campus were neither specifically propounded nor answered relative to the Dallas campus facility. In fact the Dallas campus of Prime Prep Academy, located at 330 East Ann Arbor Avenue, Dallas, Texas 75216, was in need of considerable repairs and inspections at the time Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, requested consideration of a Dallas campus, but such information was neither requested by Defendant, Texas Education Agency, nor provided by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. Further; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace;

Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, encountered considerable difficulty in obtaining a Certificate of Occupancy from the City of Dallas. There have been significant safety issues relative to the property located at 330 Ann Arbor Ave., Dallas, Texas 75013, and such issues are continuing to this date. When Prime Prep Academy opened on August 27, 2012, it could not obtain a Certificate of Occupancy as required by the Dallas Codes. Apparently due to the notoriety of Defendant, Deion L. Sanders, the City of Dallas issued a temporary Certificate of Occupancy on July 23, 2012, which expired on September 24, 2012. A second Temporary Certificate of Occupancy was issued on or before September 24, 2012 and expired on January 2, 2013. A third Temporary Certificate of Occupancy was issued was on before January 2, 2013 and expired on February 4, 2013. A forth Temporary Certificate of Occupancy was issued on or before February 4, 2013 and expires March 4, 2013. These Temporary Certificates of Occupancy were issued because Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, had applied for a "Special Use Permit." One major code requirement of the City of Dallas to obtain a Special Use Permit is that a "Traffic Management Plan," prepared by an expert in the field and filed with and approved by the Dallas Planning and Zoning Department. Defendant, Uplift Fort Worth, CDC had applied for a Special Use Permit on or about July 23, 202, but, although being requested to several times over the last six (6) months, has failed and refused to submit a Traffic Management Plan for consideration and approval. It was been determined that Defendant, Uplift Fort Worth, CDC's application for a Special Use Permit will be rejected, and Defendant, Uplift Fort Worth, CDC has been advised

that it will have to resubmit its application If and when the Traffic Management Plan has been prepared and filed. Plaintiff-Relator submitted a Public Information request to obtain the correspondence from the Planning and Zoning Department to Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, relative to the procedures, performance, and non-performance relative Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, efforts to obtain a Special Use Permit. Plaintiff-Relator was informed that the matters of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, applications for a Special Use Permit and a Certificate of Occupancy or Temporary Certificate of Occupancy, would be turned over to the Dallas City Attorney for handling. Ultimately, a "Special Use Permit" was granted by the City of Dallas, after lengthy delays in Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, complying with the requirements of the City of Dallas.

93.     dd)     Discuss any progress, partnership developments or future steps towards the acquisition of facility and/or land.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church;

Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, Responded, "There are no plans for acquisitions of land or facilities at this time." While such response may have been accurate as to the property located a 4400 Panola Avenue, Fort Worth, Texas 76103, it was not true as to the Dallas campus, located at 330 East Ann Arbor, Dallas, Texas 75216. In fact, as explained in numbered paragraph 51 (c); Defendant, Uplift Fort Worth, CDC, held title to the property located at 330 East Ann Arbor Avenue, Dallas, Texas 75216 at the time Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, filed the subject Sixteenth Generation Charter School Application for the establishment of Prime Prep Academy, but such information was neither provided to Defendant, Texas Education Agency by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, nor was it requested by Defendant, Texas Education Agency.

94.     ee)     Submit Attachment R, a copy of the negotiated lease agreement(s), deeds, to property earnest money contract, or purchase agreement(s), as applicable.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, Responded, "The letter of agreement between Pinnacle Commercial Property Group and Prime Prep Academy is included as Attachment R."

95.    ff.)    Identify the individuals who negotiated the lease or purchase of the facility on the behalf of the lessor or seller and the sponsoring entity. Note any relationship or business affiliation between the individuals identified above.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, Responded, Lease agreements were negotiated by DL Wallace, CEO of Uplift Fort Worth and F.R. Mays, Managing Partner, Pinnacle Commercial Property Group." Again; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, failed to disclose the he is the CEO of Defendant, Pinnacle Commercial Property Group, LLC and Defendant, Uplift Fort Worth, CDC, as explained in numbered paragraph 90.

96.    gg.)    Identify all other organizations or individual that will be using the facility in addition to proposed charter school.

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, responded, "There will be no other organizations utilizing the facilities."

97.    In fact, at the time of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's submission of the subject Sixteenth Generation Charter School application, Tarrant Resource Education Center, Inc. owned a large portion of the property proposed to be used for the Fort Worth campus of Prime Prep Academy, as discussed in numbered paragraphs: 90.

Above  Also, on or about March 10, 2011 after Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, submitted the subject Sixteenth Generation Charter School application; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, through Defendant, Uplift Forth Worth, CDC, submitted application for approval to conduct a program on and about the premises located at 4400 Panola Avenue, Fort Worth, Texas in conjunction with the Texas Department of Agriculture Summer Food Service Program out of this property as a feeding site, as explained in numbered paragraph 48(c) above.

98.    Numbered Page 000066 entitled Attachment B, Public Hearing Synopsis, submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, as part of the subject Sixteenth Generation Charter School application falsely states "We have over 1000 signatures from city leaders and business owners in support of Prime Prep Academy." In fact the attendance at the public meeting was 11 people.  Plaintiff-Relator has personal knowledge that a large number of signatures were obtained, but such signatures were given at a Christmas Giveaway, held at Charity Church in 2009, and were signatures of people in the immediate community, and were given relative to a totally different attempt by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R.

Mays, and Defendant, Deion L. Sanders, to create a University Charter School through the University of North Texas, to be called University of North Texas Charter School. Such effort was abandoned by the University of North Texas.

### False Statements Contained in The Sixteenth Generation Charter School Applicant Biographical Affidavit of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace

99.    Numbered pages 000083 through 000086 of The Sixteenth Generation Charter School Applicant Biographical Affidavit completed and filed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , contains false and conflicting statements in the following subparagraphs: as follows:

100.    Item 5 inquires as to the applicant's Education, specifically requiring information as to the "Dates, Names, Locations and Degrees.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , failed to disclose the fact that he did not receive a college degree, in the first version of item 5, and intentionally provided even less information in the revised version during the contingency process by intentionally omitting the dates of attendance and the location of the university attended.  By omitting the required biographical information; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, intentionally created the false intention that he had obtained a college degree from Baylor University, when he had not.  At a town hall meeting on February 23, 2012; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, announced to the attendees that he was a Baylor "alum." The usage of the word "alum" could be considered correct because said defendant did attend Baylor University; however, the connotation of the word is that graduation has occurred.  Such is particularly true, in the instance of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, speaking to the public in a town hall meeting regarding the establishment of a charter school, and ultimately holding the position of Superintendant and Executive Director of Prime Prep Academy.

101.   Item 7 requires the applicant to "List complete employment record, including self-employment (up to and including present jobs, positions, directorates or officerships) for the past 10 years including dates, employers, addresses and positions held." The first version of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace's, answer listed the following employments:

"Enterprise, Arlington, - Director of Finance 1996-2000."

"Vantile Group –Arlington, TX Director of Finance 200-2005"

and goes on to claim that he "Retired from Corporate America – 2005" and that from "2005-present he was a business entrepreneur."  In his second version of item 7; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, totally changed his employment history and listed the exact names of employers and dates of employment as listed for the same inquiry relative to Biographical Affidavit of Defendant, Chazma Jones a/k/a Chazma Jones Brown, as follows:

"Capital One Financial 2000-2004

"Home Loan Financial 2004-2006 (although he had claimed to have retired in 2005)

"Bank of America 2006-2007 (although he had claimed to have retired in 2005)

"Sports Groove Online 2006-present"

which omits the employments claimed in the first version, and admits the falsity of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, claimed retirement from "Corporate America." in 2005.

102.   Item 8 requires a "list of all businesses or organizations of which you are a partner or in which you have a majority interest." In the first version of the response submitted by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , only an alleged only a partnership in "Sports Groove Online INC." Plaintiff-Relator and his wife were victimized by Defendant, Damien

Lamarc Wallace a/k/a D. L. Wallace, on December 4, 2008, when said defendant sold them 5000 shares of "Preferred Stock" in Sports Groove Online INC. for $2,000.00. Plaintiff-Relator later determined that Sports Groove Online INC did not actually exist. No stock was issued, and no refund was paid. This fact was verified by Mr. Jay Oman, Assistant Director of Texas State Securities Board. In the second version of the response; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, lists the following businesses of which he was a partner or owned a majority interest:

103. "Sports Groove, LLC," is an entity that did exist at all times relevant to this cause, and is a Defendant in this cause. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, was listed as the "founder" of Defendant, Sports Groove LLC, and the Chief Executive Officer of Defendant, Uplift Fort Worth, CDC. Sports Groove, LLC did business as "Prime Time Player," which was documented by an Assumed Name Certificate signed and filed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallac , in Tarrant County, Texas, as the "President" of Defendant, Sports Groove, LLC, on December 3, 2007. The Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on February 22, 2011, included a proposed "Sales and Marketing Agreement" between Defendant, Uplift Fort Worth, CDC and Defendant, Prime Time Player, (the assumed name of Defendant, Sports Groove LLC) which was signed by Defendant, Kevin Jefferson, as Chief Executive Officer of Prime Time Player, and Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , as Chief Executive Officer of Defendant, Uplift Fort Worth, CDC. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Kevin Jefferson, are both also officers of

Defendant, Pinnacle Commercial Property Group, LLC, as explained in numbered paragraph 65. On October 26, 2011, Plaintiff-Relator advised Defendant, Texas Education Agency, by email of the conflict of interests and dual capacities involving. On or about August 28, 2012, the Sports Groove, LLC's Certificate of Formation was amended to remove the name of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, as the "founder," and Defendant, Sean Allen, was named as the Executive Director. The title of "Founder" was no longer part of the Certificate of Formation as a result of omission in the amendment process.

104. "Pinnacle Commercial Property Group" refers to Defendant, Pinnacle Commercial Group, LLC, which was created by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, as explained in numbered paragraphs: 90. This business was not mentioned in the first version of the response submitted as part of the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, which was "revised during contingency process" after Plaintiff-Relator alerted Defendant, Texas Education Agency, through emails to Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson, on October 26, 2011, that Sports Groove On Line, Inc. did not exist, and that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , had sold Plaintiff-Relator alleged "preferred stock" in the nonexistent Sports Groove On Line, Inc., incident to a fraudulent scheme. Therefore; Defendant, Texas Education Agency; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, and Karen L. Johnson, were all aware of such false statement, and conspired together and with Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant,

Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in allowing said defendants to revise the subject response.

105. "Prime Time Player, LLC" has never existed as a legal entity. As explained above, "Prime Time Player" was an assumed name of Sports Groove LLC.

106. Item 9 requires a list of all previous experience with charter schools, including open-enrollment schools and/or campus or program charters including dates, charter schools/charter holders, addresses and positions held. After falsely stating that he had no relationship with Life School, as explained in numbered paragraph 51 above; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , twice stated in two (2) versions of his response that he did have a relationship with Life School. The original version alleges that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , was a Charter School Consultant, and that the assisted charter schools (plural) with initial visioning, Organizational planning and marketing and ongoing management needs of school, and lists only one school, that being Life School of Dallas, 915 I35, Lancaster, TX 75146, and provides no dates. The Second version provides even less information, in that it responds only "Charter School Consultant" and "Life School Dallas."

107. Item 13, inquires whether Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, will be employed by or contract with the sponsoring entity, the charter school, or the management company of the school. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, answered "No" to this inquiry. This was a false statement, in that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is employed by Prime Prep Academy, as "Superintendent" and "Executive Director." Notwithstanding that fraudulent and false statement, during the period from November 15, 2012, through April 10, 2013, Prime Prep Academy employees: Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Chazma Jones a/k/a Chazma

Jones Brown; Defendant, Carlos Garza; Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson; Defendant, Sean Allen; Defendant, Cleveland Starr; and Defendant, Kevin Jefferson, conspired in a scheme to financially benefit from the funds granted to the school. With the exception of Defendant, Carlos Garza, these listed Defendants all participate together in previous fraudulent schemes, including the Summer Food Service Program and the DFW Business Training Center in numbered paragraph 48. All of the defendants named in this paragraph either are or were employees of either the contracting entity or the Charter School, Prime Prep Academy at some time relevant to this suit as explained in detail as follows:

**Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace**

108.    As of November 15, 2012; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, was paid $128,500.00 as the "Superintendent" and the "Executive Director" of the Charter School, Prime Prep Academy. As of January 24, 2013; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, salary increased to $130,000.00 as "Superintendent" and "Executive Director" of the Charter School, Prime Prep Academy.

**Defendant, Deion L. Sanders**

109.    As of November 15, 2012, the salary for; Defendant, Deion L. Sanders, as "Assistant Athletic Director/Marketing" $40,000.00. As of January 24, 2013, the salary for Defendant, Deion L. Sanders, was increased to $80,000.00, to be employed only as "Marketing." As of April 10, 2013 the salary for Defendant, Deion L. Sanders, was reduced to $40,000.00, to serve as the "Assistant Athletic Director" of the Charter School, Prime Prep Academy. During the review process relative to the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R.

Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, Said Defendant, Deion L. Sanders, represented to Defendant, Barbara Cargill, State Board of Education Member for District 8 and Board Chairwoman, that Defendant, Deion L. Sanders, would have no role in Prime Prep Academy. Defendant, Deion L. Sanders, stated publicly that "this was not about money", and that he was not "getting one dime from this" and that he is starting a Charter School "for love, not money." Further, on or about January 3, 2012; Defendant, Karen L. Johnson, stated, in an email to Defendant, Mary Perry, that "Mr. Sanders will have no official role with Prime Prep. He is just the cheerleader so to speak as I understand from Courtney Perez, their lawyer." There was considerable additional email communications between Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Debbie Ratcliffe; and Defendant, Barbara Cargill, which further developed, which apparently did not close out the prospect that Mr. Sanders may choose to change the nature of his affiliation with Prime Prep Academy in the future, to the extent that Defendant, Debbie Ratcliffe, ultimately that "It doesn't sound like Sanders and Wallace are distancing themselves from this school at all."

### Defendant, Chazma Jones a/k/a Chazma Jones Brown

110. Defendant, Chazma Jones a/k/a Chazma Jones Brown is not listed on the salary documents as a paid employee for Prime Prep Academy; however she has a Prime Prep Academy personal school email. She has responded to several of Plaintiff-Relator's Public Information Requests. She also was listed on both of the federal grant application (2012-2013 NCLB consolidated Federal Grant Application and 2012-2013 Special Education Consolidated Grant Application) as the Business Manager for the Charter School, Prime Prep Academy, and used personal school email, cdjones@primeprepacademy.org. As explained above; Defendant, Chazma Jones a/k/a Chazma Jones Brown, has been instrumental in the conspiracy and making

of false statements which form the basis of this suit, and other fraudulent schemes perpetrated by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and others, including the DFW Business Training Center, LLC scheme and the 2011-2012 Summer Feed Service Program, as further described above in numbered paragraph 48.

**Defendant, Carlos Garza**

111.   As of August 27, 2012, Prime Prep Academy listed no person as "Principal," but listed three (3) persons as "Assistant Principals" at the Dallas Campus, and none at the Fort Worth Campus. Effective January 5, 2013; Defendant, Carlos Garza, was hired as the "Principal of Prime Prep Academy at the Dallas campus. This employment action was so egregious that it prompted Texas State Senator, Bob Deuell, to propose Senate Bill No.  1725, which would declare such employment a criminal bill, punishable as a Class A Misdemeanor. On March 12, 2013, at 7:54 a.m., Brantley Hargrove, a Reporter with the Dallas Observer, posted a story about Senator, Bob Deuell's action. As of January 24, 2013; Defendant, Carlos Garza's, annual salary was listed as $59,687.66 to serve as the "Principal" for Prime Prep Academy at the Dallas campus. As of April 10, 2013; Defendant, Carlos Garza's, annual salary was increased to $85,000.00. Defendant, Carlos Garza, was previously a member of the State Board of Education representing District 1. During the consideration of the voting on the Uplift Fort Worth, CDC Sixteenth Generation Charter School Application on September 16, 2012; Defendant, Carlos Garza, stated that if Prime Prep Academy needed help, he would "volunteer" to help them. Also, on September 16, 2011, Texas State Board of Education Board member for District 1; Defendant, Carlos Garza, made known his enthusiasm to approve the Prime Prep Academy Charter School application, stated that if the school needed help, he would "volunteer" his services to help.

**Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson**

112.    As of November 14, 2012; Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, was employed by Prime Prep Academy as "Grant Writer" at an annual salary of $33,500.00.  As of January 24, 2013, the annual salary for Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, had been increased to $34,900.00, still as a "Grant Writer" for Prime Prep Academy. As of April 10, 2013, the salary of Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, was listed as $9,398.32, as a Grant Writer for Prime Prep Academy.  Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson's, name does not appear on either the 2012-2013 NCLB consolidated Federal Grant Application or the 2012-2013 Special Education Consolidated Grant Application, in any capacity.   Such applications were actually signed by Defendant, Chazma Jones a/k/a Chazma Jones Brown, as "Business Manager" for Prime Prep Academy.  Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, is also part of the Charity Church Leasing Agreement scheme to conceal her father; Defendant, Fredrick R. Mays a/k/a F. R. Mays's, name and from the previous fraudulent leasing agreement, which was disapproved by Defendant, Texas Education Agency, during the contingency process as explained in numbered paragraphs: 51(b).

**Defendant, Sean Allen**

113.    Defendant, Sean Allen, was not a paid employee with Prime Prep Academy as of January 24, 2013.  However as of April 10, 2013; Defendant, Sean Allen, is listed as Vice Principal of Prime Prep Academy at the Dallas campus, as an annual salary of $54,000.00.   In 2011; Defendant, Sean Allen was part the 2011-2012 Summer Feed Service Program scheme with Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant,

Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and others against the Texas Department of Agriculture and the United States of America

**Defendant, Cleveland Starr**

114. As of November 15, 2012; Defendant, Cleveland Starr, was listed as a Vice Principal of Prime Principal of Prime Prep Academy at the Dallas campus, with an annual salary of $52,500.00. As of January 24, 2013; Defendant, Cleveland Starr's, was making $52,000.00 as a Vice-Principal with Prime Prep Academy. Although Defendant, Cleveland Starr, is listed as the Vice Principal, on or about August 17, 2012, he appeared on behalf of Prime Prep Academy as the Athletic Director at a 11-3-A District Conference meeting. Defendant, Cleveland Starr, was part of the DFW Business Training Center, LLC scheme, which included but not limited to, "INNSYTES", "BIB", and "DFWRTG," all of which defrauded investors.

**Defendant, Kevin Jefferson**

115. On or about July 23, 2012; Defendant, Kevin Jefferson, in conjunction with Prime Prep Academy's application for a "Special Use Permit", was listed as both the Chief Financial Officer and a Director of Prime Prep Academy. On or about November 15, 2012; Defendant, Kevin Jefferson, was listed as the Chief Operations Officer for Prime Prep Academy, at an annual salary of $75,000.00. As of January 24, 2013; Defendant, Kevin Jefferson, is no longer listed as a Director, Chief Financial Officer, Chief Operations Officer, or any other office associated with Prime Prep Academy. Defendant, Kevin Jefferson, was also associated with; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, in previous schemes such as the 2011 – 2012 Summer Food Services Program, the Sales and Marketing Agreement which was disallowed by

Defendant, Texas Education Agency, relative to the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and the Prime Time Player scheme, as described in numbered paragraphs: 90, 103, 115, 151(d).

116.    Item 18 asks "Have you ever been an officer, director, trustee, investment committee member, key employee, or controlling stockholder of any business, which, while you occupied any such position or capacity with respect to it, became insolvent, declared bankruptcy, or was placed under supervision or in receivership, rehabilitation, liquidation or conservatorship? To this inquiry; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, falsely responded "No," without any qualifying comments provided.  In fact Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, was the principal of DFWBTC, LLC, which was declared ineligible by the Texas Secretary of State to conduct any business in the State of Texas because its Charter and certificate had been forfeited on or about August 15, 2006, by Texas Secretary of State due to non-reporting and non-payment of taxes.  Said forfeiture was never corrected.  Mr.  Wallace knowingly and intentionally deceived and perpetrated a fraud on the City of Grand Prairie, Texas Weed and Seed Program by entering into a government contract after his business, DFWBTC LLC, became insolvent, and formally ceased doing business by so advising his investors in writing on or about February, 2007.  On October 26, 2011, Plaintiff-Relator sent an informative email and documentation evidence to Defendant, Texas Education Agency; Defendant, Karen L. Johnson; Defendant, Mary Perry; Defendant, Robert Scott highlighting this particular fraud by Defendants.  This was done prior to the contingency approval on Dec 6, 2011.

**False Statements Contained in The Sixteenth Generation Charter School Applicant Biographical Affidavit of Defendant, Chazma Jones a/k/a Chazma Jones Brown**

117.    Numbered pages 0000100 through 0000102 of The Sixteenth Generation Charter School Applicant Biographical Affidavit completed and filed by Defendant, Chazma Jones a/k/a Chazma Jones Brown, contains false and conflicting statements in the following subparagraphs: as follows:

Item 7 requires the applicant to "List complete employment record, including self-employment (up to and including present jobs, positions, directorates or officerships) for the past 10 years including dates, employers, addresses and positions held:" Defendant, Chazma Jones a/k/a Chazma Jones Brown, with two different versions during the contingency Process. The first version listed the exact same employers and dates of employment (except for the alleged start date of employment by Sports Groove Online as was listed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , in response to the same inquiry in his Biological Affidavit. The second version listed the same employers as was listed in the first version, but changed the start date of the alleged employment by Sports Groove Online from 2007 to 2006, which made Defendant, Chazma Jones a/k/a Chazma Jones Brown's, response exactly match the response given by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace . Plaintiff –Relator will show that at all times relative to this suit, the name "Sports Groove Online" does not exist with regard to any legal entity or assumed name for any person or entity in the state of Texas. Also mention the failure to list positions held and addresses etc.

118.    Item 8 requires a "List of all businesses or organization of which you are a partner or in which you have majority interest." During the contingency process; Defendant, Chazma Jones a/k/a Chazma Jones Brown, revised her original answer to this item, which was "n/a," to the exact same list of businesses as was listed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, to the same inquiry. Neither; Defendant, Chazma Jones a/k/a Chazma Jones Brown,

nor by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, include information about DFWBTC, LLC, which was another fraudulent scheme used by said defendants, as principals of the DFWBTC, LLC, which, after collecting considerable investments in stock, closed down DFWBTC, LLC and failed to return the investments to the investors. The responses to items 7, 8, and 9 in the Biographical Affidavit of said defendants are identical.

119.    Item 9 requires a list of all previous experience with charter schools, including open-enrollment schools and/or campus or program charters including dates, charter schools/charter holders, addresses and positions held. Defendant, Chazma Jones a/k/a Chazma Jones Brown's, response is identical to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, response, both of which establishes that they have a relationship with Life School as a "Charter School Consultant, Life School of Dallas, and fails to give the address of Life School as requested. Both of said Defendants had previously denied any relationship with Life School, as described in numbered paragraphs: 51.

120.    Item 13, inquires whether Defendant, Chazma Jones a/k/a Chazma Jones Brown will be employed by or contract with the sponsoring entity, the charter school, or the management company of the school. Defendant, Chazma Jones a/k/a Chazma Jones Brown, answered "No" to this inquiry. In fact, however; Defendant, Chazma Jones a/k/a Chazma Jones Brown, is either an employee of Prime Prep Academy and/or Defendant, Uplift Fort Worth, in that she is listed as the Business Manager of Prime Prep Academy, and has held several offices and titles within Defendant, Uplift Fort Worth, CDC, all as more fully described in numbered paragraph 110.

121.    Item 18 "Have you ever been an officer, director, trustee, investment committee member, key employee, or controlling stockholder of any business, which, while you occupied any such position or capacity with respect to it, became insolvent, declared bankruptcy, or was placed

under supervision or in receivership, rehabilitation, liquidation or conservatorship? To this inquiry; Defendant, Chazma Jones a/k/a Chazma Jones Brown, falsely responded "No," without any qualifying comments provided. In fact; Defendant, Chazma Jones a/k/a Chazma Jones Brown, was deeply involved in the business schemes, including but not limited to DFWBTC, LLC, with Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, a/k/a D. L. Wallace , to defraud investors, and failed and refused to return the investments so fraudulently obtained, as explained and disclosed in numbered paragraphs: 116, 117, 118.

122.    On Page 000110 and 000113 of the Sixteenth Generation Charter School Application filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, included a copy of both the Certificate of Amendment, allegedly signed by Defendant, William McKinley Jackson on January 31, 2011, and filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on February 7, 2011 , and the Certificate of Correction allegedly signed on November 18, 20110, and filed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, on behalf of Defendant, Uplift Fort Worth, CDC, on December 1, 2010, falsely purport to bear the signature of Defendant, William McKinley Jackson; however, the signature is actually a stamp. This same stamped signature is exhibited on each of the above named documents on two different dates. This same false representation was perpetrated by

Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, against the Texas Department of Agriculture and the United States of America relative to the Texas Summer Food Services Program as well.

123.    On page 119, Bylaws of Uplift Fort Worth the stated purpose was amended to reflect that it was formed "solely to finance, develop, operate, and manage Prime Prep Academy" as stated in numbered paragraph 79 and 81 above.

124.    Page 000126 of the Sixteenth Generation Charter School Application which contains the Human Resources Information Form Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, established that the salary to be paid to the "CEO/Superintendent $105,782.00 annually and was not to exceed that amount.  As explained in numbered paragraph 107 above, notwithstanding his misrepresentation that he would not be employed by or contract with Prime Prep Academy; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, a/k/a D. L. Wallace , was and is listed at the CEO/Superintendent the day Prime Prep Academy first opened its doors as a charter school and his annual salary is currently $130,000.00 as described in more detail in numbered paragraph 108 above.

125.    Pages 000138- 000145 (Attachment J Audit Report, Statement of Activities Statement of Financial Position, Cash Flow, and Certification) contain numerous false statements as described in detail in numbered paragraph 80 (a) above.

126.   Page 000156.  (Letter from Pinnacle Commercial Property Group) contains numerous false statements as described in detail in numbered paragraph 85 above.

127.   Page 000157 (Corporate Sponsor Pledge Sheet) was removed during the contingency process and contains numerous false statements as described in detail in numbered paragraph 84 (i).

128.   Pages  000158-000170, (Attachment N  Start-Up Budget) contain numerous false statements as described in detail in numbered paragraph 86 (j) above.

129.   Pages 000171-000186 (Attachment O Budget for Year One Operations) contain numerous false statements as described in detail in numbered paragraph 87 (k) above.

130.   Pages 000187 – 000194, (Attachment P – Negotiated Service Agreement(s), and Sales and Marketing Agreement) contain numerous false statements as described in detail in numbered paragraph 151 (d) below.

131.   Page 197 – 213, Attachment R - Negotiated Lease Agreement (s), Deed (s), to Property Earnest Money Contractor (s) or Purchase Agreement, ) contains numerous false statements as described in detail in numbered paragraph 90 above.

**FALSE AND FRAUDULENT RECORDS AND FALSE STATEMENTS MADE BY DEFENDANTS RELATIVE TO THE TEXAS EDUCATION AGENCY 2012-2014 PUBLIC CHARTER SCHOOL FEDERAL START-UP GRANT APPLICATION SUBMITTED BY UPLIFT FORTWORTH, CDC**

132.   Plaintiff-Relator will show that on or about January 11, 2012, ; Defendant, Damien Lamarc Wallace; Defendant, Deion L. Sanders; Defendant, Fredrick R. Mays; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Carl Gerald Dorvil; Defendant, T. Christopher Lewis ; Defendant, William McKinley; Defendant, Erica Wilson; Defendant, Cleveland Starr; Defendant, Sean Allen, Defendant, Kevin Jefferson; Defendant, Uplift Fort Worth, CDC; Defendant, Sport Groove, LLC d/b/a Prime Time Player; Defendant, Charity

Church; Defendant, Full Gospel Holy Temple; Defendant, Herman Murray,; Defendant, Pinnacle Commercial Property Group; Defendant, Texas Education Agency; Defendant, Texas State Auditor's Office; Defendant, Robert Scott; Defendant, Mary Perry; Defendant, Karen L. Johnson; Defendant, Rick Salvo; Defendant, Kathryn Jones; Defendant, Arnoldo Alaniz; Defendant, Debbie Ratcliffe; Defendant, Sonya Etheridge; Defendant, Paul Moreno; Defendant, Texas State Board of Education; Defendant, Mavis Knight; Defendant, David Bradley; Defendant, Barbara Cargill; Defendant, Carlos Garza; Defendant, Royce West, Defendant, Jane and John Doe have jointly and severally committed acts and omissions that contributed to and resulted in the making of false and fraudulent statements and claims to obtain federal grant funds through the Defendant, Texas Education Agency, by applying for said funding through Defendant, Uplift Fort Worth, CDC, which are falsely represented to be a nonprofit entity. The false and fraudulent statements and claims that were made by said Defendants through Defendant, Uplift Fort Worth, CDC, during the time periods beginning on or about February 18, 2011, through January 11, 2012. The said false and fraudulent statements and claims were made by said defendants for the purpose of obtaining federal grant funds. Said false and fraudulent statements and claims include, but are not limited to, the following:

133.    On Page 1 of 79, Part 1, "Authorized Official," Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, D. L. Wallace, signed the document "certifying" that all information is, to the best of his knowledge, correct, when he knew that there was no approved showing of financial stability which was approved during the contingency review process, in that the last proposed donations allegedly pledging $50,000.00 pledged by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, D. L. Wallace, and Defendant, Deion L. Sanders, individually, as explained in detail above in numbered paragraph 87 (k).

134.    On Page 2 of 79 in the Part 2, Item 2, "Assurance of Compliance" section; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,; Defendant, Sonya Etheridge (working in the Division of Financial Audit); Defendant, Paul Moreno (working in the Division of Financial Audit); and Defendant, Texas Education Agency, conspired to find that the prior fiscal year Audit was in compliance, when in fact it did not meet the requirements for compliance, as explained in detail in numbered paragraph 87 (k).

135.    On Page 2 of 79, Part 3, Item 3, in the "Proof of Financial Stability:" Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,; Defendant, Sonya Etheridge (working in the Division of Financial Audit); Defendant, Paul Moreno (working in the Division of Financial Audit); Defendant, Rick Salvo, (working in the Division of Charter School Administration), and Defendant, Mary Perry, (working in the Division of Charter School Administration) has alleged that Defendant, Uplift Fort Worth, CDC's, financial stability was found to exist and was documented, when in fact it was not as explained in numbered paragraphs: 87 (k).

136.    On Page 21 of 79, Part 1, "Supplement-Not Supplant:" The CEO/Executive Director of Prime Prep Academy.  Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, assures the TEA that he will monitor the federal funds supplemented into the charter school to ensure that all funds allocated from this grant are used "in accordance with grant guidelines".  He goes on to say that, he "will maintain documentation which clearly demonstrates the supplementary nature of granted funds." If fact; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc

Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, filed the 2012-2014 Public Charter School Start-Up Grant with no existing funding. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Fredrick R. Mays a/k/a F. R. Mays, first falsely represented that Defendant, Pinnacle Commercial Property Group, LLC was pledging $100,000.00 as start-up funding. After Plaintiff-Relator alerted Defendant, Texas Education Agency of the conflict of interests that existed, in that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , was and is the Founder and Chief Executive Officer of Defendant, Pinnacle Commercial Property Group, LLC, and that Defendant, Fredrick R. Mays a/k/a F. R. Mays,was falsely represented to be the Chief Executive Officer, when in fact said defendant was and is listed as the Chief Financial Officer of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, then falsely represented to Defendant, Texas Education Agency that Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , would each contribute $50,000.00 to the start-up of Prime Prep Academy, and that they would be personally responsible for the payment of various other expenses, as more fully explained in numbered paragraph 87(k).

136.    On Page 22 of 79, Schedule #4B Part 1, Program Description: Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, claim that LeRoi Phillips (Athletic Director at Dallas Community College District) supports the establishment of Prime Prep Academy. Mr. Phillips is not the Athletic Director at Dallas Community College; he is the head basketball

coach at Dallas Community and serves as Assistant Athletic Director and not the head Athletic

Director.. Mr. Phillips stated in a news article in the Dallas Observer (May 3, 2012) "I have no

involvement with them," that he had never even met even met Wallace or sanders, and "I have

no take on it, one way or the other.", as more fully explained in numbered paragraph 75.

137.    On Page 22 of 79, Schedule #4B Part 1, Program Description: Defendant, Uplift Fort

Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma

Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays

a/k/a F. R. Mays, and Defendant, Deion L. Sanders, falsely stated that Dr. Tom Wilson (Founder

of Life Schools of Dallas) supports the establishment of Prime Prep Academy. While Mr.

Wilson supports the charter school movement, he made it clear in a Dallas Observer news article

(May 3, 2012) that he had "no opinion" of Defendant, Damien Lamarc Wallace a/k/a D. L.

Wallace ability to operate a charter school.

138.    On Page 22 of 79, Schedule #4B, Part 1, Program Description: Defendant, Uplift Fort

Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma

Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays

a/k/a F. R. Mays, and Defendant, Deion L. Sanders, claims that State Senator Royce West

supports the establishment of Prime Prep Academy. On February 8, 2009; Defendant, Royce

West arranged a meeting with State Education Commissioner; Defendant, Robert Scott;

Defendant, Deion L. Sanders, and Defendant Damien LaMarc Wallace a/k/a D. L. Wallace at a

restaurant in Austin Texas, as more explained in numbered paragraphs: 65.

139.    On Page 24 of 79, Schedule #4B, Part 1, Program Description: Project Management:

Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, claimed that "DL Wallace served as

Project manager for the team that spearheaded the charter school application. This included

leading the research team that determined the viability for the charter school, recruiting corporate community and local business partners to support the initiative and overseeing the financial activities associated with the same." He further states "Wallace served as Project Manager for the Uplift Fort Worth Summer Feeding Initiative, a program that served over 300,000 meals to underserved youth in the Dallas and Fort Worth communities in the summer of 2011. This project included coordinating with local churches, summer camps and other community programs that served large numbers of children. He also developed the training classes to comply with Texas Department of Agriculture regulations." Plaintiff-Relator contacted each and every one of the corporate entities listed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, listed in their Sixteenth Generation Charter School Application, and none of those entities that responded to his inquiry confirmed any pledge or sponsorship. Plaintiff-Relator, sent email on November 9, 2011, notified Defendant, Texas Education Agency; Defendant, Karen L. Johnson; Defendant, Robert Scott, and Defendant, Mary Perry, of his findings regarding Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders' false statements, as to corporate support and pledges. Further, Plaintiff-Relator, by email on October 26, 2011, advised the same defendants of past false statements relative to previous litigation against Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and provided

documentation of the falsity of such previous false statements by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. After such notifications by Plaintiff-Relator; Defendant, Texas Education Agency, physically removed the page 000157 containing the false statements regarding the corporate support and pledges from the Sixteenth Generation Charter School Application, without and documentation of such removal. Knowing of the said false statements, and the fact that Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, actually had no startup funding; Defendant, Texas Education Agency; Defendant, Karen L. Johnson; Defendant, Robert Scott, and Defendant, Mary Perry, continued to process the said Sixteenth Generation Charter School Application, in conspiracy with Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, to defraud the United States to receive federal grants. These matters are explained in greater detail in numbered paragraph 84 (i). The Texas Department of Agriculture records of the number of meals served by Defendant, Uplift Forth Fort, CDC, in its 2011 Summer Feeding Initiative, documented only 199,106 meals, and not the "over 300,000 meals claimed to have been served by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders. This false statement about the 2011 Summer Food

Service Program was used to successfully obtain a $600,189.34 in grant funds from the United States of America.

140.    On Page 24 of 79, Schedule #4B, Part 1, Program Description; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, claims that "D. L. Wallace has a well-documented history of leadership and successful business development." In fact, however; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, has started numerous business ventures and entities relative to such ventures, which were not bona fide attempts to participate in the business community as listed in the following chart"

| Name of Business Venture | Business Initiative | Present Status |
|---|---|---|
| DFWBTC, LLC<br>Established: 02-01-2005 | To train post college graduates to communicate effectively in the business community | No longer exists, and investors lost their invested funds |
| Sports Groove, LLC<br>Established: 10-30-2006 | Promotion of student athletes, and to do business under several assumed names | Still exists, but is inactive under all assumed names, and changed the Chief Executive Officer from D. L. Wallace to Sean Allen on February 13, 2012. |
| Prime Time Player<br>Established: 09-04-2007 | Promotion of student athletes. | No longer doing business and the web sites removed. |
| Prime Time Player.com<br>Established: 12-3-2007 | Promotion of student athletes as an assumed name of Sports Groove, LLC | No longer doing business, and the web sites removed |
| Prime Time Players.com<br>Established: Name Only | Promotion of student athletes | No longer doing business, and the web sites removed |
| Pinnacle Commercial Property Group, LLC<br><br>Established: 09-30-2009 | Real Estate management and investment.   Sold illegal securities to Plaintiff-Relator-Plaintiff, and attempted to activate a scheme relative to Prime Prep Academy Leasing Agreement | Still in existence, but under the name of Defendant, Kevin Jefferson as the Governing Person.   Damien Lamarc Wallace is still the CEO. Investors, including Plaintiff-Relator.   lost the money invested |

| PTP RED LLC<br>Established: 03-10-2008 | A publication for the promotion of student athletes as an assumed name of Sports Groove, LLC | The booklet was printed in a small quantity with numerous duplicate pages to make it appear larger, and was never disbursed to over 500 colleges as promised. No longer an active venture, and investors and subscribes lost their money. |
|---|---|---|
| PTP RED, INC.<br>Established: Name Only | To sell stock to investors for PTP RED. Was not an actual corporate entity, and Plaintiff-Relator and other investors were sold fraudulent securities, and lost their investments. | Totally inactive as a business venture, and never did exist as a legal corporate entity |
| Sports Groove On Line, Inc.<br>Established: Name Only | To sell stock to investors. Was not an actual corporate entity, and Plaintiff-Relator and other investors were sold fraudulent securities, and lost their investments. | Totally inactive as a business venture, and never did exist as a legal corporate entity |
| Uplift Fort Worth, CDC<br>Established: 03-03-2008 | A 501. c, 3 entity presently claiming the sole purpose is to establish and operate Prime Prep Academy, and to illegally conduct a real property and lease scheme. | Presently active, but conducting schemes as described herein. |

141.   Plaintiff-Relator had notified Defendant, Texas Education Agency; Defendant, Mary Perry; Defendant, Robert Scott, and Defendant, Karen L. Johnson, of the above information by email on October 26, 2011, and received no response from any of such defendants.

## FALSE AND FRAUDULENT RECORDS AND FALSE STATEMENTS MADE BY DEFENDANTS RELATIVE TO THE TEXAS EDUCATION AGENCY 2012-2013 NCLB CONSOLIDATED AND FEDERAL GRANT APPLICATION, AND THE 2012-2013 SPECIAL EDUCATION CONSOLIDATED GRANT APPLICATION SUBMITTED BY UPLIFT FORT WORTH, CDC

142.   On pages 2 and 3 of 44 of the 2012-2013 NCLB Consolidated and Federal Grant Application; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D.

L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, falsely stated that the "Authorized Official" was Rachel King-Sanders, and falsely stated that she was the "Superintendent" of Prime Prep Academy.  In fact; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, is and was the "Superintendent" of Prime Prep Academy, at an annual salary listed as $130,000.00.   In fact, at the time 2012-2013 NCLB Consolidated and Federal Grant Application was written and submitted for consideration, Rachel King-Sanders held the title of Chief Education Officer and her annual salary was listed as $80,000.00.   Plaintiff-Relator discovered, through Public Information Request that the list of employees and their respective salaries provided to him listed Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, as the "Grant Writer," at a salary first listed, on November 15, 2012, as $33,500.00, then as of January 24, 2013, her salary was listed as $34,900.00, and on April 10, 2013, her salary was listed as $9,398.32.  Notwithstanding the various salaries listed for Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson's, name does not appear anywhere on either the 2012-2013 NCLB Consolidated and Federal Grant Application, or the 2012-2013 Special Education Consolidated Grant Application.  The "Submitter," who is required to be "the legally responsible party," is listed as Frances Thompson, whose name is not listed anywhere in the documentation of employees and salaries of Prime Prep Academy or any other entity relative to Prime Prep Academy.  Defendant, Chazma Jones a/k/a Chazma Jones Brown, indicated in the Sixteenth Generation Charter School Application that she would not be working for the contract entity or any contractor for the entity.  However, on page 3 of 44; Defendant, Chazma Jones a/k/a Chazma Jones Brown, is listed as the "Secondary Contact," and her title is listed as "Business Manager." On page 2 of 25, of the IDEA+ Consolidated Application, the same false statements are made,

with the exception that Rachel King-Sanders is listed as the "legally responsible person" Submitter, still claiming to be the "Superintendent" of Prime Prep Academy.

## HISTORICAL BACKGROUND

143. On October 10, 2009; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , individually and through entities known as Defendant, Sports Groove, L.L.C. a/k/a Prime Time Player, and Defendant, Pinnacle Commercial Property Group, made fraudulent and deceptive misrepresentations to induce Plaintiff-Relator into investing money in a Charter School venture in conjunction with the University of North Texas, whereby rents would be paid by University of North Texas to Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Fredrick R. Mays a/k/a F. R. Mayes, for the rental of a "97,000 square foot facility" or complex located at 4400 Panola Avenue, Fort Worth, Texas 76103, which was fraudulently and deceptively misrepresented to be owned by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Fredrick R. Mays a/k/a F.R. Mays.  It was represented to Plaintiff-Relator that he would be permitted to enter into a Revenue Sharing Agreement which would allow him to receive $174,600.00 over a three year period on in exchange for a $25,000.00 investment, and larger or smaller investments to receive more or less proportionately larger payouts.  It was represented that University of North Texas would pay $1.00 per square foot as rent for the 97000 square foot facility or complex purportedly owned by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Fredrick R. Mays a/k/a F.R. Mays.  In fact, according to Tarrant County Property Records, the subject property is only 58,000 square feet, and the property is actually owned by Defendant, Charity Church.  The remaining 49,000 square feet of property, which contained substantial structures, was owned by Texas Resource Education Center, Inc. until it was allegedly also conveyed to Defendant, Charity Church, on or

about September 7, 2006. Relying on Defendant, Damien Lamarc Wallace's a/k/a D. L. Wallace's, claimed expertise, his misrepresentations and his false and deceptive acts; Plaintiff-Relator invested $2,500.00. Plaintiff-Relator discovered through the Assistant Director of Enforcement Jay Oman, with the Dallas Office of The Texas State Securities Board, that the "Revenue Sharing Agreement" in which he invested, is an illegal act perpetrated by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Deion L. Sanders. Plaintiff-Relator has not received any return on his $2,500.00 investment, and the Charter School planned with University of North Texas never came into existence. In fact; Defendant, Damien Lamarc Wallace's a/k/a D. L. Wallace, began soliciting investors for the Defendant, Pinnacle Commercial Property Group, LLC Revenue Sharing Agreement before obtaining an Assumed Name Certificate, acting as Vice President of Operations of Sports Groove, LLC. On October 26, 2011, Plaintiff-Relator gave notice of these facts to Defendant, Texas Education Agency; Defendant, Robert Scott; Defendant, Mary Perry; and Defendant, Karen L. Johnson by email with attachments of supporting documentation of these facts. Said defendants, had also been advised notified of the Revenue Sharing Scheme prior to September 16, 2011, as explained in numbered paragraph number 65 above.

144. On or about March 13, 2010, Plaintiff-Relator, notified the Fort Worth Better Business Bureau of his complaints about deceptive business practices and possible criminal activities committed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; and Defendant, Deion L. Sanders. Plaintiff-Relator, was given a list of state agencies that may need to be contacted about such concerns.

145. On or about March 12, 2010, Plaintiff-Relator, filed a complaint with Office of the Attorney General of Texas, Consumer Protection and Public Health Division, about the

deceptive business practices committed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; and Defendant, Deion L. Sanders. Plaintiff-Relator, received a letter from The Office of The Attorney General of Texas, dated March 16, 2010, acknowledging and thanking Plaintiff-Relator, for the information; however, Plaintiff-Realtor has heard nothing further from the Office of the Attorney General of Texas regarding those matters.

146. On or about February 2, 2012, Plaintiff-Relator, filed a Charitable Trust Complaint with the Office of the Attorney General of Texas about the false statements and claims made and being made by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Deion L. Sanders; and Defendant, Uplift Fort Worth, CDC. Plaintiff-Relator, received a letter from the Office of the Attorney General of Texas, dated February 28, 2012, stating that his complaint "has been reviewed and remains under consideration." Plaintiff-Relator has heard nothing further from the Office of the Attorney General of Texas.

147. On or about November 16, 2010, Plaintiff-Relator, filed a complaint with the Texas State Securities Board relative to his concerns about possible illegal activities relative to the formation of a Charter School being conducted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. Additionally, Plaintiff-Relator, engaged in numerous telephone conversations and email correspondence with, and on June 17, 2011, met with Mr. Joseph P. Oman, Assistant Director, Enforcement Division, with the Texas State Securities Board regarding his complaints. Plaintiff-Relator provided considerable information and

documentation to the Texas Securities Board about his concerns, and Mr. Joseph P. Oman informed Plaintiff-Relator, by email on September 11, 2011, as follows: "Thank you for the information. I have concerns about this. I will attempt to notify the proper authorities." Thereafter, Plaintiff-Relator's calls to Mr. Oman was not returned and no action was taken that is known to Plaintiff-Relator.

148. On or about October 5, 2011, Still being concerned about his perception of deceptive and illegal practices being committed by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, relative to the formation of a Charter School, Plaintiff-Relator, made complaint to the Texas State Auditor's Office, requesting that the wrongful conduct of Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, relative to the applications for charter schools filed by them and then pending before the Texas Education Agency. No action was taken by the Texas State Auditor's Office, other than sending Plaintiff-Relator's complaint to the Texas Education Agency. Ultimately on or about October 13, 2011, Plaintiff-Relator requested a meeting with the Mr. Robert Scott, Commissioner of The Texas Education Agency, and the meeting was denied. No significant actions had been taken by any Texas state agency relative to any of Plaintiff-Relator's previous complaints about Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,. In the process of gathering information

relative to the deceptive trade practices issues and the Charter School issues Plaintiff-Relator, became aware, through the Defendant, Uplift Fort Worth, CDC web site, of false statements and false claims being made about the Summer Food Services Program by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,

149.    On or about February 8, 2012, Plaintiff-Relator filed a complaint with the Dallas, Texas, office of the United States Department of Education, Office of Inspector General, which is still under investigation.

150.    On or about April 23, 2012, Plaintiff-Relator, filed a complaint with the United States Department of Agriculture, Office of Inspector General, relative to his concerns about false statements and claims made by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders,.    Plaintiff-Relator, provided information and documentation to the United States Department of Agriculture, and ultimately met with its representatives on May 4, 2012, when it was determined that an audit should be made of the 2011Summer Food Service Program sponsored by Defendant, Uplift Fort Worth.  On or about May 16, 2012, Plaintiff-Relator's was advised by email from Mr.  Greg Henderson, Assistant Special Agent in charge of the USDA OIG investigation, "Based on your complaint, I have asked TDA to conduct a vendor audit of Uplift Ft Worth for the FY 2011 program year."  It was decided that, since Defendant, Deion L. Sanders, who was also associated with Defendant, Uplift Fort Worth, CDC, had partnered with Texas Department of Agriculture, as a Summer Food Service Program spokesman, the vendor

audit should be conducted by an independent auditing firm. The firm, Horne CPA's & Business Auditors, was assigned the task of performing the vendor audit, which was commenced on August 6, 2012.

## DEFENDANTS' FRAUDULENT SCHEME RELATIVE TO THE NO CHILD LEFT BEHIND GRANT FUNDING

151. Defendants have jointly and severally made, and conspired to make, the above described false and fraudulent statements and claims for the purpose of diverting federal funds for their own personal gain and to promote the success of their for-profit endeavors for their own personal gain under the name of Uplift Fort Worth, CDC, which claims to be a non-profit entity. Defendants jointly and severally endeavored to create and structure entities, in which they have personal and monetary interests, for the purpose of diverting federal grant funds to such interests, all of which is ethically contrary to the non-profit motivation of the "No Child Left Behind Program". Examples of such wrongful conduct include the following:

    a.     Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders's scheme was to derive money, through false statements, simultaneously from United States Department of Education and United States Department of Agriculture. This evidence is manifested in the answer to the question in Sixteenth Generation Application Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, "If there are plans to begin operating any non-charter programs4 within the next two years, describe whether these non-charter programs will relate to the charter school." Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace

a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, answered "Uplift Fort Worth has no plans to begin operating any non-charter program within the next two years." Defendant, Uplift Fort Worth, CDC had already started the planning and preparation for application to become a "contracting entity" under the Texas Summer Food Service Program, administered through the Texas Department of Agriculture, for the year 2011. The 246 page Summer Food Service Program Application, which became available approximately mid-January 2011, was completed and signed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, as the authorized representative of Defendant, Uplift Fort Worth, CDC, on March 10, 2011, and ultimately stamped "Received" by Texas Department of Agriculture on March 23, 2011. This was just 16 days after the signing of the Sixteenth Generation Charter School Application which was on February 22, 2011. After Defendant, Texas Education Agency, approved the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, said defendants submitted their application for a Public Charter School Start-Up Grant, in which it relies on Defendant, Uplift Fort Worth, CDC"s, participation to establish Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace 's, qualifications as the "Project Manager." Such application also described the extensive involvement of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, in planning and conducting the "Summer Food Service Initiative," which demonstrates the alleged considerable preparation that would be required before and during the application process relative to the completion and filing of the Summer Food Service Program

Application. Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, have already derived in excess of $1,032,961.48, administrated thorough the Texas Department of Agriculture and funded by the United States Department of Agriculture relative to the Summer Food Services Program. Additionally; Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, has wrongfully derived money in excess of $1,015,385.00, administered by Defendant, Texas Education Agency, and continue to wrongfully derive money from the State of Texas and from the United States of America. This scheme and related facts are more fully in numbered paragraph 83 (e).

     b.   <u>Property Ownership Scheme</u>: A scheme was conceived and perpetrated by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant; Defendant. Deion L. Sanders; Defendant, Fredrick R. Mays a/k/a, F.R. Mays; Defendant, Chazma Jones a/k/a Chazma Jones Brown; and Defendant, Full Gospel Holy Temple Holy Church, to deceive Defendant, Texas Education Agency; Defendant, State Board of Education, Defendant, Mavis Knight; and the United States Department of Education. Neither Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, nor Defendant, Deion L. Sanders ever owned the property located at 330 East Ann Arbor, Dallas, Texas 75216, including the date of August 30, 2011, when said defendants participated in a, presentation interview before the Texas State Board of Education. Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Fredrick R. Mays a/k/a; and Defendant, Chazma Jones

a/k/a Chazma Jones Brown, intentionally mislead and deceived Defendant, Texas Education Agency; Defendant, Mavis Knight; the United States Department of Education, and the public, by falsely alleging that Defendant, Deion L. Sanders, owned both the property located at 330 Ann Arbor, Dallas, Texas 75216, and the property located at 4400 Panola, Fort Worth, Texas 76103, when they knew that none of the said defendants owned either of the properties at the time the representation of ownership was made. The property located at 330 Ann Arbor, Dallas, Texas 75216, had been conveyed to Defendant, Uplift Fort Worth, CDC, on February 10, 2011, but was conveyed back to Defendant, Full Gospel Holy Temple on August 4, 2011. Thirty-Eight (38) days prior to approval of the Prime Prep Academy charter on September 16, 2011. These false statements were made in the furtherance of the said defendants' scheme to gain approval of Sixteenth Generation Charter School Application, and to receive federal funding to pay school expenses, which would include large salaries for said defendants, and to put said defendants in a position to profit from existence of the Prime Prep Academy relative to other schemes, as will be explained below. These facts are further explained in numbered paragraph 51(c).

c.   Leasing Agreement Scheme: A scheme, involving a proposed leasing agreement, was conceived and perpetrated by Defendant, Uplift Fort Worth, CDC; and Defendant, Pinnacle Commercial Property Group LLC, to deceive the Defendant, Texas Education Agency, and the United States Department of Education, to gain approval of the Prime Prep Academy charter, and federal funding. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant; Chazma Jones a/k/a Chazma Jones Brown; and Defendant, Fredrick R. Mays a/k/a F. R. Mays, served as officers of Defendant, Pinnacle Commercial Property Group, LLC. Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace was the founder and CEO of both Defendant, Pinnacle Commercial Property Group, LLC, and Defendant, Uplift Fort Worth, CDC.

Defendant, Texas Education Agency, eventually disallowed the "Leasing Agreement" scheme, but took no apparent notice of the lack of integrity of the said Defendants. The deception of this leasing agreement scheme is further manifested in an undated "Commitment Letter from Charity Church to "Uplift Fort Worth, CDC d/b/a Prime Prep Academy," signed by Defendant, Ronkesha Evett Mays a/k/a, Ronkesha Richardson, as the "Charity Church Financial Secretary", and Defendant, Mitchele Felder, as "Senior Pastor". Defendant; Defendant, Ronkesha Evett Mays a/k/a, Ronkesha Richardson, is actually the daughter of Defendant, Fredrick R. Mays a/k/a F. R. Mays. In signing the "Commitment Letter From Charity Church To Uplift Fort Worth d/b/a Prime Prep Academy," Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, used the name "Ronkesha Richardson" to prevent the association of herself with her father; Defendant, Fredrick R. Mays a/k/a F. R. Mays, who was already known as being associated with Defendant, Pinnacle Commercial Property Group, LLC, and the disallowed "Commercial Lease/Purchase Agreement." Defendant, Ronkesha Evett Mays a/k/a Ronkesha Richardson, had used the name "Ronkesha Mays" in every other instance of involvement with the entities at issue in this suit. The name "Ronkesha Mays" is used in the documents relative to Defendant, Charity Church, where she is listed as the "Director." The name "Ronkesha Mays" is used when being listed as an employee of Prime Prep Academy as a "Grant Writer"; notwithstanding the fact that neither of the two (2) grants obtained for Prime Prep Academy were written by her, as further described in numbered paragraphs: 112. Defendant, Ronkesha Evett Mays a/k/a, Ronkesha Richardson, also used the name Ronkesha Mays in her participation in Defendant, Uplift Fort Worth, CDC's, Summer Food Services Program scheme 2011-2012. This scheme involves blatant conflicts of interest, false statements, and violations of the Texas Education Code, perpetrated to deceive Defendant, Texas Education Agency, and the United States Department of

Education, to gain approval of the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and to obtain federal funding.

   d. <u>Sale and Marketing Agreement</u>: A scheme was conceived and perpetrated by Defendant, Uplift Fort Worth, CDC; Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown, and Defendant, Kevin Jefferson, to derive profits from a proposed Sales and Marketing Agreement between Defendant, Uplift Fort Worth, CDC, by and through; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , as it Chief Executive Officer, and Defendant, Kevin Jefferson, as the Chief Executive officer of Prime Time Player, which is an assumed name of Defendant, Sports Groove, LLC.  This agreement was a dual capacity agreement with Damien Lamarc Wallace a/k/a D. L. Wallace had been the founder and CEO of Defendant, Uplift Fort Worth and Defendant, Sport Grove, LL d/b/a Prime Time Player. Defendant, Texas Education Agency eventually disallowed the "Leasing Agreement" scheme, but took no apparent notice of the lack of integrity of said Defendants.  Defendant, Kevin Jefferson, was later employed by Prime Prep Academy as the Chief Operations Officer, at an annual salary of $75,000.00.  This scheme involves blatant conflicts of interest, false statements, and violations of the Texas Education Code, perpetrated to deceive Defendant, Texas Education Agency, and the United States Department of Education, to gain approval of the Sixteenth Generation Charter School Application submitted by Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a

Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, and to obtain federal funding.

     e.    <u>Start-Up Budget Scheme</u>: Defendant, Texas Education Agency; Defendant, Rick Salvo; Defendant, Mary Perry; Defendant, Paul Moreno; and Defendant, Sonya Etheridge, all employed by Defendant, Texas Education Agency, and Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, communicated at length about their perceived dilemma concerning the fact that the "Start Up Funding" document submitted by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Deion L. Sanders, was undated, and their concern as to how "the staff in the Division of Financial Audits can, when called upon answer questions by the SBOE, the press, and the general public?" Defendant, Texas Education Agency; Defendant, Rick Salvo; Defendant, Mary Perry; Defendant, Paul Moreno; Defendant, Sonya Etheridge; and Defendant, Uplift Fort Worth, CDC; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; Defendant, Charity Church; Defendant, Fredrick R. Mays a/k/a F. R. Mays, and Defendant, Deion L. Sanders, conspired among themselves to back-date the second version of the Start Up Funding document to January 2, 2012, (a federal holiday) even though the document was actually filed on March 6, 2012, which was almost three (3) months after the Prime Prep Academy Sixteenth Generation Charter School Application "cleared contingencies." on January 17, 2012.  The Application Guidelines – Part 3: Schedule Instructions, Determination of Suitability or Funding, page 12 of 71, provides that "Applicants submitting insufficient financial data will not be permitted to submit additional financial data at a later date in order to qualify the application for

consideration.," as further explained in numbered paragraphs: 85 and 87(k). The second version of the document was also edited to remove the third (3rd) paragraph, which referred to " the start-up grant of $500,000 from TEA", and replaced it with the false statement, "Wallace and Sanders will also ensure that all administrative, facility, staff and other operational cost are covered in the start-up phase of the charter school." This wording claimed additional financial assistance, which was not claimed in the first version of the said document. The said Start Up Funding document does not appear in the records of the Defendant, Texas Education Agency, records until March 6, 2012, long after the approval of the application by Defendant, State Board of Education, on September 16, 2011, and it is neither a part of either the Sixteenth Generation Charter School Application, including the contingency process, nor the application for 2012-2014 Public Charter School Start-up Grant, which was required to be filed by January 12, 2012.

     f.    <u>Copyright Infringement Scheme</u>:   In February, 2010, Plaintiff-Relator had established <u>www.ptpceodlwallaceisconman.org</u>, designed to alert the public of the various fraudulent activities and scams being perpetrated by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown. When Prime Prep Academy opened in August 2012, its enrollment was stated to be 720. During the 2012-2013 school year, the number of students enrolled in Prime Prep Academy declined, and as of March 25, 2012, the enrollment had reduced to approximately 540, according to the Texas Education Payment Report issued March 25, 2013. On March 12, 2013, at 11:10 a.m., which is just 3 hours and 16 minutes after the release of an article criticizing the hiring of Defendant, Carlos Garza by Prime Prep Academy, was published in the Dallas Observer; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown; through various aliases, began a series of false statements and allegations, verified under a

warning of penalty of perjury, in an effort to remove Plaintiff's website, www.ptpceodlwallaceisconman.org, from public access. The following false statements and fraudulent actions were committed by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Chazma Jones a/k/a Chazma Jones Brown, in that regard:

(1). An email was sent from ptpbritt@gmail.com to copywrightclaims@godaddy.com , under electronic signature certifying, under penalty of perjury, a claim of copyright infringement against Plaintiff-Relator relative to a photograph of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , contained in Plaintiff-Relator's website, www.ptpceodlwallaceisconman.org. As a result of the said alleged copyright complaint, copywrightclaims@godaddy.com, took down Plaintiff-Relator's website, www.ptpceodlwallaceisconman.org . Plaintiff-Relator removed the image objected to, and replaced it with another image of; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , provided to Plaintiff-Relator by its owner, Wayne Mebane, and brought the website, www.ptpceodlwallaceisconman.org, up again.

(2). On March 27, 2013, an email was sent from jonesjeremy444@yahoo.com to copywrightclaims@godaddy.com, under electronic signature certifying, under penalty of perjury, a claim of copyright infringement against Plaintiff-Relator relative to a photograph of a snake contained in Plaintiff-Relator's website, claiming copyright infringement against Plaintiff-Relator. Again, as a result of the false allegation of copyright infringement, www.godaddy.com again took down Plaintiff-Relator's website, www.ptpceodlwallaceisconman.org. Plaintiff-Relator, removed the photograph of the snake, replaced it with another photograph of a different snake, reinstalled a previously installed siren sound, and his website was again brought back up.

(3).   On   April   2,   2013,   an   email   was   allegedly   sent   from gregorytolver1957@ymail.com to copywrightclaims@godaddy.com, under electronic signature certifying, under penalty of perjury, a claim of copyright infringement against Plaintiff-Relator relative to a photograph of the second snake contained in Plaintiff-Relator's website, falsely claiming copyright infringement against Plaintiff-Relator.   Again, as a result of the allegation of copyright   infringement,   www.godaddy.com   took   down   Plaintiff-Relator's   website, www.ptpceodlwallaceisconman.org.   Plaintiff-Relator, removed the photograph of the second snake, replaced it with a photograph of two wolves (purchased by Plaintiff-Relator and documented with a printed receipt and email from fotosearch@fotosearch.com , and replaced the sound of a siren with the sound of the two wolves howling, and his website was again brought back up.

(4).    On April 8, 2013, three (3) more of allegation of copyright infringement, with the same identical verbiage as explained above, was forwarded to www.godaddy.com, allegedly from lsmith2329@gmail.com.   The content of the two (2) different emails from lsmith2329@gmail.com bore an unauthorized digital signature and the actual address of Lorraine Smith, who is the wife of Plaintiff-Relator.   These complaints, again verified under penalty of Perjury, claimed ownership, by Plaintiff-Relator's wife, of the second photo of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, the photograph of Defendant, Chazma Jones a/k/a Chazma Jones Brown.   The third complaint of copyright infringement was also sent on April 8, 2013, and claimed ownership by Plaintiff-Relator's wife of the image of the second snake, which was no longer a part of the site on the date of the alleged complaint.   The email address, lsmith2329@gmail.com is not the actual email address for Lorraine Smith, as she does not have

an email address. The "2329" contained in email address is the street number of Plaintiff-Relator-Plaintiff's residence.

g. The following factors make it clear that all six (6) of the claims of copyright infringement come from the same source:

(1) Except for the identification of the specific alleged infringement, the wording of each email, allegedly from different writers, is exactly the same, even down to the typographical error in the last line of each complaint, "…that the I am the owner."

(2) The first email is from ptpbritt@gmail.com. "ptp" refers to "primetimeplayer" which is a moniker used by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , relative to one of his previous schemes described in 151 (d) above

(3) Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones a/k/a Chazma Jones Brown, are the only persons, whose pictures appear on Plaintiff-Relator's website, www.ptpceodlwallaceisconman.org

(4) Gregory Tolver, the alleged writer of the third complaint of copyright infringement, is actually a business partner of Plaintiff-Relator, and a former plaintiff against Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones a/k/a Chazma Jones Brown, relative to the primetimeplayer scheme described in number. Gregory Tolver, has signed a sworn affidavit that he did not make the allegation of copyright infringement to www.godaddy.com Also, Gregory Tolver's "Independent Rep Statement 6" is actually on the website, www.ptpceodlwallaceisconman.org where he relates in detail how he was defrauded by Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones a/k/a Chazma Jones Brown. On April 16, 2013; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and/or Defendant, Chazma Jones a/k/a Chazma Jones Brown, under

the alias, "Chantal Safford" sent an email to Gregory Tolver, stating "Lawrence Smith should stop causing trouble online. "An eye for an eye is gonna make you blind.""

(5)    On April 17, 2013; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones a/k/a Chazma Jones Brown, using the alias of "Lillian Poole"    through    the    email    patty.daltono6667@hotmail.com    ,    sent    an    email    to copyrightclaims@godaddy.com
claiming ownership of an image on Plaintiff-Relator's business website, www.pmmgllc.com, and verifying the claim under penalty of perjury. This caused godaddy.com to bring down the sight until Plaintiff followed "option 2" procedures to bring the site back up.

(6)    On April 17, 2013; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace, and Defendant, Chazma Jones a/k/a Chazma Jones Brown, using the alias of "Tara B. Hardwood Bench" through the email brittanyhardwoodf4451@hotmail.com,sent an email to copyrightclaims@godaddy.com claiming ownership of an image on Plaintiff-Relator's business client's website, www.joehornbbq.com, and verifying the claim under penalty of perjury. This caused godaddy.com to bring down the sight until Plaintiff followed "option 2" procedures to bring the site back up.

(7)    On June 6, 2013; Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace , and Defendant, Chazma Jones a/k/a Chazma Jones Brown, using the alias of "Christian Bauer" through the email christianbaurfoto@yahoo.bu, sent an email to copyrightclaims@godaddy.com claiming    ownership    of    an    image    on    Plaintiff-Relator's    website,    , www.ptpceodlwallaceisconman.org, and verifying the claim under penalty of perjury. This caused godaddy.com to bring down the sight until Plaintiff followed "option 2" procedures to bring the site back up.

Ultimately, Plaintiff-Relator provided the sworn affidavits of Greg Tolver, Wayne Mebane, and Lorraine Smith, and the purchase receipt of the image of the two (2) wolves to www.godaddy.com as requested, and his website, www.ptpceodlwallaceisconman.org, was not taken down.  On October 26, 2011, Plaintiff-Relator had advised Defendant, Texas Education Agency, by email to Defendant, Commissioners, Robert Scott; Defendant, Mary Perry, and Defendant, Karen L. Johnson, of Plaintiff-Relator's website, www.ptpceodlwallaceisconman.org, and warned said defendants about the schemes of Defendant, Damien Lamarc Wallace a/k/a D. L. Wallace; Defendant, Deion L. Sanders; Defendant, Chazma Jones a/k/a Chazma Jones Brown, and Defendant, Kevin Jefferson; and Defendant Fredrick R. Mays a/k/a F. R. Mays, as described above in numbered paragraph 50.

h.    Reality Show Scheme: In March 2013; Defendant, Deion L. Sanders, and his girlfriend, Tracey Edmonds, were planning to make Prime Prep Academy a "reality show." On March 12, 2013, just six (6) days after the "start up funding" dilemma, described in numbered paragraph 87 (k). above, a critical news article was written, in the Dallas Observer about the "reality show," and the publicizing of the "reality show" temporarily stopped.  However, on July 25, 2013, another article was written in the Dallas Observer reporting new developments in the planning of a "reality show" about Prime Prep Academy and Defendant, Deion L. Sanders, involvement with Prime Prep Academy.  This would be a for-profit venture.  The second article is critical in that it points out that Defendant, Deion L. Sanders, is again mingling is business interests with his charter school. Contrary to public reference to Prime Prep Academy being Defendant, Deion L. Sanders', school, he is actually only earning income as an employee of the school. The "reality show" is to be called "It's Prime Time," and be produced by Edmonds Entertainment, Prime Time Media Ventures and Rogue Atlas Prod,  In association with

Lionsgate. The show will feature be aired on the Oprah Winfrey Network (OWN), and it is reported that Eli Frankel and Deion L. Sanders are executive producing alongside Deion L. Sanders' girlfriend, Tracey Edmonds, who will also be featured in the show. This is another scheme to use the non-profit Prime Prep Academy as a for-profit venture. Defendant, Texas Education Agency, was made aware of the apparent conflict of interest, but its spokesperson; Etta Culbertson, would not comment on the "for-profit" issue, and stated that she saw nothing in the charter law and nothing in the contract that prohibits the making a reality show about the school if it adhered to the student privacy laws.

**JURY DEMAND**

Plaintiffs demand trial by jury on all claims.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants as follows:

a.     That Defendants be found to have violated the federal False Claims Act, 31 U.S.C. §3729-32, as alleged in Count I and Count II hereinabove, and be enjoined from future violations of said statute.

b.     That this Court enter judgment against Defendants in an amount equal to three (3) times the amount of damages the United States Government has sustained because of Defendants' false or fraudulent claims, plus the maximum civil penalty for each violation of 31 U.S.C. §3729;

c.     That Plaintiffs be awarded the maximum amount allowed pursuant to 31 U.S.C. §3730(d), and all relief to which they are entitled pursuant to 31 U.S.C.§3730(h) of the False Claims Act;

d.      That Plaintiffs be awarded all costs of this action, including expert witness fees, attorneys' fees, and court costs; and

e.      That Plaintiffs recover such other relief as the Court deems just and proper.

Respectfully submitted,

**DON R.  STEWART, ATTORNEY AT LAW**
200 East Main Street
Arlington, Texas 76010-1126
Telephone:(817) 548-9200
Facsimile:(817) 548-9210
don@donstewartlaw.com

BY: _____
Don R.  Stewart
SBN: 19206700
Attorney for Plaintiff-Relator, Lawrence M.  Smith

SEALED

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

AUG

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _Tarrant_ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _Dallas_ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* <br> Don Stewart, Attorney at Law <br> 200 Main St, Arlington, TX | Attorneys *(If Known)* |

## 3-13CV3106-D

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☑ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) <br> ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district *(specify)*

☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
False Claim Act

Brief description of cause:
Fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions:)*  JUDGE _Barbara Lynn_  DOCKET NUMBER _3-12cv-4377m_

DATE _8-7-2013_

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE